**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC. | |
| Plaintiff, | Civ. No. 2:14-CV-286-MHS-CMC |
| v. | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC. | |
| Defendant. | |

| | |
|---|---|
| SYNQOR, INC. | |
| Plaintiff, | Civ. No. 2:14-CV-287-MHS-CMC |
| v. | **JURY TRIAL DEMANDED** |
| VICOR CORPORATION | |
| Defendant. | |

## JOINT SUBMISSION REGARDING CLARIFICATIONS TO THE SCHEDULING AND DISCOVERY ORDERS

The parties hereby jointly submit their arguments in writing, as requested by the Court during an April 21, 2014 call to the Court, regarding clarification of the Scheduling and Discovery Orders issued in each of these severed actions ('286 Dkt. 21, 22; '287 Dkt. 5, 6) to address disputes that have arisen over the provisions governing expert discovery. Specifically, the parties disagree regarding 1) whether the Scheduling Order provides for rebuttal expert reports, and 2) how much time the Discovery Order allocates for the depositions of SynQor's expert witnesses. Each party's position is set forth separately below.

# I.    SynQor's Position.

## A.    The Scheduling Order Provides For Rebuttal Expert Reports.

The Scheduling Order unambiguously allows for three sets of expert reports: (a) "Report(s) by Party with the Burden of Proof," (b) "Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof," and (c) "Rebuttal Expert(s)."  Order at ¶¶ 1(a)-(c).  SynQor and Cisco agree that the Scheduling Order provides for rebuttal reports; only Vicor disagrees.

Vicor asserts that ¶ 1(c) (and the Rule which it mirrors, Fed. R. Civ. P. 26(a)(2)(D)(ii)[1]), refer to the same responsive expert reports referred to in ¶ 1(b).  But this would render ¶ 1(c) superfluous.  It would also be contradictory, as the ¶ 1(c) reports have a different due date than the ¶ 1(b) reports.  Order at 1, 3.[2]

Vicor cites a case involving a report submitted under a different provision of the Federal Rules, where the report was untimely.  Even so, that order permitted reliance on the supplemental reports to the extent that they provided proper supplemental opinions.  SynQor would disclose only proper rebuttal opinions in its rebuttal reports; Vicor's concerns about a "parade of reports" and "multiple bites at the apple" are speculative and unfounded.

The likely reason for Vicor's tortured position is apparent upon reviewing its recently-filed opposition to SynQor's motion for summary judgment: it plans to present "testing data contained within Dr. Habetler's forthcoming report" in order to dispute infringement.  '287 Dkt. 27 at 20.  This data has not yet been disclosed to SynQor and so could not have been addressed in Dr. Leeb's initial infringement report.  Vicor's plan to introduce new data in its responsive expert reports, while trying to deny SynQor any opportunity to have its expert address that data in a rebuttal expert report, would be unduly prejudicial and contrary to the Federal Rules.

---

[1] Because the Docket Control Order in the '54 case did not explicitly mention rebuttal reports, the Federal Rule permitting rebuttal reports was in effect, consistent with the language of ¶ 1(c).

[2] Although Vicor notes that the deadline for rebuttal reports under SynQor's reading of the Scheduling Order would be after the discovery deadline, the parties have agreed to jointly move to modify the due dates for rebuttal reports and the close of expert discovery once the Court confirms that rebuttal reports are permitted.

**B.      Severance Does Not Allow Defendants To Subject SynQor's Experts to Additional Hours of Deposition.**

Prior to severance, Defendants agreed to a Discovery Order that would permit them a collective seven hours of deposition time per expert report to examine each of SynQor's experts. '54 Dkt. 171 at 5.  The parties were conferring regarding a possible increase in those limits (as contemplated by the Discovery Order (*see id.*)), and Defendants had proposed that they be permitted a collective 10 hours to examine SynQor's damages expert, Mr. Reed, and 21 hours to examine SynQor's infringement and validity expert, Dr. Leeb.  *See* '286 Dkt. 33, Ex. 2; '287 Dkt. 24, Ex. 2.  But Defendants now assert that severance means that each defendant is entitled to a full seven hours of deposition time per expert report.  In effect, at least Vicor  wishes to use severance, which was granted to avoid purported prejudice from having a single trial, as a vehicle to double the discovery burden on SynQor's experts.  This was not the reason severance was requested or granted.

There is no rationale for allowing more deposition time than what Cisco and Vicor already proposed to SynQor—10 hours total for Mr. Reed on damages and *three days* total for Dr. Leeb on infringement and validity.[3]  SynQor is willing to accept this compromise, and Cisco states below that it is also willing to do so.  For Dr. Leeb, that is a full day each for Cisco and Vicor on infringement and a combined additional full day on validity.  Cisco's and Vicor's respective invalidity expert reports are virtually carbon copies of each other, often repeating the same arguments using the same wording.  There will therefore be little distinction between Cisco and Vicor in Dr. Leeb's responsive expert report on validity and there is also substantial overlap on infringement.

---

[3] Should Mr. Reed or Dr. Leeb need to serve rebuttal reports to address arguments or evidence Cisco and/or Vicor have not previously disclosed before first round expert reports, that should *not* be a justification for additional deposition time with either of them.  After all, if Cisco and/or Vicor had disclosed the arguments and/or evidence earlier, Mr. Reed and/or Dr. Leeb could have addressed it in their first round reports.

## II.    Cisco's Position

With respect to rebuttal expert reports, Cisco agrees with SynQor that the Discovery Order in the '054 case did not provide for rebuttal reports.  The Scheduling Order in the '286 case, however (Dkt. 21), does contain a provision regarding "Rebuttal Expert(s)," noting that these reports "must be made within **30 days** after the disclosure made by the other party."  *See* Dkt. 21 at II.1.c.  Cisco does not object to the submission of rebuttal expert reports, but respectfully suggests that the deadline for these reports should be ahead of the time for expert depositions, so that SynQor's and Cisco's experts may be deposed on their rebuttal opinions (if any).  In its current form, the Scheduling Order would allow for a rebuttal expert report after the close of expert discovery.  However, as noted in SynQor's footnote 1, above, the parties have agreed that the deadline for any rebuttal report should be earlier, so that expert depositions would occur *after* a reasonable opportunity for the other side to review the substance of those reports.

With respect to expert depositions, the Joint Discovery Order (Dkt. 22) makes clear that an expert may be deposed for one seven-hour deposition for each report that the expert submits in the case.  *See* Dkt. 22 at 5(e) ("Each deposition of an expert witness who submits more than one expert report in this action will be limited to seven (7) hours per witness per report in this action (such that, for example, if a defendant's expert issues a report on claim construction, a report on invalidity and a report on non-infringement, that witness would be subject to one (1) seven (7) hour day of deposition for each of his three reports, leading to a total of up to 21 hours of deposition time.)")  Because Dr. Leeb has submitted an expert report on infringement, and, per SynQor's representations, will be submitting a second report on validity, Cisco is entitled to a total of two days with Dr. Leeb—one for each report he submits—independent of anything that Vicor may be entitled to in its case.  Similarly, SynQor's damages expert, Mr. Reed, has submitted a report on damages in the '286 case, and Cisco is entitled to one seven-hour deposition of him as well.[4]  Nevertheless, to accommodate SynQor's experts and to avoid the

_____

[4] SynQor's position that merely submitting the same expert report—with separate sections for Cisco and Vicor—in each of the '286 and '287 matters somehow reduces the amount of discovery to which Defendants are entitled is also misguided, as the Discovery Order has always

need for involvement of the Court, Cisco was willing (and remains willing) to agree to SynQor's proposal of ten total hours for Mr. Reed between the two cases (two five-hour days, one for Cisco, one for Vicor), and three total days with Dr. Leeb (one for Cisco, one for Vicor, and one split between the two).

## III.    Vicor's Position

### A.    "Sur-Rebuttal Expert Reports"

The Court's April 1, 2014 Scheduling Order (Scheduling Order) contains deadlines for expert reports for the party bearing the burden of proof, and 28 days later for the party that does not bear the burden of proof; April 11 and May 9, respectively.  No deadline is included contemplating any further expert reports.  This sequence of events is consistent with the original Docket Control Order (2:11-cv-54) (Dkt. No. 172, pp. 2 & 3).

The language regarding "Rebuttal Expert(s)" in the instructions section of the Scheduling Order does not permit the service of supplemental or sur-rebuttal reports to permit an expert to defend or bolster his prior opinions in the face of a responsive report criticizing those same opinions.[5]  Rather, this language--taken from FRCP 26(a)(2)(D)(ii)--relates to a responsive or rebuttal expert report to a report issued by a party with the burden of proof on a particular issue. This language *does not* authorize the serial supplementation or service of multiple reports on previously submitted and criticized expert opinions.  This position is consistent with the rationale

---

provided that "even for witnesses who submit only one report, *one (1) seven (7) hour day of deposition of expert witnesses may not be sufficient to the extent that an expert's report addresses issues directed to more than one party* or addresses more than one substantive issue (*e.g.* infringement, invalidity, or claim construction)."  Dkt. 22 at 5(e) (emphasis added).

[5] If this language is interpreted as SynQor argues, any "rebuttal or sur-rebuttal reports" would be served after the Scheduling Order's discovery deadline of May 16, 2014.  And SynQor's proposal to simply adjust the deadlines for the reports and the discovery cut off does nothing to alleviate the concern over a likely parade of reports that not only gives SynQor multiple bites at the apple, but unfairly limits the time for preparation of Daubert and summary judgment motions.  That this concern is well founded is evidenced by the expert damages report that SynQor submitted on April 11.  Unlike the initial report of March 7, SynQor took advantage the new deadline to add the new theory of lost profit damages against Vicor.  Similar behavior can be expected to continue if SynQor is permitted to file multiple expert reports.

of an April 14, 2014 Order entered by Chief Judge Leonard Davis in the matter of *Tracbeam LLC v. Google Inc., 6:13-cv-93* (Dkt. No. 179) addressing the effect of FRCP 26(e). ("The opinions responding to the general criticisms of Google's rebuttal reports are not allowed under Rule 26(e). . . . Responding to the challenges and criticisms found in a party's rebuttal reports is neither completing nor correcting. It is an attempt to bolster the initial argument and thus outside the scope of Rule 26(e)." *Id. at pp. 5-6*.  The Court continued, stating "Otherwise, deadlines for experts would become meaningless as parties could continually supplement at will."  *Id. at p.6*.[6]

### B.    Expert Deposition Hours

Per the Joint Discovery Order the '54 case (Dkt. No. 171) an expert may be deposed for 7 hours per report.  It is SynQor, not Vicor, that is playing games with this language.  Long before severance was granted, SynQor argued that because it combined its separate infringement theories against Cisco and Vicor into *one* report, the deposition on that report was limited to 7 hours. In contrast, because Cisco and Vicor had by necessity separate experts, SynQor argued it was entitled to 7 hours for each subject deposition.  Despite this fundamentally unfair posture, in an attempt to reach a compromise, Vicor offered that *if* expert reports are limited to the reports of April 11 and May 9, it can agree to 10 hours for Mr. Reed and 21 hours for Dr. Leeb both shared by Cisco and Vicor.  However, if the Scheduling Order is interpreted to permit "sur-rebuttal" reports, the above compromise simply does not provide sufficient time to cover the additional expert reports that may be submitted.  In that case, Vicor believes the provisions of the original

---

[6]   Notwithstanding the fact that Cisco has indicated that it does not object to a modified schedule that permits the service of rebuttal reports in its case, Vicor respectfully requests that the Court not enter such a schedule with respect to Vicor.  Vicor believes that the completion of expert reports by May 9 best promotes the interests of judicial economy and efficiency, minimizes the burdens on the parties and experts, and prevents the unfair prejudice that would occur if SynQor is allowed to cut into the time allotted for expert depositions and motion practice by serving "sur-rebuttal" reports on infringement and damages.

Joint Discovery Order should control and Vicor should be entitled to up to one 7 hour day per expert report submitted by SynQor's against Vicor.[7]

Dated:   April 23, 2014

/s/ Thomas D. Rein

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:     312.853.7000
Facsimile:     312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
Telephone:     214.981.3300
Facsimile:     214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

---

[7] SynQor's anticipated concern over duplication and burden is unwarranted.  Both Cisco and Vicor have represented that they will coordinate and cooperate so as to not unduly burden SynQor's experts with repetitive questioning and re-plowing of the same grounds in multiple depositions.

Dated:  April 23, 2014                    Respectfully submitted,


By:  _____/s/ Eric H. Findlay_____
Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Ave.
Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137


Charles Kramer Verhoeven (*pro hac vice*)
charlesverhoeven@quinnemanuel.com
Linda J. Brewer (*pro hac vice*)
lindabrewer@quinnemanuel.com
Kathy K. Peng (*pro hac vice*)
kathypeng@quinnemanuel.com
Craig S. Menchin (*pro hac vice*)
craigmenchin@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6700
Facsimile: 415-875-6700


David A. Nelson (*pro hac vice*)
davenelson@quinnemanuel.com
Michelle Schmit (*pro hac vice*)
michelleschmit@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Ste 2450
Chicago, IL 60661
Telephone: 312-705-7465
Facsimile: 312-705-7401


Robert E. Hillman (*pro hac vice*), hillman@fr.com
Lawrence K. Kolodney (*pro hac vice*), kolodney@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile: 617-542-8906


Stephen A. Marshall (*pro hac vice*), smarshall@fr.com
FISH & RICHARDSON P.C.

1425 K Street, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David A. Gerasimow (*pro hac vice*), gerasimow@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South 6th St.
Minneapolis, MN 55402
Telephone: 612-335-5070
Facsimile: 612-288-9696

*Attorneys for Defendant Vicor Corporation*

Douglas M. Kubehl
  douglas.kubehl@bakerbotts.com
Kurt M. Pankratz
  kurt.pankratz 1@bakerbotts.com
Christa Brown-Sanford
  christa.brown-sanford@bakerbotts.com
Roshan S. Mansinghani
  roshan.mansinghani@bakerbotts.com
R. Scott McClelland
  scott.mcclelland@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Michael E. Jones (SBN: 10929400)
  mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
  allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas  75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Andrea Pacelli (admitted *pro hac vice*)
  andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

/s/ Louis W. Tompros

William F. Lee (admitted *pro hac vice*)
  william.lee@wilmerhale.com
Louis W. Tompros (admitted *pro hac vice*)
  louis.tompros@wilmerhale.com
Richard A. Goldenberg (admitted *pro hac vice*)
  richard.goldenberg@wilmerhale.com
Rachel I. Gurvich (admitted *pro hac vice*)
  rachel.gurvich@wilmerhale.com
Andrew J. Danford (admitted *pro hac vice*)
  andrew.danford@wilmerhale.com
Kelli J. Powell (admitted *pro hac vice*)
  kelli.powell@wilmerhale.com
Dana O. Burwell (admitted *pro hac vice*)
  dana.burwell@wilmerhale.com
Allison Trzop (admitted *pro hac vice*)
  allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel L. Weiner (admitted *pro hac vice*)
  rachel.weiner@wilmerhale.com
Jonathan Uffelman (admitted *pro hac vice*)
  jonathan.uffelman@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

ATTORNEYS FOR
DEFENDANT CISCO SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the

Court's CM/ECF system on April 23, 2014.

*/s/ Bryan C. Mulder*
Bryan C. Mulder