IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| v. | § | No. 2:14cv286 |
| | § | |
| CISCO SYSTEMS, INC. | § | |

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| v. | § | No. 2:14cv287 |
| | § | |
| VICOR CORPORATION | § | |

## ORDER

The above-referenced causes of action were referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following issues are before the Court as set out in the Joint Submission Regarding Clarifications to the Scheduling and Discovery Orders (Docket Entry #s 47 & 29).

Having carefully reviewed the parties' positions as to the first disputed issue, the Court will allow the parties to submit rebuttal reports. The Court notes the parties have agreed that the deadline for any rebuttal reports should be earlier so that expert depositions would occur after a reasonable opportunity for the opposing party to review the substance of those reports. The parties may move to modify the due dates for rebuttal reports and the deadline for the expert discovery.

Turning the second disputed issue, SynQor asserts the severance does not allow Defendants to subject SynQor's experts to additional hours of deposition. According to SynQor, prior to the severance Cisco and Vicor had agreed to ten hours total for Mr. Reed on damages and three days total for Dr. Leeb on infringement and validity. As urged by Defendants, the Joint Discovery Order provides an expert may be deposed for one seven-hour deposition for each report the expert submits

in the case. See Joint Discovery Order at ¶5(e)(Each deposition of an expert witness who submits more than one expert report in this action will be limited to seven hours per witness per report in this action (such that, for example, if a defendant's expert issues a report on claim construction, a report on invalidity and a report on non-infringement, that witness would be subject to one seven-hour day of deposition for each of his three reports, leading to a total of up to 21 hours of deposition time.) Additionally, the parties recognize that, even for witnesses who submit only one report, one seven-hour day of deposition of expert witnesses may not be sufficient to the extent that an expert's report addresses issues directed to more than one party or addresses more than one substantive issue (*e.g.* infringement, invalidity, or claim construction.). Because Dr. Leeb submitted an expert report on infringement and will be submitting a second report on validity according to SynQor, Defendants are both entitled to two days with Dr. Leeb, one day for each report he submits. Similarly, SynQor's damages expert, Mr. Reed, has submitted a report on damages, and Defendants are each entitled to one seven-hour deposition of him as well. Even though Defendants may have previously agreed to splitting ten total hours for Mr. Reed and three total days for Dr. Leeb, Vicor states if rebuttal expert reports are allowed this splitting compromise does not provide sufficient time to cover the additional expert reports that may be submitted. Given this, and further considering Vicor's representation that both Cisco and Vicor will coordinate and cooperate so as not to unduly burden SynQor's experts with repetitive questioning in multiple depositions, the Court agrees with Vicor's position that an expert may be deposed for seven hours per report.

**IT IS SO ORDERED**.

**SIGNED this 24th day of April, 2014.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE