IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC., | § § | |
| v. | § § | No. 2:14CV286 |
| CISCO SYSTEMS, INC. | § § | |

| | | |
|---|---|---|
| SYNQOR, INC., | § § | |
| v. | § § | No. 2:14CV287 |
| VICOR CORPORATION | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the following: Defendants' Objections to the Magistrate Judge's Claim Construction Order and Motion for Reconsideration of Same (Dkt. Nos. 24, 13) and SynQor's Response to Defendants' Objections to the Magistrate Judge's Claim Construction Order and Motion for Reconsideration of Same (Dkt. Nos. 60, 40). The Court, having reviewed the relevant briefing, issues the following order.

SynQor, Inc. ("SynQor") filed Cause No. 2:11cv54 against Cisco Systems, Inc. and Vicor Corporation (collectively "Defendants"), alleging infringement of U.S. Patent Nos. 7,072,190 ("the '190 Patent"), 7,269,034 ("the '034 patent"), 7,272,021 ("the '021 Patent"), 7,558,083 ("the '083 Patent"), 7,564,702 ("the '702 Patent"), and 8,023,290 ("the '290 Patent"), which are directed to unregulated and semi-regulated bus converters used in intermediate bus architecture power supply systems. On March 31, 2014, the Court granted Cisco's motion to

1

sever in Cause No. 2:11cv54, creating the above two causes of action. SynQor's claims against Cisco were severed into Cause No. 2:14cv286, and SynQor's claims against Vicor were severed into Cause No. 2:14cv287.

On January 2, 2014 in Cause No. 2:11cv54, the magistrate judge issued a Memorandum Opinion and Order on claim construction (Dkt. No. 4). Defendants seek reconsideration of certain terms ("transition times which are short," "fixed duty cycle," "control circuit which controls duty cycle," and "means for controlling duty cycle") construed in the Magistrate Judge's order.

Twenty-eight U.S.C. §636(b)(1)(A) and Local Rule 72(b) state that the District Court shall set aside any portion of the magistrate judge's order that is "clearly erroneous or contrary to law." The Court has reviewed Defendants' objections and Plaintiff's response to the objections. The Court finds the magistrate judge correctly construed the terms. Defendants have failed to clearly establish a manifest error of law or fact in the Magistrate Judge's construction of these terms.[1] The Court does not find the magistrate judge's claim construction order clearly erroneous

---

[1] Defendants assert the district court must review *de novo* the magistrate judge's claim construction order. However, the Court's local rules establish a clearly erroneous standard when reviewing a magistrate's judge order on non-dispositive matters. Local Rule CV-72(b). Claim construction is a non-dispositive, pretrial issue that can be referred to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *SciCo Tec GmbH v. Boston Scientific Corp.*, 599 F. Supp. 2d 741, 742 (E.D. Tex. 2009). In some circumstances, out of an abundance of caution, the magistrate judge may choose to issue a report and recommendation (under 28 U.S.C. § 636(b)(1)(B)) rather than an order on claim construction (under 28 U.S.C. § 636(b)(1)(A)). *See, e.g.*, *Innova Patent Licensing, LLC v. Alcatel-Lucent Holdings*, No. 2:10cv251, 2012 WL 2958231, at *1 (E.D. Tex. July 19, 2012). The district judge reviews a report and recommendation under the more demanding *de novo* standard. Local Rule CV-72(c); *Innova Patent Licensing*, 2012 WL 2958231, at *1. Here, the magistrate judge issued an order on the non-dispositive issue of claim construction, not a report and recommendation. Accordingly, the clearly erroneous standard applies. However, even if the Court were to apply the *de novo* standard of review, the Court would still agree with and uphold the constructions of the magistrate judge.

or contrary to law.

The objections generally repeat the arguments raised before the magistrate judge. Only one issue raised warrants discussion. Defendants assert the magistrate judge's construction of "fixed duty cycle" is erroneous. According to Defendants, the magistrate judge's compromise construction ("a duty cycle that is not varied to control the output voltage towards a predefined value") does not actually resolve the parties' dispute, namely whether a duty cycle that changes in response to changes in the input voltage or load is nonetheless "fixed." The issue was not specifically raised in the original briefing but rather was raised during the hearing. Even so, the magistrate judge specifically rejected such a context for defining "fixed duty cycle," thus resolving the parties' dispute. (Dkt. No. 4 at 11). This issue was addressed by the Magistrate Judge and rejected in the order. The Court finds no need to modify the construction of "fixed duty cycle."

The remaining arguments presented by Defendants in their objections have already been addressed by the Memorandum Opinion and Order of the magistrate judge and are also without merit. Accordingly, it is

**ORDERED** that Defendants' Objections to the Magistrate Judge's Claim Construction Order and Motion to Reconsideration of Same (Dkt. Nos. 24, 13) is hereby **DENIED**.

**It is SO ORDERED.**

**SIGNED this 5th day of May, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE