# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

SYNQOR, INC.

        Plaintiff,

v.

CISCO SYSTEMS, INC.

        Defendant.

Civ. No. 2:14-CV-286-MHS-CMC

**JURY TRIAL DEMANDED**

## SYNQOR, INC.'S REPLY TO CISCO IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON SEVERANCE (DKT. 1)

**I.      Introduction.**

Cisco's Opposition largely ignores the near-total overlap in SynQor's cases against Cisco and Vicor, instead arguing that the Magistrate Judge accounted for this overlap. But this is incorrect. The issues in the case had narrowed substantially between the time Cisco's motion was briefed and the time that the order on severance issued, resulting in greater overlap and fewer distinct issues. Accordingly, there were many circumstances (identified in SynQor's Objections) that the severance order could not have and did not account for. Moreover, at least in part because of the failure to account for SynQor's lost profits claim and the elements thereof (which Cisco also does not address in its Opposition), the severance order identified many issues as relevant to only Cisco or Vicor which will actually be addressed in both cases.

As to pre-trial consolidation, Cisco attempts to downplay the benefits of consolidation, but offers no countervailing negatives that would weigh against such consolidation.

**II.     The Cases Against Cisco and Vicor Should Not Be Severed.**

Cisco's contention that SynQor "identified no clear error" in the severance order (Dkt. 52 at 2) ignores the many factors purportedly favoring severance relied upon by the Magistrate Judge that SynQor pointed out as erroneous. There are now many fewer asserted claims, third party witnesses, and Vicor customers that are relevant to only one defendant than is stated in the severance order. Dkt. 33 at 3-4. The order also relied on SynQor's motion for sanctions against Cisco, but that motion has now been stayed. Dkt. 33 at 4-5. The order further relied on potential prejudice relating to evidence of the prior litigation, but Cisco does not dispute that this evidence is equally relevant to both cases. All of these issues make the severance order clearly erroneous.

Cisco also ignores the fact (also overlooked in the order on severance) that SynQor's lost profits damages theory means that the infringement issues in the two cases are almost entirely identical because of the requirement, per *Panduit*, to account for the possibility of acceptable non-infringing alternatives. In SynQor's case against Cisco, it may need to show (depending on Cisco's arguments) that each of Vicor's unregulated bus converters—including those that Cisco

does not currently use—would not be acceptable non-infringing alternatives for use in Cisco's accused products. In SynQor's case against Vicor, it may need to show (depending on Vicor's arguments) that each of the bus converters used by Cisco are not acceptable non-infringing alternatives for use by any of the customers that Vicor sells to. In its Opposition, Cisco continues to list the different claims and accused products at issue in each case, but does not dispute that SynQor's lost profits claims potentially make all of these issues relevant in both cases. Similarly, Cisco asserts that there were six third party companies (Cisco's bus converter suppliers) that SynQor subpoenaed which "relate only to Cisco" (Dkt. 52 at 3), but ignores the fact that the discovery from these entities is also relevant to Vicor because it will be used to show the absence of acceptable non-infringing alternatives.

Moreover, Cisco does not dispute that it has identified <u>no</u> non-infringement defenses with regard to the unregulated and semi-regulated bus converters that were at issue in the '497 case or that the allegedly "fully regulated" replacements all present essentially one set of discrete infringement issues, or that the Vicor converters also present essentially one set of discrete infringement issues. The severance order's reliance on the existence of various infringement issues as a factor favoring severance was therefore clearly erroneous. Meanwhile, if severance is granted, two juries would need to determine whether the Vicor converters and the replacement converters that go unregulated within their ordinary operating range (both of which are qualified for the same slots in Cisco's end products) meet the limitations of the SynQor patents.

In addition to the near-total overlap in the infringement and damages issues, Cisco does not dispute that the invalidity issues to be tried in both cases are nearly identical. Nor does Cisco dispute that trying the same invalidity case twice unduly prejudices SynQor by giving Cisco and Vicor two bites at the apple. Instead, Cisco suggests that it will attempt to use the redundant trials to further unduly prejudice SynQor, arguing that "if SynQor fails at trial to prove that Vicor's parts infringe its asserted claims in its case against Vicor, then SynQor will be estopped from making those allegations at trial against Cisco" and conversely, "if SynQor prevails on its infringement claim against Vicor at trial, its patent rights will be exhausted as to the Vicor parts

found to infringe, so those parts need not be addressed in the case against Cisco." Dkt. 52 at 4. For exhaustion or estoppel to apply to a second trial, the second trial would have to be delayed until after-post trial motions are resolved and possibly even until after appeal. Collateral estoppel requires a final judgment—it does not attach at the moment the jury enters its verdict.[1] And exhaustion only applies once SynQor has actually been paid the damages it is owed.[2]

Apparently, Cisco and Vicor plan to seek to have the second trial delayed for months and even years as they wait for collateral estoppel or exhaustion to potentially apply. This would be greatly prejudicial to SynQor, delaying the time that it could receive damages and injunctive relief for Cisco and Vicor's ongoing willful infringement. Of course, the alternative of having two trials in September-October 2014, and the attendant duplication of effort and risk of inconsistent adjudications is also prejudicial to SynQor. The only efficient and non-prejudicial alternative is to consolidate the cases for trial.

**III. Consolidation at Least for Pre-Trial Purposes is Warranted.**

Severing these closely-intertwined cases necessarily involves duplication of effort. Dispositive motions and motions in limine on overlapping issues will have to be duplicatively filed in each case. Discovery schedules need to be coordinated in both cases, which requires duplicative filings and orders when deadlines must be moved. And Cisco does not dispute that it and Vicor will now each assert fifteen prior art references against SynQor at trial, for a total of thirty, when they had previously agreed to assert no more than twenty in total. While Cisco may dispute the extent to which pre-trial consolidation may promote efficiency and avoid prejudice, it does not contend that consolidation would be harmful. Accordingly, SynQor respectfully requests that at the very least, the cases be consolidated for pre-trial purposes.

---

[1] *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010) (to apply collateral estoppel to an issue, it must "have been necessary to the <u>judgment</u> in the prior action") (emphasis added).

[2] *See Union Tool Co. v. Wilson*, 259 U.S. 107, 113 (1922) (declining to apply exhaustion where patentee had been awarded "compensation by way of damages and profits" but patentee had not yet "received any compensation whatever for the infringement").

| | |
|---|---|
| Dated: May 8, 2014 | */s/ Bryan C. Mulder* |

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

**ATTORNEYS FOR PLAINTIFF SYNQOR, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on May 8, 2014.

*/s/ Bryan C. Mulder*
Bryan C. Mulder