**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Civ. No. 2:14-cv-286-MHS-CMC<br><br>JURY TRIAL DEMANDED |

**CISCO'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO SYNQOR, INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON SEVERANCE (DKT. 1)**

SynQor overstates the purported "overlap" between its case against Vicor and its case against Cisco, and it provides no basis for its newly asserted request to reconsolidate the cases for pretrial purposes. SynQor's objections to the Magistrate Judge's severance order should therefore be overruled.

## I. The Magistrate Judge Committed No Clear Error Ordering Severance.

SynQor asserts that the Magistrate Judge's severance order was "clear error" for three reasons: 1) the case has purportedly narrowed since the order; 2) there is overlap in evidence of acceptable non-infringing alternatives; and 3) there is overlap in the supposedly "nearly identical" invalidity issues the cases. Dkt. 71 at 1-2. SynQor is wrong on all three counts.

***First***, the narrowing of SynQor's cases has not made them any less distinct. Dkt. 71 at 1. SynQor is still asserting two patents against Cisco that it is not asserting in its case against Vicor. The overwhelming majority of SynQor's case against Cisco still relates to non-Vicor products; and the overwhelming majority of SynQor's case against Vicor still relates to products sold to customers other than Cisco. SynQor is now asserting fewer claims, but it is still asserting almost entirely distinct infringement theories, as Cisco's Opposition explained. *See* Dkt. 52 at 2-3.

One key distinct issue concerns the prior litigation by SynQor against Cisco's suppliers other than Vicor. SynQor wrongly claims that "Cisco does not dispute" that evidence of that litigation is "equally relevant to both cases." Dkt. 71 at 1. In fact, it is relevant only to SynQor's case against Cisco, not its case against Vicor. SynQor seeks double recovery for Cisco's use of parts for which SynQor already received damages in that earlier litigation. That double recovery issue is not relevant to the Vicor case, so evidence of the prior litigation is not relevant in the Vicor case. Thus, contrary to SynQor's claim, Cisco expressly disputed the relevance of prior litigation evidence as a basis for keeping the cases consolidated. *See, e.g.*, '54 case, Dkt. 284 at 9-12; Dkt. 300 at 4-5. And the Magistrate Judge agreed. Dkt. 1 at 6 ("Order") ("[T]he Court

finds evidence about the prior litigation could be confusing to the jury . . . [because] Vicor was not involved in the prior litigation . . . .").

Finally, SynQor minimizes the distinctions between the cases by claiming that there is "essentially one set of discrete infringement issues" in the Cisco case and "essentially one [different] set of discrete infringement issues" in the Vicor case. Dkt. 71 at 2. But in fact, each of these two "set[s] of discrete infringement issues" are multi-faced and technically complex (in addition to being different from one another). In SynQor's case against Cisco, there are issues of patent exhaustion, supposed importation by passing through a customs bonded zone, and multiple technical noninfringement defenses related to SynQor's attempt to read its unregulated and semi-regulated converter patents onto Cisco's use of regulated converters. *See* Dkt. 52 at 2-3; Dkt. 5; '54 case, Dkt. 284 at 3,4, 11. Vicor's case involves none of these issues, but other distinct issues, including different technical noninfringement defenses, as well as Vicor's counterclaims under Massachusetts state law. *See* Dkt. 52 at 2-3.

***Second***, SynQor is wrong that evidence of acceptable non-infringing alternatives somehow makes the cases "almost entirely identical." Dkt. 71 at 1. It is true that each party will present evidence of noninfringing alternatives—but that is true in every patent infringement case. If evidence of non-infringing alternatives were all that were required to support joinder, then a patentee could join any two defendants, no matter how unrelated the claims, defenses, accused products, and infringement theories.

***Third***, the invalidity issues are more distinct than SynQor suggests—and SynQor's claim that "Cisco does not dispute that the invalidity issues to be tried in both cases are nearly identical" is also incorrect. Dkt. 71 at 2. SynQor has asserted two patents in the Cisco case that are not at issue in the Vicor case—which require different invalidity analyses. *See* Dkt. 52 at 3.

Further, as the parties have agreed (and as the Court has ordered), Cisco and Vicor are each free to choose separate prior art references and combinations for their invalidity arguments at trial. Dkt. 50, ¶ 4. Thus, the invalidity issues at trial are almost certain to be distinct.

***Finally***, SynQor is wrong that Cisco's case will be "delayed for months and even years as [the parties] wait for collateral estoppel or exhaustion to potentially apply" to the result in the Vicor case. Dkt. 71 at 3. SynQor incorrectly claims that "[c]ollateral estoppel . . . does not attach at the moment the jury enters its verdict." *Id*. *See Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995) ("[A] final judgment is not a prerequisite for issue preclusion when a jury has rendered a conclusive verdict."). SynQor is also wrong that "exhaustion only applies once SynQor has actually been paid the damages it is owed." Dkt. 71 at 3. The issue in assessing exhaustion is not whether payment was made, but whether the sales were authorized. *See Tessera, Inc. v. Int'l Trade Commission*, 646 F.3d 1357, 1369 (Fed. Cir. 2011) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." (quoting *Quanta Computer, Inc. v. LG Elecs. Inc.*, 553 U.S. 617, 625 (2008))). Severing the cases therefore does not require "months" of delay.

## II. Reconsolidating The Cases For Pre-Trial Purposes Is Not Warranted.

SynQor has offered no basis for its newfound request to reconsolidate the cases for pretrial purposes. Dkt. 71 at 3. In fact, the harm stemming from the lack of overlap between the cases (which the Magistrate Judge found) likewise counsels against reconsolidation for pretrial purposes—especially when trial is only four months away.

Accordingly, SynQor's Objections should be overruled.

Dated: May 19, 2014

By: /s/ *Louis W. Tompros, with permission by Michael E. Jones*

Michael E. Jones (SBN: 10929400)
mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Kurt Max Pankratz
kurt.pankratz@bakerbotts.com
Douglas M. Kubehl
douglas.kubehl@bakerbotts.com
Christa Brown-Sanford
christa.brown-sanford@bakerbotts.com
R Scott McClelland
scott.mcclelland@bakerbotts.com

**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Andrea Pacelli
Admitted *pro hac vice*
andrea.pacelli@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

William F. Lee
Admitted *pro hac vice*
william.lee@wilmerhale.com
Louis W. Tompros
Admitted *pro hac vice*
louis.tompros@wilmerhale.com
Richard A. Goldenberg
Admitted *pro hac vice*
richard.goldenberg@wilmerhale.com
Rachel Gurvich
Admitted *pro hac vice*
rachel.gurvich@wilmerhale.com

Andrew J. Danford
Admitted *pro hac vice*
andrew.danford@wilmerhale.com
Dana O. Burwell
Admitted *pro hac vice*
dana.burwell@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel L. Weiner
Admitted *pro hac vice*
rachel.weiner@wilmerhale.com
Jonathan Uffelman
Admitted *pro hac vice*
jonathan.uffelman@wilmerhale.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 19, 2014.

*/s/ Michael E. Jones*