IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| V. | § | No. 2:14-CV-286-MHS-CMC |
| | § | |
| CISCO SYSTEMS, INC. | § | |

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| V. | § | No. 2:14-CV-287-MHS-CMC |
| | § | |
| VICOR CORPORATION | § | |

**ORDER**

Before the Court is the following pending motion: SynQor, Inc.'s Objections to Magistrate Judge's Order on Severance (Dkt. Nos. 33, 27). In its objections, SynQor, Inc. ("SynQor") moves for reconsideration of the magistrate judge's March 31, 2014 Order severing SynQor's case against Cisco Systems, Inc. ("Cisco") and Vicor Corporation ("Vicor") into the two above separate actions. According to SynQor, severance is not warranted in light of the "tremendous overlap of factual and legal issues" in SynQor's case against Cisco and Vicor. Mot. at pg. 1. Specifically, SynQor argues: (1) common issues of fact and law predominate both cases to the extent that severance may cause inefficiency and risk inconsistent adjudication; (2) severance is premature "in light of the narrowing of issues that will inevitably occur as the parties submit expert reports and file motions for summary judgment"; and (3) at a minimum the cases should be consolidated for pre-trial purposes to reduce the burden on SynQor.

Twenty-eight U.S.C. § 636(b)(1)(A) and Local Rule 72(b) state that the District Court shall set aside any portion of the Magistrate's Order that is "clearly erroneous or contrary to

law."  Contrary to SynQor's assertions, the magistrate judge properly reviewed and considered all of the relevant issues before exercising her considerable discretion in ordering severance of Cause No. 2:11cv54 into two causes of action.  The magistrate judge specifically acknowledged SynQor's assertions of overlap between the cases, noting there may be duplication in the presentation of evidence and issues by granting Cisco's motion to sever.  However, she also considered the numerous differences between the cases as well as the potential for jury confusion that could arise from evidence about the complicated prior litigation with non-Vicor bus converter suppliers.

As urged by Cisco, the narrowing that has occurred since Cisco first filed its motion to sever has not changed the fact that the two cases remain distinct.  In the event the infringement issues are further narrowed, eliminating these differences, the Court could consider consolidating the cases for trial.

Nor does the Court find consolidation for pretrial purposes warranted at this time, as requested by SynQor.  According to SynQor, the severance of these closely-intertwined cases involves duplication of effort, including the filing of dispositive motions and motions in limine in two cases instead of one.  Consolidating these cases for pretrial only months before trial will not necessarily promote efficiency or streamline the presentation of any remaining issues.  It was within the magistrate judge's broad discretion to sever SynQor's case into two separate causes of action for all purposes, including for pretrial purposes. The Court does not find the magistrate judge's March 31, 2014 severance order clearly erroneous or contrary to law.  FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636 (b)(1)(A).

Accordingly, it is

**ORDERED** that SynQor, Inc.'s Objection to the Magistrate Judge's Order for Severance are **OVERRULED**.

It is SO ORDERED.

SIGNED this 17th day of June, 2014.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE