**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SynQor, Inc.<br><br>          Plaintiff,<br><br>     v.<br><br>Cisco Systems, Inc.,<br><br><br>          Defendant. | Civil A. No. 2:14-cv-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |
| SynQor, Inc.<br><br>          Plaintiff,<br><br>     v.<br><br>Vicor Corporation,<br><br><br>          Defendant. | Civil A. No. 2:14-cv-287-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**JOINT RESPONSE REGARDING REQUEST FROM AAA ARBITRATION PANEL**

**I.     SynQor's Position**

SynQor opposes any delay in the upcoming trials. A pretrial conference for SynQor's case against Cisco is set for September 23, 2014 ('286 case, Dkt. 21 at 2), and a pretrial conference for SynQor's case against Vicor is set for September 24, 2014 ('287 case, Dkt. 5 at 2). For each case, "[a]t the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference." '286 case, Dkt. 21 at 9; '287 case, Dkt. 5 at 9. SynQor expects each trial to take at least a week. SynQor needs its damages expert in attendance at each trial, and the arbitration panel asks this Court to carve out a substantial portion in the middle of the potential trial period, October 8-17. Dkt. 116-1 (July 10, 2014 letter from Mr. Needle.). It is difficult to see how such a schedule would permit two trials to go forward around it.

SynQor originally filed this lawsuit on January 28, 2011 (6 months before the arbitration demand was filed). *Compare* '54 case,[1] Dkt. 1 *with* Dkt. 116-1 at 1. Jury selection was initially set for July 7, 2014, and later changed to begin within the four weeks after June 25, 2014. '54 case, Dkt. 172; '54 case, Dkt. 262 at 1, 6. Trial has already been delayed from July 2014 to late September/October 2014 when the case was severed and new scheduling orders issued. '54 case, Dkt. 368 at 7. SynQor respectfully requests that the trials not be delayed any further.

Vicor uses this submission to argue that its trial should proceed first. SynQor believes this is not the appropriate vehicle to resolve the order of trial but that, in any event, the action against Cisco should be tried first if the cases remain separate. To provide just one example why this is so, SynQor's case against Cisco is largely a direct infringement case, whereas Vicor is accused of indirect infringement. As such, Vicor has intent and knowledge based defenses that Cisco does not. Therefore, if Vicor were to prevail on non-infringement as it posits (e.g., on intent), SynQor would still have a claim against Cisco for its direct infringement. In contrast, if the Cisco case goes first and SynQor prevails as to its products incorporating Vicor converters, then those infringing units can be removed from the Vicor case.

---

[1] "'54 case" refers to Case No. 2:11-cv-54 (E.D. Tex.) from which these cases were severed.

To take another example, Vicor contends that the hypothetical negotiation for purposes of determining reasonable royalty damages should focus not on the value of the claimed invention as a whole to Vicor and its directly infringing end customers, but rather only on the value of the invention to Vicor's accused bus converters. SynQor contends that Vicor's position is legally flawed ('287 case, Dkt. 97) and should be excluded. But if Vicor were to prevail on its arguments, Cisco will then contend that SynQor cannot recover damages from Cisco on any sales Vicor has made to Cisco due to patent exhaustion. SynQor would thus be shortchanged by Vicor's flawed damages theory, which Cisco has not adopted. Proceeding with the trial against Cisco first would obviate this problem. Vicor's counterclaims are similarly no reason for the Vicor trial to proceed first. Those claims are meritless and should be dismissed. '287 case, Dkt. 14. And regardless, having Vicor's trial follow Cisco's all within October, does not present any prejudicial delay.

Vicor's purported conflicts that allegedly preclude it from proceeding other than prior to October 8, 2014, do not justify setting the trial order contrary to SynQor's preference to adjudicate its action against Cisco first. Vicor and its counsel have known about the four-week trial window since the scheduling orders issued on April 1, 2014, and have never raised these issues.

## II.   Cisco's Position

Cisco has no objection to the Court addressing this potential conflict with SynQor's expert's schedule in any way that the Court deems most appropriate. Cisco can be prepared to try the case anytime within the trial window that the Court has ordered. SynQor has also raised a variety of arguments about whether its case against Vicor or its case against Cisco should be tried first. Cisco would be happy to address those issues if the Court so desires, but they are independent of SynQor's expert's apparent scheduling conflict.

### III. Vicor's Position

Vicor does not oppose Mr. Needle's request to the extent that the Vicor trial can be scheduled and completed prior to October 8, 2014. Vicor does, however, oppose the request to the extent that it would require Vicor's trial to commence after October 17, 2014.

Vicor is continuing to lose business because of SynQor's meritless infringement accusations. *See* ECF No. 119. Vicor therefore requests the earliest available trial date so that SynQor's patent infringement claims and Vicor's counterclaims can be resolved expeditiously. Allowing Vicor's trial to proceed in early October, before the Cisco trial, would also best serve the interests of judicial economy. A finding of non-infringement with respect to the Vicor converters would remove those products from the Cisco trial. Conversely, a Cisco-first trial will not resolve the dispute between SynQor and Vicor because of the indirect infringement and damages issues that do not overlap with the Cisco case. Vicor disagrees with SynQor's substantive arguments favoring a Cisco-first trial, but given the Court's stated preference for a short submission, will respond to those arguments only if the Court so requests.

Vicor's counsel and experts also have certain pre-existing conflicts in late October and November, which were communicated to SynQor's counsel as soon as Mr. Reed's conflict was identified. Vicor's lead trial counsel, Charles Verhoeven will be participating in a Markman hearing on October 28 in *Rockstar Consortium US LP and Newstar Technologies LLC v. Google Inc.*, E.D. Tex. Civil Action No. 2:13-cv-893-JRG-JSP. On November 3, Mr. Verhoeven and Sean Pak will be in San Diego for the pretrial conference in *Peregrine Semiconductor Corporation v. RF Micro Devices, Inc. et al*, S.D. Cal. Civ. Action No. 3:12-CV-0911-H (WMC). They both will be in San Diego preparing for that trial the following week with trial scheduled to commence on November 12, 2014 and continuing on through November 26, 2014. Vicor's invalidity expert also has a pre-existing conflict on October 15-17, 2014 , and Vicor's damages expert has a pre-existing conflict from October 17-31, 2014. A trial during the early part of October would avoid the need for these experts to move their existing conflicts.

Dated: July 18, 2014                                    Respectfully submitted,

                                                             */s/ David T. DeZern*
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:     312.853.7000
Facsimile:      312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:     214.981.3300
Facsimile:      214.981.3400

**ATTORNEYS FOR PLAINTIFF SYNQOR, INC.**

By: */s/ Linda Brewer*
Charles Kramer Verhoeven (pro hac vice)
charlesverhoeven@quinnemanuel.com
Linda J. Brewer (pro hac vice)
lindabrewer@quinnemanuel.com
Kathy K. Peng (pro hac vice)
kathypeng@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6700
Facsimile: 415-875-6700

David A. Nelson (pro hac vice)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison Street, Ste 2450
Chicago, IL 60661
Telephone: 312-705-7465
Facsimile: 312-705-7401

Robert E. Hillman (pro hac vice),
hillman@fr.com
Lawrence K. Kolodney (pro hac vice),
kolodney@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Facsimile: 617-542-8906

Stephen A. Marshall (pro hac vice),
smarshall@fr.com
FISH & RICHARDSON P.C.
1425 K Street, NW
Suite 1100
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

David A. Gerasimow (pro hac vice),
gerasimow@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South 6th St.

Minneapolis, MN 55402
Telephone: 612-335-5070
Facsimile: 612-288-9696

Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Defendant Vicor Corporation*

By: /s/ Louis W. Tompros

William F. Lee (*admitted pro hac vice*)
william.lee@wilmerhale.com
Louis W. Tompros (*admitted pro hac vice*)
louis.tompros@wilmerhale.com
Richard A. Goldenberg (*admitted pro hac vice*)
richard.goldenberg@wilmerhale.com
Andrew J. Danford (*admitted pro hac vice*)
andrew.danford@wilmerhale.com
Dana O. Burwell (*admitted pro hac vice*)
dana.burwell@wilmerhale.com
Allison Trzop (*admitted pro hac vice*)
allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Andrea Pacelli (*admitted pro hac vice*)
andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
7 World Trade Center
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Rachel L. Weiner (*admitted pro hac vice*)
Rachel.Weiner@wilmerhale.com

Jonathan Uffelman (*admitted pro hac vice*)
Jonathan.Uffelman@wilmerhale.com
**WILMER CUTLER PICKERING HALE & DORR**
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Douglas M. Kubehl
Texas Bar No. 00796909
Email: doug.kubehl@bakerbotts.com
Kurt M. Pankratz
Texas Bar No. 24013291
Email: kurt.pankratz@bakerbotts.com
Christa J. Brown-Sanford
Texas Bar No. 24045574
christa.sanford@bakerbotts.com
R. Scott McClelland
Texas Bar No. 24074677
scott.mcclelland@bakerbotts.com
**BAKER BOTTS, L.L.P.**
2001 Ross Avenue
Dallas, TX 75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON**
**A PROFESSIONAL CORPORATION**
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Cisco Systems, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 18, 2014.

                                                        */s/David T. DeZern*
                                                          David T. DeZern