**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SynQor, Inc.<br><br>                      Plaintiff,<br><br>   v.<br><br>Cisco Systems, Inc.<br><br><br><br>                      Defendants. | Civ. A. No. 2:11-cv-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR'S RESPONSE TO CISCO'S OBJECTIONS TO THE MAGISTRATE JUDGE'S CLAIM CONSTRUCTION ORDER [DKT. 111] AND MOTION FOR RECONSIDERATION OF SAME**

## **TABLE OF CONTENTS**

**Page**

I. Legal Standards..................................................................................................................1

II. The Intrinsic Evidence Support's the Court's Construction. ..............................................1

    A. The Claim Language Does Not Support Cisco's Attempt to Read "Non-Regulating" and "Semi-Regulating" Into "Isolation Stage."....................................1

    B. The Specification Does Not Support Cisco's Proposed Construction. ....................2

    C. There Was No Clear Disavowal of Claim Scope During Prosecution. ...................3

III. The Extrinsic Evidence Does Not Support Cisco's Proposed Construction. ......................5

CONCLUSION.................................................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ecolab, Inc. v. FMC Corp.*,
  569 F.3d 1335 (Fed. Cir. 2009)..................................................................................1, 3

*Phillips v. AWH Corp.*,
  415 F.3d 1303 (Fed. Cir. 2005) (en banc)..................................................................1, 2

*Salazar v. Procter & Gamble Co.*,
  414 F.3d 1342 (Fed. Cir. 2005).........................................................................................4

*Vitronics Corp. v. Conceptronic, Inc.*,
  90 F.3d 1576 (Fed. Cir. 1996)...........................................................................................3

The Magistrate Judge correctly determined that the term "isolation stage" should be given its ordinary meaning. Cisco criticizes the Magistrate Judge for failing to read "non-regulating" and "semi-regulating" limitations into the term "isolation stage," but its objections are largely a re-hash of the arguments presented in the briefing. The Magistrate Judge correctly rejected these arguments, and her decision should be affirmed. And those arguments that were not presented to the Magistrate Judge are waived.

**I.      Legal Standards.**

The "words of a claim are generally given the[] ordinary and customary meaning" that they would have to a person of ordinary skill in the art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc) (internal quotation marks and citation omitted). The claims also "must be read in view of the specification," (*Id.* at 1315) (citation omitted), but it is improper to limit the claims to specific embodiments set forth in the specification. *Id.* at 1323. A court "should also consider the patent's prosecution history," but "because the prosecution history represents an ongoing negotiation between the PTO and the applicant, rather than the final product of that negotiation, it often lacks the clarity of the specification and is thus less useful for claim construction purposes." *Id.* at 1317 (citation omitted). For statements during prosecution to limit the claims, a party must show that "the allegedly disclaiming statements constitute 'a clear and unmistakable surrender of subject matter.'" *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1342 (Fed. Cir. 2009) (citation omitted).

**II.     The Intrinsic Evidence Support's the Court's Construction.**

    **A.     The Claim Language Does Not Support Cisco's Attempt to Read "Non-Regulating" and "Semi-Regulating" Into "Isolation Stage."**

There is no dispute that Cisco's proposed construction does not reflect the ordinary meaning of the term "isolation stage," and instead attempts to add limitations (non-regulating and semi-regulating) that are not part of the term's ordinary meaning. The claim language, however, does not support reading in these additional limitations.

1

As the *en banc* Federal Circuit has explained, "the context in which a term is used in the asserted claim can be highly instructive." 415 F.3d at 1314. For example, in *Phillips*, the Federal Circuit explained that the fact that "the claim in this case refers to 'steel baffles' … strongly implies that the term 'baffles' does not inherently mean objects made of steel." *Id.* Here, as the Magistrate Judge explained, the term "isolation stage" in claim 27 "is preceded by no limitations pertaining to regulation," in contrast to claims 1 and 20, "which both require a 'non-regulating isolation stage.'" Dkt. 111 at 9. If the inventor had intended for the term "isolation stage" in claim 27 to be limited to non-regulating and semi-regulating isolation stages, he could have used those terms in the claim, as he did in other claims, but he did not do so. Thus, the claim language does not support limiting "isolation stage" to only non-regulating and semi-regulating isolation stages.

Cisco argues, as it did before the Magistrate Judge, that the presence of the term "fixed duty cycle" in claim 28 supports its construction. But "fixed duty cycle" is a separate claim limitation from the "isolation stage" limitation of claim 27, and should not be read into it. This is particularly true because some claims (such as claims 20-27 and 29 of the '190 patent) include the term "isolation stage" but no "fixed duty cycle" limitation. Cisco also incorrectly argues that an "isolation" stage cannot perform regulation if it has a fixed duty cycle. Dkt. 134 at 2. However, the specification discusses such an isolation stage, which regulates using the controlled rectifiers rather than by varying the duty cycle, as discussed below. Dkt. 79, Ex. 1, '190 patent, Col. 13:24-14:35.[1]

### B. The Specification Does Not Support Cisco's Proposed Construction.

The specification also supports construing "isolation stage" in accordance with its ordinary meaning. Contrary to Cisco's suggestion, the specification discloses embodiments

---

[1] Cisco argues that SynQor's counsel "admitted at the claim construction hearing" that "claim 28 requires 'a non-regulating isolation stage' by virtue of the term 'fixed duty cycle' in the claim." Dkt. 134 at 2 fn. 2. This is incorrect and misstates the record, as SynQor explained in its briefing before the Magistrate Judge. Dkt. 79 at 4-5.

covered by claim 28 which have an isolation stage that regulates and also have a "fixed duty cycle." As SynQor pointed out in its earlier briefing, the embodiments described in columns 13 and 14 and Figure 8 of the '190 patent regulate using the MOSFET controlled rectifiers on the secondary side, rather than by varying the duty cycle. Dkt. 79, Ex. 1, '190 patent, Col. 13:24-14:35; Dkt. 79 at 5-6. The Magistrate Judge correctly declined to construe the claim in a manner which would read out this preferred embodiment. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583-84 (Fed. Cir. 1996) (a construction that reads out a preferred embodiment in the specification is "rarely, if ever, correct").

Cisco argues that "isolation stage" should be limited by a statement in the specification saying that, in one preferred embodiment of a non-isolated regulation stage, "[r]egulation is by control of the duty cycle of the transistor $Q_R$ in response to one or more parameters sensed in the circuit." Dkt. 134 at 2; Dkt. 79, Ex. 1, '190 patent, Col. 4:54-56. Cisco, however, provides no basis for using this preferred embodiment to read a limitation from the specification into the isolation stage in claims 27 and 28. Moreover, as discussed above, the specification elsewhere discusses an isolation stage that regulates without varying the duty cycle.

### C. There Was No Clear Disavowal of Claim Scope During Prosecution.

Cisco also argues, as it did before the Magistrate Judge, that various statements during prosecution should be used to limit the term "isolation stage," but the Magistrate Judge correctly found that these statements were not "a clear and unmistakable surrender of subject matter," which would be required to limit the claims.[2] *See Ecolab*, 569 F.3d at 1342; Dkt. 111 at 9-10.

Cisco first argues that SynQor distinguished the invention from the Mweene reference because the invention included an isolation stage "without regulation." Dkt. 111 at 9-10; Dkt. 72 at 6-7. But that is not correct because the Mweene reference did include a non-regulating

---

[2] Indeed, as SynQor noted to the Magistrate Judge, Dkt. 82 (SynQor Sur-Reply for Supp. CC Brief) at 3, Cisco did not even assert (before these objections) that the statements were "clear and unmistakable" disavowals, and has thus waived the argument.

isolation stage and thus was not distinguished on that basis. Dkt. 79 at 6-7. Indeed, Cisco effectively acknowledges that this statement did not disclaim all regulation in the "isolation stage," since its proposed construction allows the isolation stage to be "semi-regulating."

Cisco next selectively quotes the Examiner's Statements of Reasons for Allowance, but fails to mention that a non-regulating isolation stage was only one of many features of some of the claims that the Examiner pointed to as distinguishing the claims from the prior art. There is no basis for concluding that each of the claims must include each and every one of these elements. And, in any event, it would be improper to use this document to read a limitation into the claims, since the applicant has no obligation to correct potential misstatements in an Examiner's reasons for allowance. *See Salazar v. Procter & Gamble Co.*, 414 F.3d 1342, 1345 (Fed. Cir. 2005) (citation omitted) (an Examiner's reasons for allowance is not a disavowal by the applicant, and "an applicant's silence regarding statements made by the examiner during prosecution, without more, cannot amount to a 'clear and unmistakable disavowal' of claim scope").

Cisco next points to general background statements made by SynQor during the reexaminations of the '190 patent, but none of these statements qualifies as a clear and unambiguous disavowal that would limit the term "isolation stage" to only unregulated and semi-regulated isolation stages. Cisco first points to a statement that the '190 claims are "generally directed" to "what is now known as 'Unregulated Intermediate Bus Architecture'" and "claims 27, 28 and 33 additionally encompass what is now known as Semi-regulated IBA." Dkt. 134 at 3 (emphasis omitted). SynQor, however, was simply saying that claims 27, 28 and 33 include unregulated and semi-regulated IBA, not that they were limited to it.[3]

Cisco also points to a statement by SynQor that "[t]he claims under reexamination are directed to revolutionary power converter designs for" the unregulated and semi-regulated intermediate bus architecture. Dkt. 134 at 3-4. But that neither means that each claim has the

---

[3]Indeed the term "encompass" simply means to include. Dkt. 79, Ex. 3 at 747.

exact same scope, nor that every claim is limited to unregulated and semi-regulated isolation stages. SynQor was simply explaining that the novel designs have applicability to unregulated and semi-regulated IBA, which is not to say that they have no value elsewhere. As the Magistrate Judge correctly found, these statements were not a "clear and unmistakable disavowal" of claim scope that would limit the term "isolation stage" to only unregulated and semi-regulated isolation stages.

### III.   The Extrinsic Evidence Does Not Support Cisco's Proposed Construction.

Cisco also relies on extrinsic evidence in the form of statements taken from submissions in the '497 case, but these do not justify reading limitations into the term "isolation stage." Cisco first quotes a sentence fragment from SynQor's Federal Circuit appeal brief in the '497 case stating that the prior art Mweene reference used the "standard isolating and regulating board-mounted converters conventional DPA systems at that time." Dkt. 134 at 4. Cisco, however, omits the first part of the sentence, which explained that SynQor was distinguishing these converters from the plurality of "non-isolating regulation stages" in the claim, not from the "isolation stage." Dkt. 134, Ex. 10, '497 Appeal Br. at 25.

Cisco further quotes from SynQor's claim construction arguments in the '497 case. Dkt. 134 at 5. But the quoted portion did not concern the meaning of the term "isolation stage"; it concerned the meaning of a different claim term requiring a "voltage whose value drops with increasing current flow." Dkt. 72, Ex. 5, '497 CC brief at 18-19. And, Judge Ward rejected SynQor's proposed construction of that term, finding that plain meaning controls. Dkt. 72, Ex. 14, '497 CC opinion at 36. There is no reason why these arguments should be used to limit the separate "isolation stage" claim term here, as the Magistrate Judge correctly found.

### CONCLUSION

The Magistrate Judge's construction of the term "isolation stage" in claims 27/28 of the '190 patent is correct and should be affirmed.

| | |
|---|---|
| Dated: August 11, 2014 | */s/ David T. DeZern* |

                                                **Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:   312.853.7000
Facsimile:   312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:   214.981.3300
Facsimile:   214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 11, 2014.

                                                                                                */s/ David T. DeZern*
                                                                                                David T. DeZern