# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

SYNQOR, INC.

        Plaintiff,

  v.

CISCO SYSTEMS, INC.

        Defendant.

Civ. No. 2:14-CV-286-MHS-CMC

**JURY TRIAL DEMANDED**

## SYNQOR'S REPLY IN SUPPORT OF ITS MOTION FOR A SEPARATE BENCH TRIAL ON CISCO'S EQUITABLE AFFIRMATIVE DEFENSES

I.  **INTRODUCTION**

Cisco's Opposition to SynQor's Motion for a Separate Bench Trial on Cisco's Equitable Affirmative Defenses confirms precisely why a separate trial for equitable issues is necessary. Cisco plans to use its equitable defenses as a vehicle to make improper arguments to the jury and thereby try to prejudice the jury's determination of liability issues. Submitting Cisco's equitable defenses to the jury for an advisory verdict therefore would be unduly prejudicial to SynQor. In contrast, Cisco's Opposition identifies <u>no</u> prejudice to Cisco that would result from holding separate trials. Nor is there any merit to Cisco's argument that a single trial would promote judicial economy. SynQor's Motion should be granted.

II.  **SEPARATELY TRYING EQUITABLE DEFENSES FROM LIABILITY IS COMMON AND APPROPRIATE.**

Cisco disputes whether separately trying equitable defenses is a standard practice, arguing that there is a presumption against bifurcation. Dkt. 180 at 1. But none of the authority Cisco cites supports this position—each of Cisco's cited cases regarding the presumption against bifurcation is either discussing bifurcation in non-patent contexts, or discussing bifurcation of liability and damages, not holding a separate trial for equitable defenses. *See Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976) (not a patent case); *Compton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011) (not a patent case); *Plew v. Limited Brands, Inc.*, No. 08-cv-3741, 2012 WL 379933, *9 (S.D.N.Y. Feb. 6, 2012) (discussing bifurcation of liability from damages and willfulness); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) (discussing bifurcation of infringement, damages, and willfulness); Peter S. Menell *et al.*, Federal Judicial Center, Patent Case Management Judicial Guide § 8.1.1 (2009) (discussing the presumption against bifurcation generally, not in the context of trying equitable defenses separately). As discussed in SynQor's opening brief (Dkt. 163 at 2), in the specific circumstance where equitable

defenses are asserted, "it is common and appropriate to hold separate jury and bench trials" on equitable and legal issues.  Menell, *supra*, at § 8.1.1.1.1.[1]

## III. THERE IS NO OVERLAP IN THE EVIDENCE RELEVANT TO CISCO'S EQUITABLE DEFENSES AND THE EVIDENCE RELEVANT TO LIABILITY.

There is no overlap between Cisco's equitable affirmative defenses and the legal issues to be tried to the jury.  Cisco conclusorily argues that "Dr. Schlecht's dealings with Cisco and MIT are at the heart of Cisco's equitable defenses" and "independently relevant to and admissible regarding the issue of Dr. Schlecht's credibility."  Dkt. 180 at 3.  However, the fact that equitable defenses could be used to try to attack the credibility of the named inventor is precisely why courts have held that separately trying equitable issues is appropriate.  *See, e.g.*, Menell, *supra*, at § 8.1.1.1.1 (noting that claims of inventor misconduct "may influence a jury's decision on [infringement] by suggesting that the inventor is untrustworthy" and that separate trials therefore "will avoid jury confusion and ensure that the juries' decision [sic] is based on proper and relevant evidence"); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 507 F. Supp. 2d 870, 873 (N.D. Ill. 2007) (ordering a separate trial for equitable issues because "[i]t is the patent, not the patentee, on trial before the jury"); *THK Am. v. NSK, Ltd.*, No. 90 C 6049, 1996 WL 33398071, *1-2 (N.D. Ill. Jan. 9, 1996) (noting that "[defendant] would like its evidence of fraudulent misconduct on the part of the inventor to spill over, to [plaintiff's] prejudice, on the issues actually to be decided by the jury—as [plaintiff] puts it, to try the inventor and not the invention," and holding that "[e]vidence tending to show fraud on the part of the inventor is so likely to prejudice the jury on other issues that the fraud issues should be tried separately").  Cisco should not be permitted to attack Dr. Schlecht's credibility by bringing up irrelevant matters that would require a time-consuming rebuttal by SynQor.  SynQor discussed the prejudice of allowing such an attack in its

---

[1] Cisco cites to a number of cases where equitable issues were submitted to a jury for an advisory verdict, but in many of the cases it cites, there is no indication that either party objected to that procedure.  There is also generally no indication that the defendant planned to use evidence relating to equitable issues in an unduly prejudicial manner like Cisco plans to do here.

opening brief (Dkt. 163 at 4-5); yet Cisco offers no response other than to conclusorily state that the evidence is relevant and admissible. It is neither.

Cisco's argument that "SynQor's statements to the Patent Office on the scope of its patents are relevant to and admissible regarding … the alleged infringement by Cisco's replacement regulated bus converters and whether the full scope of SynQor's claimed invention is enabled and described under 35 U.S.C. § 112" reveals yet another way that Cisco would improperly use its equitable defenses to try to prejudice the jury. Dkt. 180 at 3. The Court already determined on claim construction that "SynQor's previous statements are ambiguous" and therefore "the prosecution history does not support limitation of 'isolation stage' to preclude regulated converters." Dkt. 111 at 10. Allowing Cisco to re-argue to the jury that SynQor disclaimed regulated converters under the guise of its equitable defenses would only serve to improperly undermine the Court's claim constructions. SynQor pointed out that presenting this claim construction issue to the jury would be improper in its opening brief (Dkt. 163 at 4); yet Cisco again offers no response other than to conclusorily state that the evidence is relevant and admissible. Cisco's conclusory assertions are insufficient to rebut SynQor's showing of undue prejudice.

## IV.  A SINGLE TRIAL WOULD NOT PROMOTE JUDICIAL ECONOMY.

Even if Cisco were correct that there was some evidentiary overlap between the equitable and legal issues here (which there is not), there is no need for duplicative presentation of the evidence. SynQor proposes a simple, common, and fair trial management strategy. Specifically, the parties will present the legal issues to the jury with only the evidence relevant to the legal issues presented during the jury trial. While the jury is deliberating or after it renders a verdict, Cisco's equitable defenses may be tried to the Court, with the presentation of additional evidence relevant only to those defenses presented to the Court alone. Because the Court will be present during the jury trial, there will be no need for the duplicative presentation of any evidence that is relevant to both equitable and legal issues. Holding a single trial would therefore be no more efficient than separately trying the legal and equitable issues, thereby negating the only factor

that Cisco proposes as weighing against separate trials. Because separately trying equitable issues would avoid undue prejudice and jury confusion, without causing any loss in judicial efficiency, it should be ordered here.

## V. CONCLUSION

For all of the foregoing reasons, SynQor respectfully requests that its motion for a separate bench trial on Cisco's equitable affirmative defenses be granted.

Dated: September 15, 2014

*/s/ Bryan C. Mulder*
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:   312.853.7000
Facsimile:   312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:   214.981.3300
Facsimile:   214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on September 15, 2014.

*/s/ Bryan C. Mulder*
Bryan C. Mulder