**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC.<br><br>                Defendant. | Civ. No. 2:14-CV-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR, INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 159) REGARDING SYNQOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 91) AND CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 96)**

Cisco admits that it "does not dispute the legal point regarding statutory interpretation generally" that "when the language of the statute provides a clear answer, there is no need to look beyond it." Dkt. 189 at 1, n.1. Here, the meaning of the statute is clear. The plain language of the statute requires only "imports" without specifying any particular purpose. And Cisco has cited no definition of imports that <u>requires</u> a commercial purpose or intent to sell. The Report and Recommendation therefore should not be adopted, and the Court should hold as a matter of law that "imports into the United States" pursuant to 35 U.S.C. § 271(a) requires no particular purpose.

As SynQor pointed out in its objections, none of the dictionary definitions cited by Cisco requires an intent to sell. Dkt. 166 at 1-2. Cisco's argument that these definitions are "ambiguous" (Dkt. 189 at 2) mistakes breadth for ambiguity. The dictionary definitions cited by Cisco define "import" broadly, such that it encompasses bringing in goods from a foreign country for any purpose at all, including sale, noncommercial use, or some other purpose. *See* Dkt. 166 at 1-2. The statute's use of "import" without any qualifying language therefore encompasses <u>all</u> possible purposes.

To illustrate the error in Cisco's argument, consider a statute that prohibits "transportation" of a certain good across state lines. "Transportation" is a broad term that could refer to movement by car, bus, airplane, train, or even pack mule. But it would not be ambiguous whether such a statute prohibited, for example, transportation via pack mule based on the plain language. The plain language would reach transportation of the good by any means that falls within the broad umbrella of "transportation." So too here; the use of a broad term without any qualification indicates that all possible species falling within that category are prohibited, not that the term is ambiguous. If Congress intended to limit the statute's prohibition to importation for certain purposes, it would have done so, as it did elsewhere in § 271. *See* 35 U.S.C. § 271(e)(4)(B)-(C) (limiting certain relief to "<u>commercial</u> … importation").

Cisco's argument that SynQor's interpretation would impermissibly expand the scope of the patentee's monopoly (Dkt. 189 at 2-3) is nothing more than a disagreement with the policy

PAGE 1

that Congress chose to enact.[1] When Congress chose to add "imports" to 35 U.S.C. § 271(a) without any qualifications, it gave patentees the exclusive right to bring their inventions into the United States. Although Cisco and SynQor may disagree on whether there are salutary effects of this policy, it is not the province of the courts to override the clear language of the statute, which is presumed to reflect the policy preferences of the legislature.

Even if "import" is to be defined as requiring a commercial purpose (which it should not be), then there is a factual dispute regarding whether Cisco's pass through importations have a commercial purpose. Contrary to Cisco's suggestion (Dkt. 189 at 3-4), SynQor has not conceded that this fact issue is undisputed. Neither party listed a supposed lack of commercial purpose as an undisputed material fact when moving for summary judgment. *See* Dkt. 91 at 2-3; Dkt. 96 at 1-2. Moreover, SynQor's statements regarding the lack of undisputed material facts were made in the context of the definitions of "import" that the parties contemplated in their opening briefs. SynQor proposed that "import" be defined as not requiring a particular purpose, and argued against Cisco's expected definition of "import" as requiring an intent to sell products in the United States. Dkt. 91 at 4. Cisco, in its own summary judgment motion, advocated a slightly broader definition than SynQor had expected, arguing that an importation requires bringing a product into the United States "for the purpose of making, using, selling, or offering to sell that product" within the United States. Dkt. 96 at 3. Thus, in the context of these definitions, SynQor agrees with Cisco that "[t]here is no dispute that Cisco does not bring its 'pass through' shipments through the United States for the purposes of making, using, selling, or offering to sell them in the United States." *Id.* at 4.

However, after the issue was fully briefed by both parties, the Report and Recommendation adopted a definition of "import" that differs from what either party had advocated. It held that shipments cannot qualify as "imports" unless there is "evidence the

---

[1] Cisco's suggestion that SynQor's position would allow a patentee to prevent an infringer from even flying over U.S. airspace (Dkt. 189 at 3, n.2) is incorrect. SynQor has never taken that position.

shipments were for commercial purposes or were for purposes of sale." Dkt. 159 at 19-20. SynQor had not had the opportunity to brief the issue of whether Cisco's pass through shipments served any commercial purposes in the United States (i.e., a commercial purposes other than making, using, selling, or offering to sell), as neither party proposed this definition.

The Court should hold as a matter of law that Cisco's pass through shipments do serve a commercial purpose in the United States, and therefore qualify as "imports" pursuant to the Report and Recommendation's proposed definition of that term. As SynQor noted in its objections, the Report and Recommendation itself acknowledges several commercial purposes in the United States served by Cisco's pass through importations. *See* Dkt. 166 at 2-3. Cisco's argument that these do not qualify as commercial purposes because they do not intrude on the patentee's domestic monopoly (Dkt. 189 at 4-5) is incorrect, as it ignores the fact that Congress's addition of "imports" to 35 U.S.C. § 271(a) gave patentees a domestic monopoly over the use of U.S. shipping infrastructure for their inventions. At the very minimum, whether Cisco's pass through importations serve a commercial purpose is a disputed fact issue for the jury.

Finally, SynQor pointed out in its objections that the Report and Recommendation erroneously identified Cisco's purported lack of knowledge of the precise number of pass through shipments as a purportedly undisputed fact. *See* Dkt. 166 at 1, n.1. In its opposition to SynQor's objections, Cisco does not disagree that Cisco's precise level of knowledge is a disputed fact issue. *See generally* Dkt. 189. Accordingly, the Court should decline to adopt this specific finding from the Report and Recommendation.

For the foregoing reasons, SynQor respectfully requests that that the Court grant SynQor's Motion for Summary Judgment (Dkt. 91) and deny Cisco's Motion for Summary Judgment (Dkt. 96).

| | |
|---|---|
| Dated:   September 22, 2014 | */s/ Bryan C. Mulder* |
| | **Thomas D. Rein** (*admitted pro hac vice*) |
| | Lead Attorney |
| | trein@sidley.com |
| | **Russell E. Cass** (*admitted pro hac vice*) |
| | rcass@sidley.com |
| | **Stephanie P. Koh** (*admitted pro hac vice*) |
| | skoh@sidley.com |
| | **Bryan C. Mulder**  (*admitted pro hac vice*) |
| | bmulder@sidley.com |
| | **Nathaniel C. Love** (*admitted pro hac vice*) |
| | nlove@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn |
| | Chicago, IL 60603 |
| | Telephone:    312.853.7000 |
| | Facsimile:     312.853.7036 |
| | |
| | **Michael D. Hatcher** |
| | Texas State Bar No. 24027067 |
| | mhatcher@sidley.com |
| | **David T. DeZern** |
| | Texas State Bar No. 24059677 |
| | ddezern@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 2001 Ross Avenue, Suite 3600 |
| | Dallas, TX 75201 |
| | Telephone:    214.981.3300 |
| | Facsimile:     214.981.3400 |
| | |
| | *ATTORNEYS FOR PLAINTIFF SYNQOR, INC.* |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on September 22, 2014.

*/s/ Bryan C. Mulder*
Bryan C. Mulder