**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>            Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>            Defendant. | Civ. No. 2:14-CV-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR, INC.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 185) REGARDING SYNQOR'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT RELATING TO INFRINGEMENT (DKT. 93, 94, AND 95)**

**I.     INTRODUCTION**

SynQor respectfully submits its objections to the Report and Recommendation of the United States Magistrate Judge (Dkt. 185) regarding SynQor's Motions for Partial Summary Judgment Relating to Infringement ("the Recommendation").  The Recommendation would deny SynQor's motions for summary judgment that undisputed claim limitations are met by the accused products and instead orders SynQor and Cisco to meet and confer "regarding a joint stipulation as to undisputed limitations highlighted by SynQor in its hearing handouts." Dkt. 185 at 5.  The Recommendation further orders the parties "to stipulate, where appropriate, regarding any claim limitations in the prior art . . . to the extent there are any stipulations the parties can make regarding prior art, the Court orders [the] parties to do so at the same time they are conferring regarding the stipulations as to claim limitations." *Id*.

SynQor objects to the Recommendation's refusal to grant summary judgment where there is no genuine dispute of material fact and Cisco has raised none.  Neither Cisco nor the Recommendation have identified any authority, and SynQor is aware of none, for denying summary judgment where no genuine dispute of material fact has been raised, nor any basis for denying summary judgment on the basis of an opposing party's request to meet and confer regarding separate relief on a different issue (i.e., what is and is not disclosed in certain prior art references) requested by the party resisting summary judgment.  Moreover, by ordering the meet and confer rather than addressing the merits of the summary judgment motion, the Court has failed to address the limitations about which SynQor asserts there is no genuine issue of material fact and Cisco asserts there is – the multiple non-isolated regulation stages limitations.[1]  The Court's resolution of that timely presented dispute is needed and has been fully briefed and argued.

SynQor objects to the Recommendation's linkage of the relief requested in SynQor's motion, which was timely filed, properly supported, and within the Court's page limits for

---

[1] Cisco agrees that all but one of the limitations SynQor identifies as undisputed are, in fact, undisputed. Ex. 1, 8/14/2014 Hr. Tr. at 18:14-17.  The one exception is the set of multiple non-isolated regulation stages limitations.

PAGE 1

summary judgment motions, with Cisco's untimely request for relief on a different issue (validity) that it opted not to include within the pages of the five summary judgment motions it filed (*see* Dkt. 96, 97, 98, 102, and 103).

## II.     ARGUMENT

This case involves six patents directed to sophisticated power electronics converters and systems, and more than 500 unique Cisco end products including more than 50 accused bus converter models supplied by 8 different suppliers. Dkt. 93 at 1. As explained in SynQor's motions (Dkt. 93, 94, and 95) and reply (Dkt. 144), Cisco does not dispute that its accused products meet many of the limitations at issue. Accordingly, SynQor sought summary judgment regarding these undisputed limitations to avoid consuming substantial trial time for SynQor and its expert to make a needless showing to the jury of highly technical and undisputed facts. Such a showing could be required to avoid any later contention that SynQor failed to carry its burden even if Cisco does not dispute at trial that these limitations are met. However, such a showing would waste both party and judicial resources and could result in juror confusion.

With the exception of the "multiple non-isolated regulation stages" limitations asserted against the non-isolated switching regulators in Cisco's products, Cisco has raised no disputes regarding the claim limitations for which SynQor sought summary judgment. In fact, as the Recommendation acknowledges: "Cisco agrees that simplification is appropriate and does not object to simplifying the case by removing undisputed limitations from the jury's consideration." Dkt. 185 at 3. What is more, Cisco's counsel conceded at the hearing in this matter that the Court should enter the relief SynQor seeks:

> . . . we agree that it is totally appropriate for the Court to enter an order that says the following limitations are not in dispute with the actually undisputed limitations.

Ex. 1, 8/14/2014 Hr. Tr. at 18:5-8.

Against this backdrop, there is no reason why summary judgment should have been denied. There is no dispute that the accused Cisco products meet the limitations of the claims asserted against them identified in the claim charts submitted at the hearing—i.e., all claim

limitations in the attached appendices except the unhighlighted and blue-highlighted limitations. *See* Appendix A (PCAs incorp. old CPNs); Appendix B (PCAs incorp. new CPNs); Appendix C (PCAs incorp. Vicor). And Cisco admitted at the hearing that the relief SynQor requested is appropriate. At the very least, summary judgment should be granted for the undisputed limitations. Moreover, as explained in SynQor's reply and at the hearing, summary judgment is also appropriate for the blue-highlighted limitations relating to the non-isolated switching regulators in Cisco's end products. *See* Dkt. 144 at 2; Ex. 1, 8/14/2014 Hr. Tr. at 8:2-11:8.

The Recommendation to deny summary judgment here where there is no genuine dispute as to any material fact that the accused products meet the identified claim limitations (as admitted by Cisco itself at the hearing) is contrary to law. As the Federal Circuit has made clear: "Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994) (citations omitted) (affirming summary judgment). Indeed, "[t]he court *shall* grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). This is not optional; it is what the law requires. And it is also perfectly appropriate to grant partial summary judgment with respect to accused products meeting the limitations of certain claims or parts of claims. *See, e.g., Elantech Devices Corp. v. Synaptics, Inc.*, No. C 06-01839, 2008 WL 2008627, *7 (N.D. Cal. Apr. 16, 2008) (granting in part patentee's motion for partial summary judgment seeking only a determination that certain elements of the accused products "meet the limitations of the corresponding claims of Synaptics's patents"); *see also SynQor, Inc. v. Artesyn Techs, Inc. et al.*, No. 2:07-cv-497-TJW-CE, Dkt. 752, 753, 754, 760 (E.D. Tex. Dec. 10 and Dec. 12, 2010) (same regarding some of the same patents, Cisco products, and bus converters at issue in these motions).

By ordering the meet and confer rather than addressing the merits of the summary judgment motions, the Court has also failed to address the limitations about which SynQor

PAGE 3

asserts there is no genuine issue of material fact and Cisco asserts there is – the multiple non-isolated regulation stages limitations (the blue-highlighted limitations in Appendices A, B and C) that are satisfied by the non-isolated switching regulators in Cisco's end products. Those limitations cannot possibly be resolved through a meet and confer – while Cisco should stipulate that the limitations it agrees are undisputed are met (unless it refuses to stipulate in an attempt to extract improper stipulations from SynQor regarding the prior art[2]), Cisco will not stipulate to the allegedly disputed limitations that were discussed at length in the parties' briefing and at the hearing. The Court's decision as to whether there is a genuine issue of fact as to those limitations is needed, and was timely presented by SynQor.

There is also no basis for denying SynQor's timely filed motions just because Cisco has now requested to meet and confer regarding limitations in the prior art. Cisco did not request such relief before the Court's deadline for dispositive motions and instead chose to use its allotted pages for dispositive motions on other issues it evidently thought more important or amenable to summary judgment. Dkt. 78 (setting June 30, 2014 deadline for dispositive motions); Dkt. 96, 97, 98, 102, 103 (Cisco's summary judgment motions). Cisco filed no such motion regarding the prior art for good reason. The asserted prior art references are in some cases textbooks hundreds of pages in length or long articles disclosing numerous different embodiments. It is not meaningful (and risks confusing the jury) to identify whether or not a limitation or a portion of a limitation is found somewhere within one of those references or within combinations of disparate references. The issues for validity are whether or not a single prior art reference discloses all of the limitations in a single embodiment within the reference in the manner in which they are arranged in the claims, or whether combinations of references render SynQor's claimed inventions obvious by disclosing all the limitations and making it obvious to combine them in the manner claimed. *See, e.g.*, *Therasense, Inc. v. Becton, Dickinson*

---

[2] Indeed, despite acknowledging to the Court that it does not dispute that the accused products meet the limitations shown in the attached appendices, Cisco has to date refused to submit anything but a joint stipulation as to both infringement and validity issues. Ex. 2, 9/15/2014 email chain.

*& Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010), quoting *NetMoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008) ("[U]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102."); *Sanofi-Synthelabo v. Apotex, Inc.*, 550 F.3d 1075, 1086 (Fed. Cir. 2008) ("The determination of obviousness is made with respect to the subject matter as a whole, not separate pieces of the claim." (citations omitted)). By contrast, Cisco's accused products are specific, concrete systems in which the elements of the claimed inventions are arranged together and can easily be identified, as SynQor has done and Cisco has not disputed as to the elements at issue here (other than the "multiple non-isolated regulation stages" limitations).

SynQor is willing to meet and confer with Cisco to identify, where and if appropriate, any stipulations the parties can make regarding prior art. Indeed, SynQor has already entered into stipulations that Cisco (and Vicor) actually requested of SynQor – regarding the prior art status of various references. Dkt. 147. But, SynQor objects to the Recommendation's denial of SynQor's properly supported, timely-requested motions for summary judgment and the relief SynQor is entitled to on those motions while the parties meet and confer about relief Cisco failed to request by the Court's dispositive motion deadline.

For the foregoing reasons, SynQor respectfully requests that the Court grant SynQor's Motions for Summary Judgment (Dkt. 93, 94, and 95).

Dated: September 23, 2014

/s/ David T. DeZern
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

*ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on counsel of record via email on September 23, 2014.

/s/ David T. DeZern
David T. DeZern