**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SynQor, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> Cisco Systems, Inc., <br><br>    Defendant. | Civil Action No. 2:14-CV-286-MHS-CMC <br><br> **JURY TRIAL** |

**CISCO'S SUR-REPLY IN OPPOSITION TO SYNQOR'S MOTION FOR A
SEPARATE BENCH TRIAL ON CISCO'S EQUITABLE AFFIRMATIVE DEFENSES**

I.      INTRODUCTION

SynQor's reply confirms that it seeks bifurcation not for any of the reasons provided under Rule 42(b) but rather to ensure that the jury only gets to hear SynQor's side of the story. SynQor's claim of infringement is directly contrary to what SynQor and Dr. Schlecht told (or failed to tell) Cisco, MIT, and the Patent Office about the asserted patents.  And that same evidence also supports Cisco's claim that SynQor's patents are not adequately enabled or described under 35 U.S.C. § 112.  SynQor cannot keep that evidence from the jury simply because it also is relevant to Cisco's equitable defenses.  If anything, the evidentiary overlap between the issues that the jury must decide and Cisco's equitable defenses warrants a single trial that addresses those issues together.

SynQor's proposal of a separate trial after the jury trial also would unnecessarily burden witnesses, the parties, and the Court without providing any of the benefits of bifurcation under Rule 42(b).  Bifurcation would not only extend the length of trial by requiring witnesses to be recalled, but SynQor's proposal would also impose significant administrative burdens during the jury trial—requiring the parties and the Court to police SynQor's false distinction between evidence relevant to the parties' legal claims and Cisco's equitable defenses.  The far more efficient and manageable approach is to present all claims and defenses together in a single trial, which also would permit the Court to benefit from the jury's advisory verdict on Cisco's equitable defenses.  SynQor's motion to bifurcate should be denied.

II.     ARGUMENT

   A.      **SynQor Bears The Burden To Show That Bifurcation Is Appropriate.**

SynQor's motion rests largely on the supposed "standard practice of ordering separate trials on equitable defenses" in patent cases.  Dkt. 163 at 3.  But the only "standard practice" under Rule 42(b) is a presumption *against* bifurcation.  *See, e.g.*, *McDaniel v. Anheuser-Busch,*

1

*Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). It is SynQor's burden to overcome that presumption. *Plew v. Limited Brands, Inc.*, No. 08-cv-3741, 2012 WL 379933, at *9 (S.D.N.Y. Feb. 6, 2012) ("[T]he moving party bears the burden of establishing that bifurcation is warranted.").

SynQor attempts to avoid its burden by suggesting that the usual application of Rule 42(b) does not apply in patent cases or to equitable defenses. Dkt. 190 at 1-2. That is incorrect. *Plew*, 2012 WL 379933, at *9 ("Bifurcation in patent cases, as in others, is the exception, not the rule . . . ."); *Laitram Corp. v. Hewlett-Packard Corp.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("In patent cases, as in others, separate trials should be the exception, not the rule."); *Sonobound Corp. v. Uthe Tech., Inc.*, 314 F. Supp. 878, 882 (N.D. Cal. 1970) ("Courts have cautioned against piecemeal adjudication and have urged the general advisability of a trial on all the issues of patent validity, infringement and misuse except where such a consolidation would be unduly burdensome."). In fact, that argument is contradicted by the very authority that SynQor cites. Peter S. Menell *et al.*, Federal Judicial Center, Patent Case Management Judicial Guide § 8.1.1 (2009) ("[B]ifurcation in patent cases is the exception, not the rule, and appropriate only if it will promote judicial economy and not be inconvenient or prejudicial to the parties.").

Nor are the patent cases denying bifurcation limited to the issues of damages or willfulness, as SynQor incorrectly suggests (Dkt. 190 at 1). *See, e.g.*, *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1336 (M.D. Fla. 2006) (denying motion to bifurcate inequitable conduct defense because bifurcation "could require re-calling witnesses who will or had testified at the jury trial"); *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 123 F.R.D. 543, 547 (N.D. Tex. 1988) (denying motion to bifurcate inequitable conduct defense because bifurcation "would not serve any of the purposes of Rule 42(b)"); *Sonobound*, 314 F.

2

Supp. at 882 (denying motion to bifurcate patent misuse defense). SynQor cannot rely on any presumptions or standard practices to satisfy its burden of showing that bifurcation is appropriate here.

### B. The Evidentiary Overlap Between The Parties' Legal Claims And Cisco's Equitable Defenses Favors A Single Trial Addressing Both.

The same evidence that supports Cisco's equitable defenses is also relevant and independently admissible with respect to the parties' legal claims. For example, SynQor's and Dr. Schlecht's dealings with Cisco are highly relevant to SynQor's claim of infringement. If SynQor is going to accuse Cisco of infringement by the Old CPNs—and assert that such alleged infringement was willful[1]—the jury needs to understand how Cisco came to use the accused unregulated bus converters in the first place, including what SynQor and Dr. Schlecht told (or failed to tell) Cisco about the asserted patents. Likewise, if SynQor is going to accuse Cisco of infringement by the New CPNs—and assert that such alleged infringement was willful—the jury needs to know what SynQor told the Patent Office that its patents cover—statements that also support nonwillfulness.[2] And those same statements to the Patent Office are highly relevant to Cisco's claim that those patents do not adequately enable or disclose the full scope of the claimed invention, particularly where those statements are directly contrary to what SynQor now asserts that its patents cover.

SynQor argues that examining Dr. Schlecht concerning his dealings with Cisco and MIT is an impermissible attack on his credibility with "irrelevant matters." Dkt. 190 at 2. But what Dr. Schlecht told Cisco in order to convince Cisco to adopt the accused unregulated intermediate

---

[1] Willfulness should not be presented to the jury absent a threshold showing of objective willfulness. *See* Dkt. 175 at 20-22. But in the event that the issue of subjective willfulness goes to the jury, what SynQor did or did not tell Cisco about its patents is certainly relevant to Cisco's subjective state of mind.

[2] Contrary to SynQor's argument (Dkt. 190 at 4), Cisco does not intend offer evidence or argument inconsistent with the Court's claim constructions. If anything, it is SynQor that intends to offer evidence and argument that is contrary to the Court's claim constructions by doing away with the "*non*-regulating" limitations. *See* Dkt. 183 at 1-7.

bus architecture in the first place is highly relevant in a lawsuit where SynQor has accused Cisco of willful infringement through its use of the very same technology.  And what Dr. Schlecht told MIT about the '190 patent in order to convince MIT to waive its rights to that patent is highly relevant in a lawsuit involving the very same patent.  How Dr. Schlecht distinguished his work at MIT from the claimed invention is certainly relevant to understanding the scope of his alleged invention.  It is not an inappropriate attack on Dr. Schlecht's credibility to confront him with evidence that conflicts with SynQor's current assertion of its patents against Cisco, particularly given the claim of willful infringement.  SynQor cannot narrowly define the relevant evidence to include only the material that it believes is helpful to its case.

Given the substantial evidentiary overlap, bifurcation of Cisco's equitable defenses is inappropriate.  *See, e.g.*, *Precision Shooting Equip., Inc. v. Golden Eagle Indus., LLC*, No. 00-cv450, 2005 WL 1669120, at *2 (M.D. Fla. July 8, 2005) ("Judicial economy would not result from the proposed bifurcation because of the overlapping evidence and testimony that will be heard in both the [equitable and legal] defenses questioning the enforceability and validity of the patent.").

    **C.**    **SynQor's Proposed Trial Structure Imposes Unnecessary Burdens.**

Attempting to downplay the inefficiencies of bifurcation, SynQor for the first time in its reply brief explains how it envisions that a separate trial on Cisco's equitable defenses might work.  Dkt. 190 at 3-4.  But even under SynQor's proposed structure, separate trials on the parties' legal claims and Cisco's equitable defenses will significantly burden all involved.  Most importantly, SynQor does not address the fact that witnesses will need to be recalled in order to testify a second time, extending the time that the Court will devote to the presentation of evidence and posing a completely unnecessary burden on the witnesses, many of whom will be traveling long distances.  *See* Dkt. 169-1; Dkt. 169-2.  Moreover, the presentation of evidence at

the jury trial will be more complicated as the parties and the Court try to draw a distinction between the evidence that can be presented to the jury and the evidence that should be reserved for a separate bench trial—a task made more difficult by the significant evidentiary overlap between the parties' legal claims and Cisco's equitable defenses. Those burdens can (and should) be avoided entirely through a single trial that addresses all claims and defenses together, which would provide the additional benefit of the jury's advisory verdict to assist the Court's assessment of Cisco's equitable defenses.

### III.    CONCLUSION

The Court should deny SynQor's motion to bifurcate Cisco's equitable defenses.

Dated: September 25, 2014

Douglas M. Kubehl
 douglas.kubehl@bakerbotts.com
Kurt M. Pankratz
 kurt.pankratz l@bakerbotts.com
Christa Brown-Sanford
 christa.brown-sanford@bakerbotts.com
Roshan S. Mansinghani
 roshan.mansinghani@bakerbotts.com
R. Scott McClelland
 scott.mcclelland@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Michael E. Jones (SBN: 10929400)
 mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
 allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Andrea Pacelli (admitted *pro hac vice*)
 andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

**ATTORNEYS FOR
DEFENDANT CISCO SYSTEMS, INC.**

Respectfully submitted,

*/s/ Louis W. Tompros, with permission by
Michael E. Jones*

William F. Lee (admitted *pro hac vice*)
 william.lee@wilmerhale.com
Louis W. Tompros (admitted *pro hac vice*)
 louis.tompros@wilmerhale.com
Richard A. Goldenberg (admitted *pro hac vice*)
 richard.goldenberg@wilmerhale.com
Rachel I. Gurvich (admitted *pro hac vice*)
 rachel.gurvich@wilmerhale.com
Andrew J. Danford (admitted *pro hac vice*)
 andrew.danford@wilmerhale.com
Kelli J. Powell (admitted *pro hac vice*)
 kelli.powell@wilmerhale.com
Dana O. Burwell (admitted *pro hac vice*)
 dana.burwell@wilmerhale.com
Allison Trzop (admitted *pro hac vice*)
 allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel L. Weiner (admitted *pro hac vice*)
 rachel.weiner@wilmerhale.com
Jonathan Uffelman (admitted *pro hac vice*)
 jonathan.uffelman@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 25, 2014.

                                                  */s/ Michael E. Jones*