**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC. <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Civ. No. 2:14-cv-286-MHS-CMC <br><br> **JURY TRIAL DEMANDED** |

**CISCO SYSTEMS, INC.'S OPPOSITION TO SYNQOR, INC.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 185) REGARDING SYNQOR'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT RELATING TO INFRINGEMENT (DKT. 93, 94, AND 95)**

The Court should overrule SynQor's objections (Dkt. 194) ("SynQor's Objections") to the Magistrate Judge's Report and Recommendation (Dkt. 185) ("Recommendation").  The Magistrate Judge correctly concluded that SynQor was not entitled to partial summary judgment of infringement, and appropriately ordered the parties to meet and confer regarding a joint stipulation as to undisputed patent claim limitations for both infringement and invalidity, to simplify the case for trial.

SynQor raises three objections to the Recommendation, none of which have merit.  ***First***, SynQor argues that because it identified certain limitations that it contends are undisputed, the court was ***required*** to grant partial summary judgment addressing those limitations, and its "refusal" to do so was error.  *See* SynQor's Objections at 1.  In fact, SynQor goes so far as to say that "[t]his is not optional," because Rule 56(a) uses the word "shall."  *Id.* at 3.  SynQor is wrong.

As the Supreme Court has explained, under Rule 56, a trial court is free to deny summary judgment "where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").  Summary judgment is only "not optional" when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and ***on which that party will bear the burden of proof*** at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).  Here, SynQor is seeking summary judgment on issues on which SynQor—not Cisco—bears the burden of proof.  There is no rule that strips a court of its discretion to deny summary judgment when "the better course would be

to proceed to a full trial" when the moving party has the burden of proof.

In fact, the "shall" in Rule 56 on which SynQor relies to claim that summary judgment in these circumstances "is not optional" was specifically restored to Rule 56 to avoid any risk of changing the "many decades" of case law concerning when "a district court has discretion to deny summary judgment." *See* Fed. R. Civ. P. 56 advisory committee notes, 2010 amendment, subdivision (a) ("Comments on proposals to amend Rule 56, as published in 2008, have shown that neither of the choices available under the Style Project conventions—'must' or 'should'—is suitable in light of the case law on whether a district court has discretion to deny summary judgment when there appears to be no genuine dispute as to any material fact. Eliminating 'shall' created an unacceptable risk of changing the summary-judgment standard. Restoring 'shall' avoids the unintended consequences of any other word." (citations omitted)). SynQor's unsupported assertion that entry of summary judgment "is not optional" is a gross oversimplification of what Rule 56 requires.

In particular, granting partial summary judgment on only one element of a party's claim so as to simplify a case is, in fact, "optional" and appropriately left to the discretion of the Court as a matter of case management. Here, SynQor did not seek summary judgment on any claim or defense; rather, it sought judgment that certain "claim limitations are met by the accused products" for the purpose of simplifying trial. SynQor's Objections at 1. Even the authority on which SynQor relied to argue that it was ***permissible*** for the Court to grant partial summary judgment on part of a claim for purposes of simplification made clear that such a grant is a matter of discretion, as part of the Court's broad authority to manage the cases before it. *See* SynQor's Motion for Partial Summary Judgment Relating to Infringement by Cisco's Products Incorporating Old CPNs (Dkt. 93), at 7 (citing *Gatt Trading, Inc. v. Sears, Roebuck & Co.*, No.

Civ. A. 3:02-CV-1573, 2004 WL 2511894, at *5 n.12 (N.D. Tex. Nov. 8, 2004) ("While the Fifth Circuit has not set a rule regarding the procedural propriety of a partial motion for summary judgment, numerous Courts have held that a district court *may* grant summary judgment on specific issues without granting summary judgment as to the entire cause of action in order to narrow the issues presented at trial." (emphasis added))); *see also Sebastian Int'l, Inc. v. Russolillo*, 151 F. Supp. 2d 1215, 1217 (C.D. Cal. 2001) ("A court *may* grant summary adjudication on specific issues without granting summary judgment as to the entire cause of action so as to narrow the issues for trial." (emphasis added)); *see also generally United States v. Gray*, 105 F.3d 956, 964 (5th Cir. 1997) ("[A] district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial." (internal quotation marks omitted)). There is no authority for SynQor's view that a district court *must* grant partial summary judgment to simplify trial.

*Second*, SynQor argues that by denying its motion for summary judgment, the Magistrate Judge "failed to address" certain of the limitations that Cisco disputes, namely, the "non-isolated regulation stages" limitations. *See* SynQor's Objections at 3-4. This is wrong. The Magistrate Judge did address those limitations and concluded that there were disputed issues of fact. Specifically, the Magistrate Judge concluded that there was a "disagreement regarding whether the non-isolated point of load converters in Cisco's end products, the NiPOLs, satisfy the claim limitation reciting 'a plurality of non-isolating *regulation* stages.'" Recommendation at 3 (citation omitted). As Cisco explained in detail in briefing and at argument, "whether a converter is 'regulating' or 'non-regulating' is a central dispute between the parties." *See* Cisco's Sur-reply in Opposition to SynQor's Motions for Partial Summary Judgment Relating to Infringement (Dkt. 149), at 2. Cisco explained that SynQor had identified two converters—an

3

"IBC" and a "NiPOL"—with structures that were identical in all relevant respects, but SynQor mapped one onto the "regulating" limitation and the other onto the "non-regulating" limitation. *See id.* As a result, the Magistrate Judge concluded that the "regulating" limitation was a "disputed limitation." *See* Recommendation at 4. The Magistrate Judge also indicated that "[w]hether a converter is 'regulating' or 'non-regulating' will be considered by the Court" in its forthcoming opinion on Cisco's cross-motion for partial summary judgment of non-infringement. *Id.* Thus, contrary to SynQor's allegation, the Magistrate Judge did not "fail to address" anything. Rather, the Magistrate Judge carefully considered and rightly rejected SynQor's argument that there were no genuine issues of material fact as to the "regulating" limitation, found that it was a "disputed limitation," and indicated that a further opinion on "regulating" and "non-regulating" would be forthcoming. SynQor has identified no error.

***Third***, SynQor complains about timing: it argues that it was somehow improper for the Magistrate Judge to order that the parties confer on undisputed limitations for infringement at the same time that the parties confer on undisputed limitations for invalidity. But SynQor's complaint is baseless. The appropriate timing of pretrial procedures is a matter squarely within the broad discretion of the Court. *See, e.g.*, *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979) (explaining that broad discretion is necessary "for pretrial procedures to continue as viable mechanisms of court efficiency"). SynQor has identified no inefficiency or prejudice that would result from the Magistrate Judge's recommendation that the parties attempt to reach agreement on a "joint stipulation" concerning both invalidity and infringement "at the same time." Recommendation at 5, 6. Rather, since both invalidity and infringement require a claim-by-claim analysis, the recommendation that the parties reach a joint stipulation addressing both issues is more efficient than SynQor's proposed process, by which infringement is addressed

first, then the parties confer separately about invalidity.  *See* SynQor's Objections at 5.

SynQor also implies that Cisco has delayed the process for reaching the stipulation that the Magistrate Judge ordered.  Specifically, SynQor accuses Cisco of holding an infringement stipulation "hostage" and argues that Cisco has "refused to submit anything but a joint stipulation as to both infringement and validity issues."  *See* Objections at 4 n.2 & Ex. 2, p. 3.  SynQor's hyperbolic language aside, what Cisco has done is follow the Magistrate Judge's instructions.  SynQor provided Cisco with a proposed stipulation concerning infringement only, and Cisco responded with a proposed joint stipulation addressing undisputed limitations for both infringement and invalidity.  *See* Ex. A at 1.  This joint stipulation is precisely what the Recommendation orders the parties to submit.  *See* Recommendation at 6.  The parties have since been conferring to reach agreement on an appropriate, parallel format for the joint stipulation, as well as on the specific contents of the stipulation.  *See* Ex. B.

Finally, SynQor repeats the argument that it made to the Magistrate Judge that the determinations of invalidity and infringement are somehow so different in kind that they should not be considered together.  *See* SynQor's Objections at 4-5.  But SynQor's claim that invalidity and infringement are entirely different is wrong.  As the Federal Circuit has repeatedly explained, "that which infringes if later anticipates if earlier."  *Polaroid Corp. v. Eastman Kodak Co.*, 789 F.2d 1556, 1573 (Fed. Cir. 1986) (internal quotation marks omitted).  Here, Cisco's obviousness defense depends in part on the disclosure of each of the limitations of each of the asserted claims in the asserted prior art references.  Most of those disclosures are undisputed.  Thus, for exactly the same reason that narrowing the disputed limitations by stipulation is appropriate for SynQor's infringement case, it is appropriate for Cisco's invalidity case.

For the foregoing reasons, SynQor's objections should be overruled.

Dated:   October 14, 2014

By: /s/  *Louis W. Tompros, with permission by Michael E. Jones*

Douglas M. Kubehl
  douglas.kubehl@bakerbotts.com
Kurt M. Pankratz
  kurt.pankratz@bakerbotts.com
Christa Brown-Sanford
  christa.brown-sanford@bakerbotts.com
Roshan S. Mansinghani
  roshan.mansinghani@bakerbotts.com
R. Scott McClelland
  scott.mcclelland@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Michael E. Jones (SBN: 10929400)
  mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
  allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Andrea Pacelli (admitted *pro hac vice*)
  andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
Telephone:  (212) 230-8800
Facsimile: (212) 230-8888

William F. Lee (admitted *pro hac vice*)
  william.lee@wilmerhale.com
Louis W. Tompros (admitted *pro hac vice*)
  louis.tompros@wilmerhale.com
Richard A. Goldenberg (admitted *pro hac vice*)
  richard.goldenberg@wilmerhale.com
Rachel I. Gurvich (admitted *pro hac vice*)
  rachel.gurvich@wilmerhale.com
Andrew J. Danford (admitted *pro hac vice*)
  andrew.danford@wilmerhale.com
Kelli J. Powell (admitted *pro hac vice*)
  kelli.powell@wilmerhale.com
Dana O. Burwell (admitted *pro hac vice*)
  dana.burwell@wilmerhale.com
Allison Trzop (*admitted pro hac vice*)
  allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel Weiner Cohen (admitted *pro hac vice*)
  rachel.cohen@wilmerhale.com
Jonathan Uffelman (admitted *pro hac vice*)
  jonathan.uffelman@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**ATTORNEYS FOR
DEFENDANT CISCO SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5(a)(3) on October 14, 2014.  Any other counsel of record will be served by First Class U.S. mail on this same date.

                 */s/ Michael E. Jones*