IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYNQOR, INC. | § | |
| | § | |
| V. | § | No. 2:14CV286 |
| | § | |
| CISCO SYSTEMS, INC. | § | |

**MEMORANDUM ORDER ADOPTING**
**THE REPORT AND RECOMMENDATION REGARDING**
**SYNQOR'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
**(DKT. NOS. 93, 94, AND 95)**

The above case was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. SynQor, Inc. ("SynQor") filed objections to the Report and Recommendation. Cisco Systems, Inc. ("Cisco") filed a response; SynQor filed a reply; and Cisco filed a surreply. The Court conducted a *de novo* review of the magistrate judge's findings and conclusions.

**BACKGROUND**

On January 28, 2011, SynQor filed suit against Cisco and Vicor Corporation ("Vicor"), alleging infringement of six patents-in-suit. *See* Cause No. 2:11cv54. On March 31, 2014, the Court ordered SynQor's claims against Cisco and against Vicor be severed into two newly-created cases, with SynQor's claims against Cisco being severed into the above case.

**REPORT AND RECOMMENDATION**

On September 9, 2014, the magistrate judge issued a Report and Recommendation,

recommending SynQor's Motions for Partial Summary Judgment Relating to Infringement (Dkt. Nos. 93, 94, and 95) be denied. The magistrate judge indicated she would determine the one disputed issue regarding whether a converter is "regulating" or "non-regulating," along with the fixed duty cycle limitations, in her Report and Recommendation on Cisco's Motion for Partial Summary Judgment No. 1: Noninfringement by Products Incorporating New CPNs.

Regarding the other undisputed claim limitations raised by SynQor in its motions, the magistrate judge agreed it would be appropriate for the parties to simplify the case regarding these issues, but she indicated the undisputed issues would be best resolved by joint stipulations by the parties rather than in a ruling on the motions for partial summary judgment. To that end, the magistrate judge ordered the parties to meet and confer regarding a joint stipulation as to the undisputed limitations highlighted by SynQor in its hearing handouts. Additionally, to the extent there are any stipulations the parties can make regarding prior art, the magistrate judge ordered the parties to do so at the same time they are conferring regarding the stipulations as to claim limitations.

## **OBJECTIONS**

SynQor objects to the Report and Recommendation for the following three reasons:

*First*, SynQor asserts there are no genuine issues of material fact as to the undisputed limitations highlighted in SynQor's hearing handouts, and the magistrate judge erred in recommending the parties be ordered to meet and confer regarding a joint stipulation as to those issues, rather than recommend SynQor's motions for partial summary judgment be granted.

*Second*, SynQor asserts the magistrate judge has failed to address the limitations about which Cisco asserts there is a genuine issue of material fact, namely the multiple non-isolated regulation stages limitations. SynQor asserts resolution of that central disputed issue is needed and has been

fully briefed.

***Third***, SynQor objects that Cisco filed no motion for summary judgment regarding prior art, and the magistrate judge erred in linking the relief SynQor requested in its motions with Cisco's untimely request for relief on a different issue. SynQor states it has already entered into stipulations regarding the prior art status of various references, and it remains willing to meet and confer with Cisco to further identify, where and if appropriate, any stipulations the parties can make regarding prior art. According to SynQor, because SynQor has refused to stipulate to a "misleading representation regarding the prior art, Cisco now refuses to stipulate to SynQor's claims charts for the accused products."[1] Objections at pg. 3.

## *DE NOVO* REVIEW

**Objection No. 1**

Granting partial summary judgment on only certain elements of a party's claim in order to simplify issues for trial is left to the discretion of the Court. The Court agrees with the magistrate judge that any undisputed issues regarding whether "certain claim limitations are met by the accused products" are best resolved by joint stipulations by the parties. Considering this will simplify the case as desired by SynQor and the Court and further considering Cisco's representations that the parties are in the process of drafting comprehensive stipulations as to the undisputed issues addressed in SynQor's motions, SynQor has failed to identify any prejudice that would result from

---

[1] Specifically, SynQor asserts Cisco is refusing to agree to the joint stipulation regarding SynQor's highlighted handouts (as Cisco represented to the Court at the hearing could be agreed upon), instead insisting that SynQor use the same format to stipulate for Cisco's accused products and the prior art. In its surreply, Cisco asserts the parties are in the process of drafting the comprehensive appendices that set out precisely which claim limitations are satisfied by the accused products and precisely which claim limitations are satisfied by the asserted prior art references.

the Court adopting the magistrate judge's recommendation that the parties enter into a joint stipulation concerning infringement.

As the parties have said they have been meeting and conferring already, the Court orders the parties to continue to meet and confer regarding which claim limitations are satisfied by the accused products. In light of the Court's adopting the Report and Recommendation, the Court further orders the parties to file with the Court, within thirty days from the date of entry of this Order, a joint stipulation as to the undisputed limitations highlighted by SynQor in its hearing handouts. The Court fully expects Cisco to abide by its previous representations and to stipulate to the undisputed issues raised in SynQor's motions, regardless of whether the parties are able to reach any similar agreements as to validity issues discussed below.[2]

**Objection No. 2**

The Court notes the magistrate judge recently issued a separate Report and Recommendation regarding Cisco's motion for partial summary judgment no. 1, wherein she addresses the regulation limitations as she indicated she would do; thus, this objection is without merit.

**Objection No. 3**

Regarding Cisco's request that the validity case also be simplified at trial by way of joint stipulations, the magistrate judge noted Cisco did not move for summary judgment that any claim limitations in the prior art had been met. However, given the parties' desire that this case be simplified as much as possible, the magistrate judge *encouraged* the parties to continue to work together to simplify the validity issues for trial, where appropriate.

---

[2] To the extent Cisco fails to do so, SynQor may file an appropriate motion with the Court.

The Court agrees with the magistrate judge that to the extent the parties can identify any stipulations regarding prior art, it would be beneficial for them to do so.  Like the parties, the Court would like this case to be as simplified as possible before trial.  The format of the stipulation is of no concern to the Court.

**Conclusion**

SynQor's objections are without merit. The Court, having reviewed the relevant briefing, the Report and Recommendation, SynQor's objections, the response to the objections, the reply, and the surreply, adopts the Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court.  Accordingly, it is hereby

**ORDERED** that SynQor, Inc.'s Motion for Partial Summary Judgment Relating to Infringement by Cisco's Products Incorporating Old CPNs (Dkt No. 93); SynQor, Inc.'s Motion for Partial Summary Judgment Relating to Infringement by Cisco's Products Incorporating New CPNs (Dkt. No. 94); and SynQor, Inc.'s Motion for Partial Summary Judgment Relating to Infringement by Cisco's Products Incorporating Vicor Bus Converters (Dkt. No. 95)are **DENIED.**  It is further

**ORDERED** that SynQor and Cisco shall continue to meet and confer. Within thirty days from the date of this Order, the parties shall file a joint stipulation as to the undisputed limitations highlighted by SynQor in its hearing handouts.

To the extent there are any stipulations the parties can make regarding prior art, the parties shall file the stipulations within thirty days from the date of this Order.

**SIGNED this 3rd day of December, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE