**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>                Defendant. | Civ. No. 2:14-CV-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**<u>UNOPPOSED MOTION TO CLARIFY REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (DKT. 104)</u>**

SynQor hereby moves for an order clarifying the Report and Recommendation of the United States Magistrate Judge regarding SynQor, Inc.'s Motion for Summary Judgment on Defendants' § 112 Affirmative Defenses and Counterclaims (Dkt. 104). Specifically, in light of the reasoning, findings, and conclusions set forth in the Report and Recommendation ("R&R"), and the Report and Recommendation on Cisco's Motion No. 1, SynQor requests clarification that SynQor's motion is recommended to be GRANTED with respect to Cisco's indefiniteness defenses to the extent the district court also adopts the Report and Recommendation on Cisco's Motion No. 1 in its entirety. SynQor has met and conferred with Cisco regarding the relief requested herein, and Cisco does not oppose SynQor's request for clarification as set forth in the parties' Joint Stipulation Regarding Summary Judgment Reports and Recommendations (Dkt. 215).

While the Report and Recommendation finds issues of material fact with respect to Defendants' written description and enablement challenges, the Report and Recommendation rejects as a matter of law each of the indefiniteness challenges that Cisco has asserted in this case based, at least in part, on its contemporaneously issued Report and Recommendation on Cisco's Motion No. 1. Specifically, the Report and Recommendation "finds the claims at issue use permissible functional language" and that certain limitations "recite an apparatus that is configured to perform functions not method steps that are performed by the claimed power converter systems, and is thus not indefinite under *IPXL Holdings*." R&R at 24-25. Moreover, the Report and Recommendation explicitly "finds the claims 'inform, with reasonable certainty, those skilled in the art about the scope of the invention.'" R&R at 26 (quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014)).

In light of the foregoing findings, SynQor and Cisco read the Report and Recommendation as holding, as a matter of law, that to the extent the district court adopts the Magistrate Judge's Report and Recommendation on Cisco's Motion No. 1 in its entirety, the patents-in-suit are not indefinite on any of the grounds that Cisco has asserted. For the purposes of clarity, and to avoid unnecessary briefing as the case proceeds, SynQor respectfully requests

an order clarifying the Report and Recommendation, as set forth in the attached proposed order. Cisco does not oppose the relief SynQor seeks.

|  |  |
|---|---|
| Dated:  December 8, 2014 | */s/ David T. DeZern*<br>**Thomas D. Rein** (*admitted pro hac vice*)<br>Lead Attorney<br>trein@sidley.com<br>**Russell E. Cass** (*admitted pro hac vice*)<br>rcass@sidley.com<br>**Stephanie P. Koh** (*admitted pro hac vice*)<br>skoh@sidley.com<br>**Bryan C. Mulder**  (*admitted pro hac vice*)<br>bmulder@sidley.com<br>**Nathaniel C. Love** (*admitted pro hac vice*)<br>nlove@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone:    312.853.7000<br>Facsimile:    312.853.7036<br><br>**Michael D. Hatcher**<br>Texas State Bar No. 24027067<br>mhatcher@sidley.com<br>**David T. DeZern**<br>Texas State Bar No. 24059677<br>ddezern@sidley.com<br>SIDLEY AUSTIN LLP<br>2001 Ross Avenue, Suite 3600<br>Dallas, TX 75201<br>Telephone:    214.981.3300<br>Facsimile:    214.981.3400<br><br>***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*** |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, and accompanying exhibits, are being served on counsel of record via the Court's CM/ECF system on December 8, 2014.

*/s/ David T. DeZern*
David T. DeZern