**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>               Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>               Defendant. | Civ. No. 2:14-CV-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR, INC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' §112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................................. 1

II. THE COURT SHOULD GRANT SUMMARY JUDGMENT TO REMOVE CISCO'S WRITTEN DESCRIPTION AND ENABLEMENT DEFENSES FROM THIS CASE. ........................................................................................................... 1

III. THE ASSERTED CLAIMS ARE NOT INDEFINITE. ....................................... 5

IV. CONCLUSION ..................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313 (Fed. Cir. 2003) ............................ 2, 3

*Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) .......................................... 4

*CFMT, Inc. v. Yieldup Int'l Corp.*, 349 F.3d 1333 (Fed. Cir. 2003) ................................................. 3

*Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352 (Fed. Cir. 2003) ....................................... 3, 4

*DeGeorge v. Bernier*, 768 F.2d 1318 (Fed. Cir. 1985) ................................................................. 3, 4

*In re Wands*, 858 F.2d 731 (Fed. Cir. 1988) .................................................................................... 5

*In re Wright*, 866 F.2d 422 (Fed. Cir. 1989) .................................................................................... 2

*Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052 (Fed. Cir. 2005) ....................................... 5

*Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363 (Fed. Cir. 2009) ............................... 3

*OPTi Inc. v. Apple, Inc.*, No. 2:07-cv-21, 2009 WL 4727912 (E.D. Tex. Dec. 3, 2009) ................. 3

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-cv-68, 2013 WL 5962812
    (E.D. Tex. Nov. 7, 2013) ............................................................................................................ 3

*Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991) ...................................................... 2, 4

I.   **Introduction**

SynQor hereby submits its **conditional** objections to the Report and Recommendation of the United States Magistrate Judge Regarding SynQor, Inc.'s Motion for Summary Judgment on Defendants' §112 Affirmative Defenses and Counterclaims ("112 R&R").  SynQor's objections are conditional in this case (the '286 case) because, in the event that the Court adopts in full the Report and Recommendation of the United States Magistrate Judge Regarding Cisco's Motion for Partial Summary Judgment No. 1 in Case No. 2:14-cv-286 ("New CPN R&R"), then Cisco has stipulated that it will no longer assert its written description and enablement affirmative defenses and counterclaims.  Cisco apparently recognizes that the claims are both described and enabled under the Magistrate Judge's current construction of the claims.  In the event that the New CPN R&R is not adopted in its entirety, however, Cisco has reserved the right to pursue these defenses.  But Cisco's written description and enablement defenses are meritless as a matter of law regardless of whether or not the New CPN R&R is adopted.  The 112 R&R erred by finding material factual disputes on these defenses and by not recommending that SynQor's motion for summary judgment on these defenses be granted.  112 R&R at 19, 22.

Cisco has also stipulated that, in the event that the New CPN R&R is adopted in full, it views the 112 R&R as recommending that SynQor's Motion for Summary Judgment be granted with respect to Cisco's indefiniteness affirmative defenses and counterclaims.  But summary judgment should be granted in favor of SynQor on Cisco's indefiniteness defenses irrespective of whether the New CPN R&R is adopted.  Regardless of whether SynQor's or the Magistrate Judge's view of the asserted claims is adopted, the asserted claims inform one of skill in the art, with reasonable certainty, about the scope of the invention and define the invention using permissible functional language.

II.  **The Court Should Grant Summary Judgment to Remove Cisco's Written Description and Enablement Defenses from this Case.**

The claim limitations at issue in Cisco's written description and enablement defenses, including, for example, a "power converter system comprising" a "non-regulating isolation

stage" and/or a "fixed duty cycle" (*see, e.g.*, Dkt. 104, Ex. 7 at Col. 17, ll. 21-42), are described and enabled by the specification. *See, e.g.*, Dkt. 104 at 3-4; Dkt. 139 at 1. Yet the 112 R&R erroneously focuses on whether all of Cisco's **accused products**, some of which add additional unclaimed features, are described and enabled. But whether all of Cisco's accused products are described and enabled is not the relevant inquiry. The claims themselves are described and enabled, and that mandates that summary judgment be granted in favor of SynQor.

Cisco's written description and enablement defenses are based on the specification's purported failure to disclose a "dual mode" bus converter, or a non-regulating converter that would regulate under certain operating conditions. *See* 112 R&R at 13-14. The 112 R&R would deny SynQor's motion for summary judgment because it finds material factual disputes regarding "whether the specification conveys enough to inform a person of skill in the art that Dr. Schlecht, at the time the application was filed, was in possession of a converter that would be non-regulating some of the time" and "factual disputes as to whether the disclosure of the asserted patents would enable a person of ordinary skill in the art to make and use a so-called 'dual mode' converter." 112 R&R at 16, 19, 22. But this analysis is not focused on whether the limitations of the claims are described and enabled—the claims have no "dual mode" requirement. Rather, this analysis is improperly focused on whether the specification describes and enables certain of Cisco's accused products, which, as explained below, SynQor contends infringe even though they contain additional unclaimed features.

The written description inquiry looks to whether the specification discloses what is claimed, not what is later accused of infringement. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991) ("The invention is, for purposes of the 'written description' inquiry, *whatever is now claimed*.") (emphasis in original); *In re Wright*, 866 F.2d 422, 424 (Fed. Cir. 1989) ("The invention [that must be described] is, necessarily, the subject matter defined in the claim under consideration."); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1333 (Fed. Cir. 2003) ("[U]nder our precedent the patentee need only describe the invention as claimed, and need not describe an unclaimed method of making the claimed product.").

Moreover, "an applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention." *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1365 (Fed. Cir. 2003) (citation omitted); *see also Martek Biosciences Corp. v. Nutrinova, Inc.*, 579 F.3d 1363, 1371 (Fed. Cir. 2009) ("a patent claim is not necessarily invalid for lack of written description just because it is broader than the specific examples disclosed"). Indeed, in its 112 R&R, the Magistrate Judge recognized as much. 112 R&R at 15 ("the Court first notes the specification does not have to describe every embodiment that falls with the scope of the asserted claims").

Likewise, the question of enablement "does not turn on whether the accused product is enabled," it "turns on the language of the claims and the court's construction of that language." *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-cv-68, 2013 WL 5962812, *2 (E.D. Tex. Nov. 7, 2013) (quoting *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001)); *see also DeGeorge v. Bernier*, 768 F.2d 1318, 1324 (Fed. Cir. 1985) ("the enablement requirement of § 112 was satisfied by disclosure of detailed, *claimed* TCCPI circuitry without requiring detailed disclosure of all related, *unclaimed* circuitry with which the TCCPI might be interfaced") (emphasis in original); *CFMT, Inc. v. Yieldup Int'l Corp.*, 349 F.3d 1333, 1338-40 (Fed. Cir. 2003) (undue experimentation required to make accused improved product irrelevant because "Title 35 requires only that the inventor enable one of skill in the art to make and use the full scope of the claimed invention"); *OPTi Inc. v. Apple, Inc.*, No. 2:07-cv-21, 2009 WL 4727912, *3 (E.D. Tex. Dec. 3, 2009) ("§112 requires enablement of only the claimed invention, not unclaimed improvements"); *Amgen*, 314 F.3d at 1335 ("the specification's failure to disclose [the accused] technology [is] legally irrelevant").

In contravention of all of the above-cited precedent, the 112 R&R analyzed whether Cisco's non-Vicor New CPNs are described and enabled. The non-Vicor New CPNs are accused of infringement because they contain a non-regulating isolation stage that produces an unregulated output voltage, and a duty cycle that remains fixed, when the converters are used as intended (i.e., within the normal operating range of the converter). That same converter also

produces a regulated voltage under a different portion of the normal operating range – hence the "dual mode" terminology. But this additional unclaimed element (a non-regulating isolation stage that also regulates) need not be described or enabled. All that must be described and enabled is what is described and claimed—i.e., that which gives rise to infringement. *See Vas-Cath*, 935 F.2d at 1563-64; *DeGeorge*, 768 F.2d at 1324. And there is no dispute that the specification describes and enables a non-regulating isolation stage that produces an unregulated voltage during at least a portion of its normal operating range. *See* Dkt. 104 at 3-4, Dkt. 139 at 1.[1]

There is also no genuine dispute that the specification discloses and enables a non-regulating isolation stage that is unregulated only under certain operating conditions and is regulated under other operating conditions (even if this were required, and it is not). As discussed in SynQor's opening brief, Cisco's and Vicor's experts both admitted that the embodiment shown in Figure 8 of the specification is non-regulating only some of the time. Dkt. 104 at 5-6, 9. No reasonable jury could find the claims invalid for lack of written description or enablement in light of these admissions.

Regardless, as explained above, the law requires only that "the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the *claimed* subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*) (emphasis added). Whether Dr. Schlecht had possession of a specific accused product, which may contain a variety of unclaimed improvements and nevertheless infringe, is legally irrelevant to the written description and enablement inquiries.

---

[1] A specification is not required to describe every conceivable and future embodiment of the claims. *Cordis Corp.*, 339 F.3d at 1365. Requiring a patent to describe and enable a near-infinite universe of unclaimed elements that could be added to an infringing accused product would render all claims using a "comprising" transition invalid for lack of written description and enablement.

Moreover, there is also an additional reason why summary judgment should be granted on Cisco's enablement defense: in response to SynQor's motion, Cisco failed to present evidence that would permit a reasonable jury to find, by clear and convincing evidence, that the claims are not enabled. Enablement requires "that the patent specification enable those skilled in the art to make and use the full scope of the claimed invention without undue experimentation." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1070 (Fed. Cir. 2005) (internal quotation marks and citation omitted). Whether or not undue experimentation would be required is determined according to the factors set forth in *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988). Despite this, in response to SynQor's summary judgment motion, Cisco merely rehashed its written description arguments regarding what the specification discloses, without presenting any analysis of the *Wands* factors or any affirmative evidence that it would require undue experimentation for one of skill in the art to make and use the claimed invention. *See* Dkt. 126 at 9-11; *see also* 112 R&R at 20 (noting that "Cisco asserts SynQor has failed to establish that [the claims] are enabled" despite non-enablement being Cisco's burden to prove). By erroneously focusing on whether SynQor has established that the Figure 8 embodiment of the patent is enabled, rather than on whether Cisco presented any evidence that would allow a reasonable jury to find that undue experimentation would be required (112 R&R at 20-22), the 112 R&R erred in finding factual disputes regarding enablement.

### III. The Asserted Claims Are Not Indefinite.

The 112 R&R correctly determined that the claims are not indefinite for any of the reasons identified by Cisco. 112 R&R at 26-27. The 112 R&R "finds the claims at issue use permissible functional language" and that certain limitations "recite an apparatus that is configured to perform functions not method steps that are performed by the claimed power converter systems, and is thus not indefinite under *IPXL Holdings*." 112 R&R at 24-25. Moreover, the 112 R&R explicitly "finds the claims 'inform, with reasonable certainty, those

skilled in the art about the scope of the invention.'" 112 R&R at 26 (quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014)).

Despite finding that the claims are not indefinite as a matter of law, however, the 112 R&R denied SynQor's Motion for Summary Judgment in its entirety. 112 R&R at 27-28. SynQor objects to the failure to grant its Motion for Summary Judgment with respect to Cisco's indefiniteness challenge. The 112 R&R provides no reason to deny partial summary judgment in SynQor's favor on Cisco's indefiniteness defenses and counterclaims.

Indeed, Cisco has now agreed that the 112 R&R should be clarified to recommend granting SynQor's motion with respect to the non-"substantially uninterrupted" indefiniteness challenges, at least to the extent that the New CPN R&R is also adopted in full. Dkt. 215. This, however, does not go far enough in the event the New CPN R&R is modified (as it should be). Regardless of whether or not the claim constructions in the New CPN R&R are adopted, summary judgment should be granted that the claims are not indefinite.

The New CPN R&R would effectively read in an "all the time" limitation into the "non-regulating isolation stage" and "fixed duty cycle" claims. SynQor contends that no such "all the time" limitation is appropriate. But regardless of whether an "all the time" limitation is added into the claims, the 112 R&R's conclusions that the claims at issue use permissible functional language and do not recite method steps remain accurate. Just as a person of ordinary skill in the art could test an accused product to determine whether it is designed and configured to remain non-regulated or have a fixed duty cycle under all operating conditions, a person of ordinary skill in the art could test an accused product to determine whether it is designed and configured to be non-regulated or have a fixed duty cycle under any operating conditions. Under either interpretation, the claims are equally definite.

## IV. Conclusion

For the foregoing reasons, SynQor respectfully requests that its Motion For Summary Judgment On Defendants' Section 112 Affirmative Defenses And Counterclaims (Dkt. 104) be granted.

Dated: December 12, 2014

*/s/ Bryan C. Mulder*

**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder** (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: 312.853.7000
Facsimile: 312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone: 214.981.3300
Facsimile: 214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on December 12, 2014.

*/s/ Bryan C. Mulder*
Bryan C. Mulder