**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　　　Defendant. | Civ. No. 2:14-cv-286-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**CISCO'S RESPONSE TO SYNQOR'S CONDITIONAL OBJECTIONS (DKT. 217) TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 210) REGARDING SYNQOR'S MOTION FOR SUMMARY JUDGMENT ON CISCO'S § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (DKT. 104)**

The Court should overrule SynQor's conditional objections to the Report and Recommendation concerning Cisco's 35 U.S.C. § 112 invalidity claims and defenses (Dkt. 217) ("SQ Obj."). SynQor's objections present arguments that the Magistrate Judge correctly rejected in both the Noninfringement R&R (Dkt. 208) and the § 112 R&R (Dkt. 210).

*First*, SynQor argues that a claim to a "non-regulating" converter can encompass a "dual-mode" converter—with a regulating mode and a non-regulating mode—even without any disclosure of a "dual-mode" converter in the specification. SQ Obj. at 3-4. But SynQor's argument rests on the mistaken premise that a "dual-mode" converter is an "additional unclaimed feature." *Id.* In fact, the claims require a "non-regulating" converter. Thus, if the claims encompass a "dual-mode" converter as SynQor suggests, the specification must disclose and enable a "dual-mode" converter. *Second*, SynQor argues that the § 112 R&R incorrectly focuses on whether Cisco's accused products are described or enabled. SQ Obj. at 2. But the R&R correctly focuses on the claims themselves (which, according to SynQor, encompass dual-mode converters). *Third*, SynQor disregards what was—at the very least—a genuine dispute of material fact: whether the disclosure of Figure 8 on which SynQor relies would adequately disclose and enable a dual-mode converter. But Figure 8 is not even directed to the asserted claims, and SynQor ignores the testimony of its named inventor and technical expert, its own prior statements to the Patent Office about the scope of the disclosure of the asserted patents, and the testimony of Cisco's expert about Figure 8, which combined create, at minimum, a factual dispute as to whether the inventor possessed a dual-mode converter, and whether the specification included a disclosure sufficient for a person of ordinary skill to make and use such a converter. Accordingly, the Court should reject all of the written description and enablement arguments in SynQor's contingent motion.

On indefiniteness, SynQor's argument that it is entitled to summary judgment regardless of whether the Noninfringement R&R is adopted is backwards—rather, whether or not the claims could encompass "dual-mode" converters, the apparatus claims are indefinite because they impermissibly claim a mixed apparatus and method. *See* Dkt. 221 at 4-8 (explaining why, even under the Noninfringement R&R, the claims are indefinite). The Court should therefore overrule SynQor's objections and hold that the apparatus claims are indefinite.

## I. THE ASSERTED CLAIMS LACK WRITTEN DESCRIPTION

### A. The Specification Does Not Describe A "Dual-Mode" Converter.

Because SynQor is reading *non-regulating* claims to encompass *regulating* converters that the inventor did not invent, the issues addressed in the Noninfringement R&R and the § 112 R&R are interrelated. As Cisco explained in its own objections to the § 112 R&R (*see* Dkt. 221), the Magistrate Judge identified disputed facts and therefore recommended denying both (1) Cisco's motion for summary judgment that certain asserted claims lack written description, and (2) SynQor's cross-motion for summary judgment on Cisco's written description and enablement claims. *See* § 112 R&R at 12-22. The Magistrate Judge acknowledged, as do both parties, that Cisco's written description and enablement claims were predicated on SynQor's assertion that claims to certain non-regulating converters read on undisputedly regulated Cisco products. *See* § 112 R&R at 3-4, 13-14. The Noninfringement R&R rejected SynQor's argument. *See generally* Dkt. 208. The parties have stipulated that if this Court adopts the Noninfringement R&R, SynQor will drop its infringement allegations against Cisco's regulated products, and Cisco will not assert any written description or enablement defenses or counterclaims. *See* Dkt. 215 at ¶¶ 1a, 1c. Based on this stipulation, Cisco's objections did not challenge the recommendation on written description. However, Cisco also reserved the right to contest the denial of its motion with respect to written description, and to re-assert its written

description and enablement defenses, if this Court were not to adopt the Noninfringement R&R. *See* Dkt. 215 at ¶ 2. If this Court were not to adopt the Noninfringement R&R and instead conclude (incorrectly) that regulating converters can infringe non-regulating claims, the Court should overrule SynQor's objections to the § 112 R&R and hold that the asserted claims do not satisfy the written description requirement.

The § 112 R&R acknowledges the "'fundamental patent purpose'" of the written description requirement: "'making known what has been invented, including any variations and alternatives contemplated by the inventor.'" § 112 R&R at 14 (quoting *Space Systems/Loral, Inc. v. Lockheed Martin Corp.*, 405 F.d 985, 987 (Fed. Cir. 2005)). The written description inquiry therefore turns on whether the specification clearly allows persons of ordinary skill in the art to recognize that the inventor invented what is claimed; the specification itself must demonstrate possession by the inventor of the claimed subject matter. *Ariad Pharms. Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351-52 (Fed. Cir. 2010) (en banc). The R&R also recognized the "fundamental disagreement between the parties" over whether—if the claims can be read to cover a dual-mode converter—the specification must disclose such a converter. § 112 R&R at 14. Cisco's position is that if the claims encompass dual-mode converters, then dual mode converters must be described. SynQor contends that dual-mode converters need not be described.

SynQor's objections—like its arguments before the Magistrate Judge—are premised on the idea that the addition of **regulation** to a **non-regulating** converter is merely an "additional unclaimed feature" that need not be described. *See, e.g.*, SQ Obj. at 4 ("But this additional unclaimed element (a non-regulating isolation stage that also regulates) need not be described or enabled."); *see also id.* at 2-4. The Noninfringement R&R properly rejected this argument

3

because "non-regulating" is a negative limitation, which means that a "regulating" converter cannot be "non-regulating" even in a claim that begins with the transitional phrase "comprising." *See* Noninfringement R&R at 18-19 (concluding that "mere use of 'comprising' does not allow negative limitations to be read out of a claim") (citing cases); *see also* Cisco's Response to SynQor's Objections to Dkt. 208 (filed contemporaneously) at 1-5 (explaining why "comprising" does not permit regulating converter to satisfy negative limitation "non-regulating"); Dkt. 126 at 6-8 (same). Thus, "regulation" is not an "additional unclaimed feature," and if the claims are read to encompass dual-mode converters, the specification must describe such converters.

There is no disclosure of a dual-mode converter in the specification of the asserted patents. SynQor admitted exactly that to the Patent Office when it was prosecuting a later set of patents (not asserted in this case) that ***do*** describe and claim a dual-mode converter. *See* Dkt. 103-2 at 7 ("The Schlecht patents [asserted in this case] . . . do not disclose a converter that includes a control circuit that causes both of the two claimed modes of operation."). In addition, SynQor's technical expert acknowledged that at no point prior to 2013 was he or SynQor even ***aware*** of dual-mode converters. *See* Dkt. 103 at 10-11. Over two days of deposition, the named inventor, Dr. Martin Schlecht, was unable to identify any affirmative written description support for a dual-mode converter—at most offering that the specification "did not preclude" or "forbid" a dual-mode converter. Dkt. 103 at 8-9; *see also generally id.* at 7-11; Dkt. 126 at 6-9; Dkt. 145 at 1-3; Dkt. 151 at 1-4 (all setting forth Cisco's written description arguments).

### B. The Magistrate Judge Correctly Focused On The Claims.

SynQor argues that the § 112 R&R erroneously focused on whether Cisco's accused products are described or enabled, but the R&R expressly acknowledges that the specification need not describe every conceivable or future embodiment, quoting the same language from the same case that SynQor cites in its objections. *Compare* § 112 R&R at 20 *with* SQ. Obj. at 3

(both quoting *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, No. 2:12-cv-68, 2013 WL 5962812, at *2 (E.D. Tex. Nov. 7, 2013) for proposition that "[t]he 'question of enablement turns on the language of the claims and the court's construction of that language;' it 'does not turn on whether the accused product is enabled.'"). Cisco has never argued—and the R&R never concluded—that the specification must describe or enable the accused products themselves—i.e., the regulated new CPNs. Rather, Cisco argued that if SynQor were correct that its non-regulating claims read on a converter with a regulating isolation stage, then the specification must describe such a "dual-mode" converter. *See, e.g., Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1350 (Fed. Cir. 2012) (explaining specification must provide "written description to support the *full scope of the claims as construed*" (emphasis added)).

        **C.**      **At Best, Factual Disputes Preclude SynQor's Argument That Figure 8 Entitles It To Summary Judgment On Written Description.**

In a single conclusory paragraph, SynQor asserts that there is no genuine issue of material fact with respect to whether Figure 8 and its accompanying text describes and enables a dual-mode converter. SQ Obj. at 4. SynQor ignores not only its statements to the Patent Office and the testimony of its expert and named inventor (described above), but also the evidence presented by Cisco in opposition to SynQor's motion. Specifically, Cisco's technical expert, Dr. Patrick Chapman, opined that Figure 8 does ***not*** disclose a dual-mode converter. *See* Dkt. 126 at 3-5 (and accompanying exhibits); Dkt. 157 at 3-4. Moreover, Figure 8 is irrelevant to the asserted claims because it addresses the problem of cross-regulation while the asserted claims involve only linear regulation. *Id*. at 3-5. The § 112 R&R acknowledged and credited this evidence as creating—at minimum—a dispute of material fact. R&R at 3-4, 20-22.

**II.　DISPUTED FACTS PRECLUDE SUMMARY JUDGMENT ON ENABLEMENT.**

SynQor largely argues its objections for both written description and enablement together. SQ Obj. at 1-5. Its objections on enablement should therefore be overruled for the same reasons as its objections on written description.

SynQor's one additional argument on enablement is that Cisco purportedly did not present "affirmative evidence" of undue experimentation under *In re Wands*, 858 F.2d 731 (Fed. Cir. 1988). SQ Obj. at 5. But this new argument is waived. SynQor never cited *Wands* or argued that undue experimentation was required in *any* of its pleadings—neither its original motion for summary judgment, *see* Dkt. 104, nor its reply brief in support of that motion, *see* Dkt. 139, which was submitted after Cisco's Opposition that SynQor now alleges is deficient. *See id.* (citing Dkt. 126 at 9-11). SynQor's new "undue experimentation" argument should therefore be rejected.

In any event, the R&R correctly acknowledges that the specification must enable the *full scope* of the claim, meaning that it must teach one of ordinary skill in the art how to make and use the claimed invention without undue experimentation. § 112 R&R at 19. SynQor itself acknowledges that it is the "full scope" of the claims that must be enabled. *See* SQ. Obj. at 5 (citing *Invitrogen v. Clontech*). The claims expressly recite "non-regulating" converters. There is no amount of experimentation that would change a non-regulating converter (which is disclosed by the specification) into its opposite—a *regulating* converter. Rather, if the claims are interpreted to include dual-mode converters, then the specification must enable the "full scope" of the claims; but because the specification teaches only the use of non-regulating converters, not their opposite, it cannot enable the "full scope" of a dual-mode claim.

Moreover, SynQor's objections misstate the parties' respective burdens. While Cisco moved for summary judgment on its written description defense (*see* Dkt. 103), it did not

6

affirmatively seek summary judgment on enablement, which turns on underlying factual findings—including what one of ordinary skill in the art would understand upon reading the specification. *See, e.g.*, *MagSil Corp. v. Hitachi Global Storage Techs., Inc.*, 687 F. 3d 1377, 1380 (Fed. Cir. 2012). SynQor did move for summary judgment on Cisco's enablement defense; however, the Magistrate Judge acknowledged that the only part of the specification that SynQor cited as allegedly enabling a dual-mode converter—and therefore as evidence that the full scope of the claim was enabled—was Figure 8 and the accompanying text.[1] *Id.* at 20; *see also* SynQor's MSJ (Dkt. 104) at 5; *id.* at 7-9.

In response, Cisco presented evidence and expert testimony that Figure 8 and the accompanying text would ***not*** enable one of ordinary skill in the art to make and use dual-mode converters. *See* Dkt. 126 at 3-6, 9-11, and cited exhibits (including reports and testimony of Cisco's expert, Dr. Patrick Chapman). Moreover, as described above, Cisco relied on SynQor's own statements, including:

- SynQor's avowal (when trying to secure additional patents) that the patents-in-suit "do not disclose" a dual-mode converter (*see* Dkt. 103-2 at 7);

- Dr. Schlecht's responses to deposition questions *three years into this litigation* asking him to identify anything in the specification that taught or described a dual mode converter, where the best he could do was state that the specification "did not preclude" or "forbid" such a thing, and that a POSITA "would not be driven to think it was not allowed" (*see* Dkt. 103-13); and

- Statements by SynQor's technical expert that neither he nor SynQor were even *aware* of dual-mode converters at the time of the filing. *See* Dkt. 103-10, 103-11.

SynQor's allegation of improper burden shifting is wrong. In denying ***SynQor's*** motion for summary judgment with respect to enablement, the Magistrate Judge correctly did not require

---

[1] This is particularly notable in light of the other admissions from the named inventor and SynQor's experts, *see supra* at 4-5 and *infra* at 8, and the fact that SynQor sought and obtained a separate patent on dual-mode converters (while representing to the Patent Office that the asserted patents did not disclose dual-mode converters).

7

*Cisco* to prove non-enablement, but rather merely to set forth disputed material facts (with all inferences drawn in Cisco's favor). Fed. R. Civ. P. 56; *see also* § 112 R&R at 22 ("Specifically, there are factual disputes as to whether the disclosure of the asserted patents would enable a person of ordinary skill in the art to make and use a so-called 'dual mode' converter.").

## III. THE ASSERTED APPARATUS CLAIMS ARE INDEFINITE

SynQor restates the R&R's indefiniteness findings without any additional argument. SQ Obj. at 5-6. In light of the Noninfringement R&R, the parties have agreed that the § 112 R&R effectively rejected Cisco's indefiniteness arguments and found the claims not indefinite as a matter of law. *See* Dkt. 221 at n.1 (Cisco Obj. to § 112 R&R acknowledging same). For this reason, Cisco did not oppose SynQor's motion to clarify *the R&R* to make clear that it was a recommendation that SynQor's motion be granted with respect to indefiniteness. *See* Dkt. 216.

Nevertheless, Cisco explicitly "reserve[d] the right to object to the Magistrate Judge's rejection of Cisco's indefiniteness defenses and counterclaims," *see* Dkt. 215 (Joint Stipulation) at ¶ 4, which Cisco did in detail in its previously-filed objections, *see* Dkt. 221. As explained in those objections, even if this Court adopts the Noninfringement R&R in its entirety, this Court should still hold that the apparatus claims are indefinite because they are improperly drawn to mixed classes—an apparatus and a method of use. *See* Dkt. 221 at 4-8.

## IV. CONCLUSION

The Court should overrule SynQor's contingent objections, sustain Cisco's objections to the R&R, and hold that the asserted apparatus claims are indefinite.

8

| | |
|---|---|
| Dated: January 7, 2015 | */s/ Louis W. Tompros, with permission by* *Michael E. Jones* |

Douglas M. Kubehl
  douglas.kubehl@bakerbotts.com
Kurt M. Pankratz
  kurt.pankratz@bakerbotts.com
Christa Brown-Sanford
  christa.brown-sanford@bakerbotts.com
Roshan S. Mansinghani
  roshan.mansinghani@bakerbotts.com
R. Scott McClelland
  scott.mcclelland@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Michael E. Jones (SBN: 10929400)
  mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
  allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Andrea Pacelli (admitted *pro hac vice*)
  andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

William F. Lee (admitted *pro hac vice*)
  william.lee@wilmerhale.com
  Lead Attorney
Louis W. Tompros (admitted *pro hac vice*)
  louis.tompros@wilmerhale.com
Richard A. Goldenberg (admitted *pro hac vice*)
  richard.goldenberg@wilmerhale.com
Rachel I. Gurvich (admitted *pro hac vice*)
  rachel.gurvich@wilmerhale.com
Andrew J. Danford (admitted *pro hac vice*)
  andrew.danford@wilmerhale.com
Kelli J. Powell (admitted *pro hac vice*)
  kelli.powell@wilmerhale.com
Dana O. Burwell (admitted *pro hac vice*)
  dana.burwell@wilmerhale.com
Allison Trzop (admitted *pro hac vice*)
  allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel L. Weiner (admitted *pro hac vice*)
  rachel.weiner@wilmerhale.com
Jonathan Uffelman (admitted *pro hac vice*)
  jonathan.uffelman@wilmerhale.com
**WILMER CUTLER PICKERING**
  **HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**ATTORNEYS FOR**
**DEFENDANT CISCO SYSTEMS, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 7, 2015.

*/s/ Michael E. Jones*