**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC.<br><br>                Defendant. | Civ. No. 2:14-CV-286-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**<u>SYNQOR, INC.'S RESPONSE TO CISCO SYSTEMS, INC.'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (DKT. 104) AND CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4: INVALIDITY PURSUANT TO 35 U.S.C. § 112(DKT. 103)</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. CISCO'S INDEFINITENESS DEFENSE IS CONTINGENT AND MUST BE REJECTED TO THE EXTENT THAT THE NEW CPN R&R IS ADOPTED. ................ 1

III. CISCO MISCONSTRUES THE CLAIM CONSTRUCTIONS IN THE NEW CPN R&R. ........................................................................................................................ 2

IV. CISCO'S POSITION WOULD RENDER VIRTUALLY ALL CLAIMS USING FUNCTIONAL LANGUAGE INDEFINITE. .................................................................. 4

V. CISCO MISCHARACTERIZES THE DEPOSITION TESTIMONY IT RELIES UPON. ............................................................................................................................... 5

VI. CISCO'S POSITION DEMONSTRATES WHY THE ASSERTED CLAIMS SHOULD BE CONSTRUED TO REQUIRE A CAPABILITY, AS URGED BY SYNQOR. ......................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Collaboration Properties, Inc. v. Tandberg ASA*,
  No. C 05-01940, 2006 WL 1752140 (N.D. Cal. June 23, 2006) ................................................5

*HTC Corp. v. IPCom GmbH & Co.*,
  667 F.3d 1270 (Fed. Cir. 2012) ................................................................................................3

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
  430 F.3d 1377 (Fed. Cir. 2005) .............................................................................................3, 5

*L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. PTE., Ltd.*,
  No. 6:11-cv-599-MHS, 2013 WL 2285749 (E.D. Tex. May 23, 2013) ....................................5

*Medtronic AVE, Inc. v. Cordis Corp.*,
  516 F. Supp. 2d 741 (E.D. Tex. 2007) ......................................................................................5

*Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*,
  520 F.3d 1367 (Fed. Cir. 2008) ................................................................................................4

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
  134 S. Ct. 2120 (2014) ..............................................................................................................4

*Omega Eng'g, Inc. v. Raytek Corp.*,
  334 F.3d 1314 (Fed. Cir. 2003) ................................................................................................6

*Radware, Ltd. v. A10 Networks, Inc.*,
  No. C-13-02021, 2014 WL 2738538 (N.D. Cal. June 11, 2014) ..............................................5

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  No. 2:07-cv-497, 2010 WL 2991037 (E.D. Tex. July 26, 2010) ..........................................3, 4

*Wang Labs., Inc. v. Am. Online, Inc.*,
  197 F.3d 1377 (Fed. Cir. 1999) ................................................................................................6

*Yodlee, Inc. v. CashEdge, Inc.*,
  No. C 05-01550, 2006 WL 3456610 (N.D. Cal. Nov. 29, 2006) ..............................................5

I.      Introduction

In one of three Report and Recommendations issued November 21, 2014 (Dkt. 210), the Magistrate Judge correctly found that the asserted claims are not indefinite on any of the grounds asserted by Cisco, an aspect of that Report and Recommendation (hereinafter "112 R&R") that should be adopted. Cisco's objections to the 112 R&R are concerned only with that finding of no indefiniteness. But Cisco is in no position to press its indefiniteness challenges. Cisco has always presented its indefiniteness defenses as contingent on the success of SynQor's allegations that the Non-Vicor New CPNs infringe, and in another of the Report and Recommendations issued November 21, 2014 (Dkt. 208) (hereinafter "New CPN R&R"), the Magistrate Judge recommended granting Cisco's motion for summary judgment of noninfringement for the accused Non-Vicor New CPNs. Cisco is thus forced to reverse course in its objections to the 112 R&R and argue the claims are indefinite regardless of the ultimate infringement ruling on the Non-Vicor New CPNs.

At best for Cisco, its arguments demonstrate why the claim constructions in the New CPN R&R should not be adopted. A claim construction that has the potential to create an indefiniteness argument should be rejected. As explained in SynQor's objection to the New CPN R&R, the functional claim language at issue is directed to the capability of the accused apparatus, not to a method step. Dkt. 218 at 3-4, 6-7. And there is no dispute that if this is so, the claims are sufficiently definite.

In no event, however, should this Court find the claim language at issue to be indefinite. These are claims that have repeatedly been found patentable by the Patent Office and the Patent Trial and Appeal board, and rightly so as explained below.

II.     **Cisco's Indefiniteness Defense Is Contingent And Must Be Rejected to the Extent That the New CPN R&R is Adopted.**

As the Magistrate Judge recognized, Cisco's indefiniteness challenges were contingent on SynQor's infringement claims directed to the Non-Vicor New CPNs. 112 R&R at 24, n. 8. Therefore, in light of the New CPN R&R recommending that the Court find the non-Vicor New

CPNs do not infringe, "the basic premise supporting Cisco's motion is no longer supported." *Id.* Apparently recognizing that there is no basis for an indefiniteness challenge in light of the New CPN R&R, Cisco's fellow defendant Vicor has submitted no objections to the 112 R&R. Yet Cisco seeks to persist with its indefiniteness challenge even if the New CPN R&R is adopted in full, in which case SynQor has already stipulated it will not assert infringement against Cisco for any accused Non-Vicor New CPN.

At the same time, Cisco acknowledges that "Cisco's written description and enablement claims were contingent: they were predicated on SynQor's assertion that its claims to certain non-regulated power converters read on certain regulated Cisco products, which the Noninfringement R&R rejected." Dkt. 221 at 8 (internal citation omitted). Cisco therefore admits that its written description and enablement defenses (that were also addressed by the 112 R&R) are no longer applicable, to the extent that the New CPN R&R is adopted in full. *Id.* Cisco provides no justification for why the same conclusion does not apply to its indefiniteness defenses.

Cisco's position also makes no sense in light of the Magistrate Judge's recommendation that SynQor's infringement allegations against the Non-Vicor New CPNs be rejected. For example, Cisco's objections rely on (and mischaracterize, as discussed further below) deposition testimony from named inventor and SynQor CEO Dr. Schlecht, as well as SynQor's technical expert Dr. Leeb, regarding what would be required to determine if a converter satisfied the "non-regulating" limitations *according to SynQor's interpretation of the claims*. Dkt. 221 at 5-6. None of this testimony is applicable if the Court adopts the New CPN R&R's rejection of SynQor's interpretation of the claims (as Cisco contends it should).

### III. Cisco Misconstrues the Claim Constructions in the New CPN R&R.

Cisco argues that because the New CPN R&R held that "the claims require that particular features actually be present in the accused system—and not merely capable of being present," the claim terms "non-regulating" and "fixed duty cycle" are method steps rendering the claims

PAGE 2

indefinite pursuant to *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). Dkt. 221 at 6 (quoting New CPN R&R at 16) (emphasis omitted).[1] However, as the Magistrate Judge correctly recognized, "the holding in the *IPXL* case is very limited." *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2010 WL 2991037, *31 (E.D. Tex. July 26, 2010). *IPXL* involved an apparatus claim that specifically included a method step—"the user uses the input means." *IPXL* at 1384. And *IPXL* applies only to apparatus claims that actually recite a method step, not to claims that simply use functional language to define structure. *See HTC Corp. v. IPCom GmbH & Co.*, 667 F.3d 1270, 1277 (Fed. Cir. 2012) (rejecting *IPXL* challenge because claims to mobile station do not require that it actually "perform the six enumerated functions" but rather "merely establish those functions as the underlying network environment in which the mobile station operates").

The New CPN R&R did not *sua sponte* construe the claims to include a method step, contrary to the positions advanced by both Cisco and SynQor. One can determine whether the accused printed circuit assemblies ("PCAs") infringe under the New CPN R&R's claim construction without waiting for an end customer to slide the accused PCAs into a particular chassis with a particular front-end power supply and turn the system on. *See, e.g.,* New CPN R&R at 17 ("the parties appear to agree that with a 50V input the DC power source of the converter can only result in operation in a non-regulating manner"), at 19 ("a power converter and power source that results in only operation in a non-regulation mode cannot be said to be 'regulating' merely because a different power source could have placed the converter in regulation mode"). That is why, under the claim constructions put forth in the New CPN R&R, Cisco and SynQor have been able to stipulate to infringement (that the claim limitations are met) with regard to PCAs incorporating the Old CPNs and Vicor CPNs (with respect to the "non-regulating" and "fixed duty cycle" limitations at issue here), and noninfringement with respect to

---

[1] Cisco also erroneously states that some of the apparatus claims require a converter "that provides an output 'without regulation.'" Dkt. 221 at 1. In fact, the "without regulation" limitation appears only in the method claims, for which Cisco does not assert indefiniteness. *See* Dkt. 4 at 35; Dkt. 99, Ex. 1 at claim 30; Dkt. 99, Ex. 2 at claims 31, 47.

PCAs incorporating the Non-Vicor New CPNs. Dkt. 223 at ¶2, Appendix A; Dkt. 215 at ¶ 1. As the Supreme Court recently held, a patent is not invalid for indefiniteness if the claims "inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). The claim scope is not merely reasonably certain under the claim constructions put forth in the New CPN R&R—it is undisputed. As such, Cisco's argument that the claims are indefinite under the claim constructions set forth in the New CPN R&R should be rejected.

## IV. Cisco's Position Would Render Virtually All Claims Using Functional Language Indefinite.

Cisco's position that the claims at issue, which pursuant to the New CPN R&R's recommendations describe the "features … present in the accused system" using functional language (New CPN R&R at 16) and "require the accused products be designed and configured to produce a 'non-regulated' output or operate with a 'fixed duty cycle' when they are put in use" (112 R&R at 24-25), are nevertheless indefinite, would apply equally to virtually any apparatus claim that is defined using functional language. Any apparatus claim that uses functional language for components of the apparatus is describing structural components present in the claimed apparatus that will function in a certain way when the apparatus is put into operation. For example, the "transformer that is not driven into saturation" limitation of the asserted patents was construed by Judge Ward to mean "transformer that is connected in a manner such that the transformer's magnetic flux density level is less than its saturation flux density level." *SynQor*, 2010 WL 2991037 at *31-32. This claims a structural feature of the power system (the manner in which the transformer is connected) by describing how it will operate when the power system is put in operation (the transformer's magnetic flux density level will be less than its saturation flux density level). Judge Ward correctly found that this limitation was not indefinite. *Id.* at *31.

Contrary to Cisco's position, it is well-established that "[f]unctional language" may "be employed to limit the claims" and does not result in indefiniteness. *Microprocessor*

*Enhancement Corp. v. Texas Instruments, Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008) (rejecting challenge under *IPXL*). For that reason, numerous courts have rejected *IPXL* challenges against functional language in apparatus claims, just as the 112 R&R correctly did here.[2]

## V. Cisco Mischaracterizes the Deposition Testimony It Relies Upon.

As discussed above, the deposition testimony that Cisco relies upon is irrelevant in the event that the Court adopts the claim construction recommendations in the New CPN R&R. But Cisco also materially mischaracterizes the deposition testimony it cites. Neither Dr. Leeb nor Dr. Schlecht ever said that the apparatus claims require a method step. They were simply explaining that, because most of the claims are drawn to power converter *systems* rather than the bus converter alone, they would want to look at the characteristics of the accused Cisco systems (Cisco's accused PCAs) and the environments in which they are designed to be used (Cisco's chassis) to assess infringement. *See* Dkt. 103, Exs. 12-14; Dkt. 120, Ex. 2, Leeb Validity Rep. ¶¶1146-48.

In other words, whether the isolation stage is non-regulating in the accused PCAs is relevant to the infringement inquiry, and this is precisely what Dr. Leeb and Dr. Schlecht stated they would analyze. But this does not mean that the claims require performing a method step. Cisco conveniently ignores Dr. Leeb's testimony explaining in detail how one could determine

---

[2] *See, e.g.*, *Radware, Ltd. v. A10 Networks, Inc.*, No. C-13-02021, 2014 WL 2738538, *4 (N.D. Cal. June 11, 2014) ("[t]he use of functional language—generally the gerund form of a verb—does not automatically convert the claims into method claims"); *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. PTE., Ltd.*, No. 6:11-cv-599-MHS, 2013 WL 2285749, *2 (E.D. Tex. May 23, 2013) ("it is well-established that for a limitation to introduce a method step, the limitation must require action, or actual use of something instead of merely requiring or setting forth a particular capability") (citation omitted); *Medtronic AVE, Inc. v. Cordis Corp.*, 516 F. Supp. 2d 741, 750-51 (E.D. Tex. 2007) (rejecting *IPXL*-based challenge and finding that phrase "is allowed to coat" was not a method step); *Collaboration Properties, Inc. v. Tandberg ASA*, No. C 05-01940, 2006 WL 1752140, *8 (N.D. Cal. June 23, 2006) (rejecting *IPXL*–based indefiniteness argument and explaining that "[t]he structure of hardware and software is often described in functional terms; that fact does not render [] claims invalid"); *Yodlee, Inc. v. CashEdge, Inc.*, No. C 05-01550, 2006 WL 3456610, *5 (N.D. Cal. Nov. 29, 2006) (rejecting argument based on *IPXL* because "[a]ll of the claims" alleged to be invalid "place functional limitations on the apparatuses by describing the capabilities of the apparatuses," and "are not invalid mixed method-apparatus claims").

whether the accused PCAs meet the claim limitations solely from examination of the structure of the products (i.e., physical samples of the PCAs). Dkt. 120, Ex. 5, Leeb 5/30/14 Dep. at 607:15-612:15. Infringement depends on the structure of the products, not the intent of the designer or carrying out any method steps. But at the same time, there is nothing wrong with someone considering whether a product infringes looking to all available evidence—including testimony of the designers of the product (regarding their intended design or otherwise) and the technical specifications of and user manuals for the product—bearing on the actual structure of the product.

### VI. Cisco's Position Demonstrates Why The Asserted Claims Should Be Construed to Require a Capability, As Urged By SynQor.

Cisco is incorrect that the claim constructions in the New CPN R&R render the claims indefinite. But even if the Court were inclined to agree with Cisco's indefiniteness arguments (which it should not), then the proper remedy would be to reject the claim constructions proposed in the New CPN R&R, rather than to invalidate the claims. As explained in SynQor's prior briefing, SynQor's interpretation of the claims would allow a person of ordinary skill to determine the scope of the claims with reasonable certainty. *See* Dkt. 104 at 10-12; Dkt. 120 at 8-12; Dkt. 139 at 5; Dkt. 157 at 3-4. If the New CPN R&R's proposed construction would create a definiteness problem, then settled claim construction principles counsel against adopting that construction. *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1335 n.6 (Fed. Cir. 2003) ("We note that the district court's claim construction inevitably required the invalidation of claims 33 and 41 [for indefiniteness], in contradiction to the canon that courts should attempt to construe claims to preserve their validity. Since the intrinsic evidence did not compel the invalidating construction, the district court thus erred.") (internal citation omitted); *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1383 (Fed. Cir. 1999) ("[T]he claims are not properly construed to have a meaning or scope that would lead to their invalidity for failure to satisfy the requirements of patentability.").

The canon that claims should not be construed so as to create an unnecessary validity challenge applies with particular force in this case. Asserted apparatus claims with "non-regulating" and "fixed duty cycle" limitations were already found to be infringed and not invalid by the jury in the '497 case, leading to a final damage award in excess of $100 million that was affirmed by Judge Ward and the Federal Circuit. And multiple panels of the Patent Trial and Appeals Board have found SynQor claims with "non-regulating" and "fixed duty cycle" limitations to be patentable. To adopt a construction that would give Cisco an indefiniteness argument, based on a category of accused products (PCAs with the Non-Vicor New CPNs) developed to try to avoid this Court's permanent injunction covering the infringing Old CPNs while still enjoying (at least in part, over the range where the Non-Vicor New CPNs produce unregulated output voltages) benefits of the claimed invention, is not mandated by the intrinsic evidence and is clearly wrong.

Dated:   January 7, 2015     */s/ Bryan C. Mulder*
**Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:     312.853.7000
Facsimile:      312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:     214.981.3300
Facsimile:      214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on January 7, 2015.

*/s/ Bryan C. Mulder*
Bryan C. Mulder