**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC.<br><br>                Defendant. | Civ. No. 2:14-CV-286-MHS-CMC<br><br>**JURY TRIAL DEMANDED** |

**<u>SYNQOR, INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR, INC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' §112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

**I.      Introduction.**

In urging the adoption of the 112 R&R's (Dkt. 210) denial of summary judgment with respect to Cisco's written description and enablement defenses, Cisco's central argument is that the specification must describe and enable so-called "dual mode" converters—i.e., the accused products. Dkt. 230 at 5, 6. Yet there is no dispute that the proper focus of the written description and enablement inquiries is what is claimed, not what is accused. Cisco's careful use of the phrase "dual mode converters" as a shorthand for the accused products cannot change the legally erroneous nature of its argument. And when the analysis is properly focused on the claims, there is no dispute that the claims meet the written description and enablement arguments.[1]

**II.     The 112 R&R Improperly Focuses On The Accused Products, Not the Claims.**

In its objections, Cisco acknowledges that the specification need not "describe or enable the accused products themselves." Dkt. 230 at 5. Cisco further acknowledges that "the specification need not describe every conceivable or future embodiment." *Id.* at 4. Yet this is effectively what the 112 R&R and Cisco would require in analyzing whether the specification describes and enables "dual mode" converters. The term "dual mode" appears nowhere in any of the asserted patent claims, nor does it appear in the Court's claim constructions of "non-regulating," "without regulation," or "fixed duty cycle." Rather, the addition of a mode of operation that regulates some of the time is an additional unclaimed feature possessed by the accused non-Vicor New CPNs. Cisco's assertion that the specification must describe and enable this additional unclaimed feature is contrary to law. *See* Dkt. 217 at 2-3 (citing cases).

Cisco argues that "'regulation' is not an 'additional unclaimed feature,'" relying on the fact that the New CPN R&R "rejected this argument because 'non-regulating' is a negative limitation." Dkt. 230 at 3-4 (citing New CPN R&R at 18-19). But SynQor's objections to the

---

[1] With regard to indefiniteness, Cisco merely references its separate objections to the 112 R&R (Dkt. 221). SynQor therefore incorporates by reference its response to Cisco's objections (Dkt. 233). As discussed therein, the 112 R&R correctly determined that the claims do not mix an apparatus and a method. Moreover, Cisco's argument that the claim constructions adopted by the New CPN R&R would render the claims indefinite merely demonstrates why those claim constructions should not be adopted. *See generally* Dkt. 233.

112 R&R are contingent on the Court rejecting the New CPN R&R's reasoning on this issue. *See* Dkt. 217 at 1. If the Court were to adopt the New CPN R&R's requirement that a "non-regulating" converter must be "non-regulating" all the time, then Cisco has already stipulated that it will not assert its written description or enablement defenses, and the issue is moot. Dkt. 215 at ¶ 1. Cisco's written description and enablement defenses will only be relevant if the Court agrees with SynQor's objections to the New CPN R&R and refuses to read an "all the time" limitation into the claims. *See generally* Dkt. 218 (SynQor objections).[2]

If the Court refuses to adopt the New CPN R&R and denies Cisco's Motion for Summary Judgment No. 1 (Dkt. 102) (as SynQor contends it should), then Cisco provides no basis for denying that the regulating capability of the accused products is an additional unclaimed feature, and cannot dispute that the claims are described and enabled. In addition, as SynQor has previously explained, the Figure 8 embodiment in the specification describes a converter that regulates only at certain input voltages. *See* Dkt. 104 at 5-6, 9. Cisco asserts that there is a fact dispute because its technical expert, Dr. Chapman, testified that the Figure 8 embodiment is "always a regulating converter." *See* Dkt. 126 at 4. But Dr. Chapman's opinion is based on his assertion that the presence of regulation circuitry means that a converter is always regulated, even if the output is not being controlled at all input voltages. *See* Dkt. 105-17 (Chapman Reb. Rep.) at ¶¶ 98-99. The New CPN R&R correctly rejected this contention. New CPN R&R at 11-12.

---

[2] Specifically, SynQor argues that the "negative limitation" case law relied upon by Cisco and the New CPN R&R is inapposite, because it specifically excluded a specific structure from the claims. *Id.* at 3-4. Here, "non-regulating" and "fixed duty cycle" merely defines structure with functional language, and including structure allowing additional functionality (regulation and a variable duty cycle some of the time) does not "read out" the so-called negative limitations, as Cisco and the New CPN R&R argue. *See* Dkt. 230 at 4 (citing New CPN R&R at 18-19). A device can be capable of operating in a regulated manner, but still be capable of operating in a non-regulated manner. This is why, for apparatus claims defined with functional language, "an accused device may be found to infringe if it is reasonably capable of satisfying the claim limitations, even though it may also be capable of non-infringing modes of operation." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001).

### III. Cisco Failed to Present a *Prima Facie* Case of Non-Enablement.

Cisco's failure to present a *prima facie* case of non-enablement in response to SynQor's summary judgment motion provides an additional reason to grant summary judgment of enablement. Cisco's assertion that this argument has been waived (Dkt. 230 at 6) is without merit. SynQor's motion for summary judgment correctly stated that enablement requires "that the patent specification enable those skilled in the art to make and use the full scope of the claimed invention, without undue experimentation." Dkt. 104 at 3 (quoting *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1070 (Fed. Cir. 2005)). SynQor argued that Cisco could not show non-enablement under this standard, and argued that the Figure 8 embodiment of the specification provides an enabling disclosure. Dkt. 104 at 9. But SynQor was not even required to present affirmative evidence proving enablement, because Cisco bears the burden of proof. *See, e.g.*, *DJ Mfg. Corp. v. U.S.*, 86 F.3d 1130, 1135 (Fed. Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)) ("When a party moves for summary judgment on an issue as to which the other party bears the burden of proof, the moving party need not offer evidence, but may obtain summary judgment merely by pointing out to the court 'that there is an absence of evidence to support the nonmoving party's case.'"). After SynQor challenged Cisco's enablement defense, Cisco was obligated to at least present a *prima facie* case in support of this defense. *See, e.g.*, *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1319-20 (Fed. Cir. 2010) ("When a party has failed to introduce evidence sufficient to establish the existence of an essential element of that party's case in accordance with the applicable standard of proof, summary judgment is properly granted against that party.").

Cisco argues that it disputed whether the Figure 8 embodiment describes a dual-mode converter (Dkt. 230 at 7), but that is insufficient to show that a reasonable jury could find nonenablement. *See, e.g.*, *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 730 F.2d 1452, 1463 (Fed. Cir. 1984) ("The question is whether the disclosure is sufficient to enable those skilled in the art to practice the claimed invention, hence the specification need not disclose what is well known in the art."); *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142,

1156 (Fed. Cir. 2004) ("This Court has repeatedly explained that a patent applicant does not need to include in the specification that which is already known to and available to one of ordinary skill in the art."). Even if the Figure 8 embodiment, standing alone, does not teach a dual-mode converter (which it does), Cisco is still required to present evidence that would allow a reasonable jury to find that a person of ordinary skill in the art could not use the teachings of the specification to make and use the invention without undue experimentation. This requires Cisco, as a threshold matter, to "put forward evidence that some experimentation is needed to practice the patented claim," after which the court considers "the factors set forth in *Wands*" to determine "whether the amount of that experimentation is either 'undue' or sufficiently routine." *Alcon Research Ltd. v. Barr Labs, Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014).

Yet Cisco, even in its response to SynQor's objections, continues to present evidence only regarding what is disclosed by the patent specification.[3] Dkt. 230 at 7. Cisco never presented any evidence that undue experimentation would be required based on the disclosures in the patent specification and the knowledge of skill in the art. Cisco therefore failed to meet its burden. *See, e.g.*, *Cassidian Commc'ns, Inc. v. MicroDATA GIS, Inc.*, No. 2:12-cv-162, 2014 WL 3924255, *10 (E.D. Tex. Aug. 8, 2014) (granting JMOL of enablement because defendant's expert relied on mere "ipse dixit" that the patent did not describe how to make the claimed database but "never explained how such evidence demonstrated that, to build a partitioned database, one skilled in the art would have to go through 'undue experimentation'").

## IV. Conclusion

For the foregoing reasons, SynQor respectfully requests that its Motion For Summary Judgment On Defendants' Section 112 Affirmative Defenses (Dkt. 104) be granted.

---

[3] Cisco's discussion of what is disclosed in the specification (Dkt. 230 at 4, 7) is misleading and incorrect, as SynQor has previously explained. *See* Dkt. 120 at 6-8. SynQor told the Patent Office only that the specification did not disclose a specific control circuit. Cisco ignores Dr. Schlecht's testimony explaining specifically where the specification discloses an embodiment that regulates only some of the time. And, SynQor's and its expert's awareness or non-awareness of *commercial* bus converters at the time of the invention is irrelevant.

|  |  |
|---|---|
| Dated:   January 20, 2015 | */s/ Bryan C. Mulder* |
|  | **Thomas D. Rein** (*admitted pro hac vice*) |
|  | Lead Attorney |
|  | trein@sidley.com |
|  | **Russell E. Cass** (*admitted pro hac vice*) |
|  | rcass@sidley.com |
|  | **Stephanie P. Koh** (*admitted pro hac vice*) |
|  | skoh@sidley.com |
|  | **Bryan C. Mulder**  (*admitted pro hac vice*) |
|  | bmulder@sidley.com |
|  | **Nathaniel C. Love** (*admitted pro hac vice*) |
|  | nlove@sidley.com |
|  | SIDLEY AUSTIN LLP |
|  | One South Dearborn |
|  | Chicago, IL 60603 |
|  | Telephone:     312.853.7000 |
|  | Facsimile:     312.853.7036 |
|  |  |
|  | **Michael D. Hatcher** |
|  | Texas State Bar No. 24027067 |
|  | mhatcher@sidley.com |
|  | **David T. DeZern** |
|  | Texas State Bar No. 24059677 |
|  | ddezern@sidley.com |
|  | SIDLEY AUSTIN LLP |
|  | 2001 Ross Avenue, Suite 3600 |
|  | Dallas, TX 75201 |
|  | Telephone:     214.981.3300 |
|  | Facsimile:     214.981.3400 |
|  |  |
|  | ***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.*** |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on January 20, 2015.

*/s/ Bryan C. Mulder*
Bryan C. Mulder