**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                    Plaintiff,<br><br>       v.<br><br>CISCO SYSTEMS, INC.,<br><br>                    Defendant. | Civ. No. 2:14-cv-286-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**CISCO'S SUR-REPLY TO SYNQOR'S CONDITIONAL OBJECTIONS (DKT. 217) TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (DKT. 210) REGARDING SYNQOR'S MOTION FOR SUMMARY JUDGMENT ON CISCO'S § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (DKT. 104)**

In its Reply (Dkt. 237 ("Repl.")), SynQor largely restates old arguments (many of which were rightly rejected by the Magistrate Judge) and ignores the fundamental question: whether its *non-regulating* patents describe and enable *dual-mode* converters. Instead, SynQor disputes that the specification must describe and enable "dual mode" converters at all—complaining that the terminology "dual mode" is somehow misleading—even though SynQor itself has used this same language time and again throughout this litigation and in describing its other patents. SynQor's second argument—that Cisco failed to present a *prima facie* case of enablement— disregards the basis for Cisco's enablement challenge (and SynQor's defense of its patents on these same grounds), as well as the evidence marshalled by Cisco in opposition to SynQor's motion. SynQor's Objections should be overruled.[1]

## I. THE SPECIFICATION MUST DESCRIBE AND ENABLE DUAL MODE CONVERTERS

SynQor faults Cisco for its use of the phrase "dual-mode" converters, going so far as to argue that Cisco's use of this terminology is somehow misleading. Repl. at 1. But throughout this case, both parties and the Court have understood "dual-mode" to refer to "converters that have both an unregulated mode and a regulated mode." Dkt. 103 at 1; *see also* § 112 R&R (Dkt. 210) at 6. In fact, even before the inception of this litigation, SynQor itself had used very similar multiple "mode" terminology in its submissions to the Patent Office, explaining that the patents asserted in this case "do not disclose" a converter with the "two claimed modes of operation." *See* Dkt. 103-2 at 7. Indeed, SynQor adopted the *precise* "dual mode" terminology it now derides in trying to explain away these very statements before the Magistrate Judge. *See, e.g.*,

---

[1] In Cisco's Response to SynQor's Objections, Cisco explained that, while SynQor's Objections had merely restated the R&R's indefiniteness findings without any additional argument, Cisco had reserved the right to challenge the Magistrate Judge's recommendations on indefiniteness in any event. Dkt. 230 at 8 (citing Joint Stipulation, Dkt. 215 at ¶ 4). Cisco further explained that it had done precisely this in its own Objections to the § 112 R&R. *See* Dkt. 230 at 8 (citing Dkt. 221 at 4-8). As SynQor has now done, *see* Repl. at 1 n.1, Cisco incorporates by reference its own briefing on the indefiniteness of the asserted apparatus claims: Dkt. 221 (Cisco's Objections); Dkt. 235 (Cisco's Reply).

Dkt. 120 at 4 ("SynQor was not stating [in its submission to the Patent Office] that the earlier SynQor patents do not disclose a dual-mode converter, which they indisputably do.'"); *see also id.* at 6 (SynQor noting Cisco's argument that SynQor has never been able to identify "even a single reference to the concept of a dual mode converter anywhere in the asserted patents" and arguing that "Dr. Leeb has done so").[2] At the Summary Judgment hearing in this case, SynQor's own counsel stated unequivocally that "the '190 specification does actually disclose a dual mode converter." Summ. J. Hearing Tr. (Aug. 14, 2014) at 121; *see also id.* at 96-97 (SynQor's counsel arguing that certain accused products "are, what we've called, dual mode converters"); *id.* at 113 ("So the fact that SynQor has an additional patent that covers additional details of a non[-] regulating -- sorry, ***a dual mode converter***, says nothing about whether the claims at issue here have to be restricted to require regulation -- non[-]regulation all the time.").[3] SynQor cannot now claim ignorance of what "dual mode" means.

SynQor's accusation that Cisco has disregarded the fact that SynQor's Objections are contingent on this Court's determination not to adopt the Noninfringement R&R in its entirety (Repl. at 1-2) is similarly misleading. SynQor accuses Cisco of "relying" on the Magistrate Judge's rejection of SynQor's "additional unclaimed feature" argument, *id.* at 1, but Cisco's Response simply stated that the Magistrate Judge "properly" rejected SynQor's contention that the addition of regulation to a non-regulating converter is merely an unclaimed feature that need

---

[2] Accordingly, SynQor's statement that "the term 'dual mode' appears nowhere in any of the asserted patent claims, nor does it appear in the Court's claim constructions," Repl. at 1, while missing the point, is also correct and underinclusive; in fact, neither the phrase (nor the concept) appears anywhere in the specification.

[3] Thus, it is not surprising that both of the Magistrate Judge's Reports and Recommendations on technical issues adopted this same terminology. *See* Noninfringement R&R (Dkt. 208) at 16 ("SynQor's 'dual mode' theory does not provide opportunity to recapture within the claims new CPNs that have a power source which causes the converter to be in the 'regulation' mode."); § 112 R&R at 6 ("Specifically, SynQor claims the regulated converters in the accused products are 'dual mode' converters—converters that are regulated for a portion of their operating range, and unregulated for another portion of their operating range."); *id.* at 8 ("In the application that would become the '261 patent, SynQor claimed a dual mode converter.").

not be described. Dkt. 230 at 3-4. What SynQor ignores is that Cisco then went on to cite not only the Magistrate Judge's reasoning in arriving at this conclusion (including the case law on which the R&R relied), but also Cisco's own filings, which explain at length why this is the correct result. *See id.* at 4. Cisco has indeed stipulated that if the Noninfringement R&R is adopted *in its entirety*, Cisco will not assert its written description and enablement claims, *see* Dkt. 215 at ¶ 1, but SynQor's own Objections are *conditional*, and applicable only if this Court does not adopt that R&R in its entirety. *See* Dkt. 217 at 1. In fact, SynQor tries to have it both ways: in the same section of its Reply in which it faults Cisco for invoking the Noninfringement R&R's determination regarding negative limitations, and argues that its Objections are contingent on this Court's rejection of that R&R, SynQor states that "the New CPN R&R correctly rejected" Cisco's contention that the presence of regulation circuitry establishes that a converter cannot be non-regulating. Repl. at 2.

## II. DISPUTED FACTS PRECLUDE SUMMARY JUDGMENT ON ENABLEMENT

SynQor next repeats its waived argument—not raised in its original summary judgment briefing—that Cisco allegedly failed to present a *prima facie* case of non-enablement in response to its summary judgment motion.[4] This argument is flawed for several reasons, and does not meaningfully address the points raised in Cisco's Opposition.

As SynQor acknowledges, it is the "full scope" of the claims that must be enabled. *See* Repl. at 3 (citing *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1070 (Fed. Cir. 2005)); *see also* Dkt. 230 at 6 (Cisco's Response, citing "SQ Obj." for proposition that SynQor, like the Magistrate Judge, had acknowledged that the specification must enable the "full scope"

---

[4] It is telling that, while SynQor now phrases this argument in terms of Cisco's failure to ever present a "*prima facie*" case of enablement, this argument (like any citation to *Wands*) was notably absent from its reply brief in support of that motion, *see* Dkt. 139; moreover, SynQor's original motion for summary judgment on Cisco's enablement defense also failed to argue any alleged failure of proof by Cisco in this respect.

3

of the claim, meaning that it must teach one of ordinary skill to make and use the invention without undue experimentation). There is no dispute that the claims recite (and the specification discloses) non-regulating converters, and there is no dispute that Cisco's new CPNs regulate. "Given [SynQor's] accusation of regulated converters being non-regulated,"[5] SynQor's patent directed towards non-regulating converters must enable dual-mode converters. But whether a patent directed towards something that claims the ***absence*** of a particular characteristic (*i.e.*, non-regulation) can also enable its ***presence*** (*i.e.*, regulation), is not a question of undue experimentation. Rather, it is the failure to enable the "full scope" of the claims (as interpreted by SynQor) that renders them not enabled.

It is not surprising, therefore, that SynQor's motion for summary judgment largely focused on SynQor's (flawed) argument that the "full scope" of the claims, even under its own infringement theory, did not encompass dual mode converters (asserting instead that the addition of regulation was merely an "additional unclaimed feature"). SynQor's argument that, even if it were necessary for the specification to enable a dual mode converter, it did so, was focused entirely on its theory that Figure 8 provided the requisite disclosure. Cisco's Opposition properly offered expert testimony and other evidence that it did not, along with extensive evidence (admissions from SynQor's inventor, technical experts, and the company) that the specification did not enable the "full scope" of the claim (*i.e.*, a "non-regulating" converter that also regulates). This was sufficient, at the very least, to raise a disputed issue of material fact as to enablement of the "full scope," irrespective of any separate theory of lack of enablement as a result of "undue experimentation" under *Wands*.

SynQor's contingent objections should therefore be denied.

---

[5] Dkt. 43, Order on Cisco's Motion to Amend Invalidity Contentions (April 21, 2014), at 9.

| | |
|---|---|
| Dated: January 30, 2015 | */s/ Louis W. Tompros, with permission by Michael E. Jones* |
| Douglas M. Kubehl<br>  douglas.kubehl@bakerbotts.com<br>Kurt M. Pankratz<br>  kurt.pankratz@bakerbotts.com<br>Christa Brown-Sanford<br>  christa.brown-sanford@bakerbotts.com<br>Roshan S. Mansinghani<br>  roshan.mansinghani@bakerbotts.com<br>R. Scott McClelland<br>  scott.mcclelland@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 600<br>Dallas, Texas 75201-2980<br>Telephone: (214) 953-6584<br>Facsimile: (214) 953-4584<br><br>Michael E. Jones (SBN: 10929400)<br>  mikejones@potterminton.com<br>Allen Franklin Gardner (SBN: 24043679)<br>  allengardner@potterminton.com<br>**POTTER MINTON**<br>A Professional Corporation<br>110 N. College, Suite 500<br>Tyler, Texas 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846<br><br>Andrea Pacelli (admitted *pro hac vice*)<br>  andrea.pacelli@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888 | William F. Lee (admitted *pro hac vice*)<br>  william.lee@wilmerhale.com<br>  Lead Attorney<br>Louis W. Tompros (admitted *pro hac vice*)<br>  louis.tompros@wilmerhale.com<br>Richard A. Goldenberg (admitted *pro hac vice*)<br>  richard.goldenberg@wilmerhale.com<br>Rachel I. Gurvich (admitted *pro hac vice*)<br>  rachel.gurvich@wilmerhale.com<br>Andrew J. Danford (admitted *pro hac vice*)<br>  andrew.danford@wilmerhale.com<br>Kelli J. Powell (admitted *pro hac vice*)<br>  kelli.powell@wilmerhale.com<br>Dana O. Burwell (admitted *pro hac vice*)<br>  dana.burwell@wilmerhale.com<br>Allison Trzop (admitted *pro hac vice*)<br>  allison.trzop@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>Rachel W. Cohen (admitted *pro hac vice*)<br>  rachel.cohen@wilmerhale.com<br>Jonathan Uffelman (admitted *pro hac vice*)<br>  jonathan.uffelman@wilmerhale.com<br>**WILMER CUTLER PICKERING<br>  HALE AND DORR LLP**<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>**ATTORNEYS FOR<br>DEFENDANT CISCO SYSTEMS, INC.** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 30, 2015.

*/s/ Michael E. Jones*