**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                    Plaintiff,<br><br>  v.<br><br>CISCO SYSTEMS, INC.<br><br>                    Defendant. | Civ. No. 2:14-CV-286-RWS-CMC<br><br>**JURY TRIAL DEMANDED** |

**SYNQOR, INC.'S SUR-REPLY IN SUPPORT OF ITS RESPONSE TO CISCO'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING SYNQOR'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' § 112 AFFIRMATIVE DEFENSES AND COUNTERCLAIMS (DKT. 104) AND CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4: INVALIDITY PURSUANT TO 35 U.S.C. § 112(DKT. 103)**

I.  **Introduction**

The §112 R&R correctly recommended rejecting Cisco's contingent indefiniteness challenge. In its Reply, Cisco once again mischaracterizes both its own indefiniteness defense and the R&R's rejection of that defense. Cisco also glosses over the fundamental flaw in its argument: if Cisco were correct and the Court truly did construe the functional language at issue to inject a method step into the apparatus claims, that would only reinforce why the Court's construction (which <u>both</u> Cisco and SynQor have objected to) is incorrect. In no event, however, should Cisco's indefiniteness defense survive.

II. **Contrary to Cisco's Contention, Its Indefiniteness Challenge Was Indeed A Contingent One.**

As the Magistrate Judge recognized (112 R&R, Dkt. 210 at 22), Cisco's indefiniteness defense is just as contingent as the written description and enablement defenses that Cisco has stipulated it will abandon if the New CPN R&R is adopted. *See* Dkt. 215 at ¶ 1. While Cisco now attempts to draw a distinction to try to allow its indefiniteness defense to survive (Dkt. 235 at 1), that is not how Cisco explained its defense before the New CPN R&R or 112 R&R were issued. Then, Cisco explained that "SynQor's attempt to read the claims to capture Cisco's new CPNs has resulted in a series of increasingly untenable positions that, if accepted, render the claims indefinite." Dkt. 103 at 11-12. The Magistrate Judge was thus correct in concluding that Cisco "assert[s] a contingent challenge to the definiteness of the claims in the event that SynQor's infringement claim [against the Non-Vicor New CPNs] is successful." 112 R&R at 22. Because the New CPN R&R recommends rejecting this infringement claim, Cisco's contingent indefiniteness defense necessarily fails if that recommendation is adopted.

Events subsequent to the issuance of the 112 R&R reinforce why Cisco's challenge cannot survive. Cisco and SynQor have now stipulated that, if the New CPN R&R is adopted, the relevant claim terms are met with respect to some of the accused products and not met with respect to the remainder. Dkt. 223 at ¶ 2, Appendix A; Dkt. 215 at ¶ 1. Thus, under the claim construction adopted in the New CPN R&R, the scope of the claims is not only reasonably

certain (as is required for definiteness), it is undisputed. Cisco responds that that these stipulations are "contingent upon the adoption (in its entirety) of the Magistrate Judge's Noninfringement R&R" (Dkt. 235 at 2), but that is precisely the point. If the New CPN R&R is adopted, then the fact that the parties have been able to agree on the scope of the claims under the New CPN R&R's claim construction is proof that the claims are not indefinite under that construction.

In addition, if the New CPN R&R is adopted, then none of the testimony relied upon by Cisco is applicable because those witnesses were describing how to determine infringement according to SynQor's proposed interpretation of the claims, which the New CPN R&R rejected. Cisco's response, that this interpretation should nevertheless still be considered when assessing invalidity (Dkt. 235 at 3), is legally unsupportable. "It is axiomatic that claims are construed the same way for both invalidity and infringement." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003). Because the New CPN R&R recommends rejecting SynQor's claim interpretation for the purposes of infringement, Cisco cannot continue to argue that SynQor's position renders the claims invalid if the New CPN R&R is adopted.[1]

Finally, the language from the 112 R&R that Cisco relies upon, namely, that the accused products must be "designed and configured to produce a 'non-regulated' output or operate with a 'fixed duty cycle' *when they are put in use*" (Dkt. 235 at 2-3 (emphasis added by Cisco, quoting 112 R&R at 24-25)), does not give rise to indefiniteness. Cisco focuses on the wrong half of the sentence. The Magistrate Judge determined that infringement depends on how the accused products are "designed and configured," *i.e.*, the structure of the accused products. A person of ordinary skill in the art can determine whether a product is designed and configured to function in a certain manner without waiting for the product to be actually turned on and used. Were it

---

[1] In any event, as SynQor explained in its Opposition, Cisco mischaracterizes the testimony upon which it relies. Dkt. 233 at 5-6. Cisco does not dispute that SynQor's witness testified that it would be possible to determine from the structure of the accused PCAs alone whether there is infringement, and does not dispute that it is permissible to look at evidence such as technical specifications and user manuals to determine the structural characteristics of an accused product rather than solely examining a physical sample of the product. *Id.*

otherwise, then all functional claim language would necessarily be indefinite, which is not the law. *See, e.g.*, *Microprocessor Enhancement v. Texas Instruments*, 520 F.3d 1367, 1375 (Fed. Cir. 2008) ("apparatus claims are not necessarily indefinite for using functional language").[2]

### III. Cisco's Indefiniteness Arguments Demonstrate Why The New CPN R&R Should Not Be Adopted.

If Cisco were correct that the New CPN R&R's claim construction raises indefiniteness issues (and it is not), that would only provide further reason to reject the New CPN R&R. Cisco argues that the claims are indefinite under the New CPN R&R's claim construction because the New CPN R&R rejected, at Cisco's urging, SynQor's argument that a product that is "capable of operating in a 'non-regulating mode' infringes the asserted non-regulating claims." Dkt. 221 at 2. However, as SynQor has previously explained, limitations in apparatus claims using functional language like those at issue here are typically construed as being met if the accused device "is reasonably capably of satisfying the claim limitations." *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1343 (Fed. Cir. 2001); *see also Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010). Courts therefore routinely refuse to find that claims with limitations utilizing functional language are improper mixed method-and-apparatus claims. *See* Dkt. 233 at 5, n. 2 (citing cases). Notably, Cisco fails to cite even a *single* case where functional language was construed to require a method step.[3]

In its Reply, Cisco does not dispute that "courts should attempt to construe claims to preserve their validity." *Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1335 n. 6 (Fed. Cir. 2003) (reversing claim construction that "inevitably required the invalidation" of the claims for

---

[2] As Cisco notes, *Microprocessor Enhancement* states that it is possible for functional language to be indefinite, but only where the recited language "fail[s] to provide a clear-cut indication of the scope of subject matter embraced by the claim." *Microprocessor Enhancement*, 520 F.3d at 1375 (citation omitted). But this is true of any type of claim language. In no way did the court endorse Cisco's approach of construing a claim limitation using functional language as a method step and then invalidating the claim as a consequence.

[3] Cisco asserts that it has "elsewhere explained why this capability interpretation—particularly as applied to negative limitations—is not viable" (Dkt. 235 at 3), but as SynQor has elsewhere responded, none of Cisco's cited case law involves functional claim language like that at issue here. *See, e.g.*, Dkt. 237 at 2, n. 2; Dkt. 218 at 3-4.

indefiniteness where "the intrinsic evidence did not compel the invalidating construction"). This canon favors construing the functional language of the claims as SynQor proposes, consistent with how courts ordinarily construe such language and consistent with how Judge Ward construed similar functional language in the '497 case, rather than construing the claims to create an alleged indefiniteness problem, as Cisco proposes.

Cisco conclusorily asserts that the claims are indefinite unless the Court rules that any converter with regulation circuitry (*i.e.*, a feedback loop) cannot infringe.[4] Dkt. 235 at 3-4. However, a person of ordinary skill in the art can readily examine a converter with regulation circuitry to determine whether the converter is capable of regulating over the entire range in which it is configured to operate or whether it will produce a non-regulated output over a portion of its operating range. *See* Dkt. 120, Ex. 5 at 607:15-612:15. As such, SynQor's construction presents no indefiniteness issue whatsoever; one of skill can determine whether a particular product falls within or outside the scope of the claims. It is only because the New CPN R&R rejected, at Cisco's urging, SynQor's capability argument that Cisco can even make its indefiniteness challenge. There is no basis for construing functional language as a method step to then try to render claims indefinite, and Cisco provides none.

## IV. Conclusion

For the foregoing reasons, SynQor respectfully requests that the Court overrule Cisco's objections to the 112 R&R (Dkt. 210) and rule that the asserted apparatus claims are not indefinite.

---

[4] Cisco persists in its mischaracterization of SynQor's infringement position. According to Cisco, SynQor contends that "'non-regulating' means 'regulating.'" Dkt. 235 at 4. That, of course, is not SynQor's position. Rather, SynQor contends that non-regulating means "[n]ot controlling an output towards a predefined value," consistent with the Court's claim construction order. Dkt. 4 at 35. The dispute between the parties is whether an accused apparatus or method must meet this limitation "all the time" in order to infringe, and whether the mere presence of a feedback loop (even one that results in non-regulating operation under certain operating conditions) takes an accused apparatus or method outside the scope of the claims. *See* Dkt. 238; Dkt. 231; Dkt. 218.

Dated:   January 30, 2015                    */s/ Bryan C. Mulder*
                                            **Thomas D. Rein** (*admitted pro hac vice*)
Lead Attorney
trein@sidley.com
**Russell E. Cass** (*admitted pro hac vice*)
rcass@sidley.com
**Stephanie P. Koh** (*admitted pro hac vice*)
skoh@sidley.com
**Bryan C. Mulder**  (*admitted pro hac vice*)
bmulder@sidley.com
**Nathaniel C. Love** (*admitted pro hac vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone:   312.853.7000
Facsimile:   312.853.7036

**Michael D. Hatcher**
Texas State Bar No. 24027067
mhatcher@sidley.com
**David T. DeZern**
Texas State Bar No. 24059677
ddezern@sidley.com
SIDLEY AUSTIN LLP
2001 Ross Avenue, Suite 3600
Dallas, TX 75201
Telephone:   214.981.3300
Facsimile:   214.981.3400

***ATTORNEYS FOR PLAINTIFF SYNQOR, INC.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on counsel of record via the Court's CM/ECF system on January 30, 2015.

                                                          */s/ Bryan C. Mulder*
                                                          Bryan C. Mulder