**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.<br><br>                     Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS, INC.,<br><br>                     Defendant. | Civ. No. 2:14-cv-286-RWS-CMC<br><br>JURY TRIAL DEMANDED |

**CISCO SYSTEM, INC.'S OBJECTIONS TO ORDER DENYING STAY (DKT. 276)**

I.  PROCEDURAL BACKGROUND

On July 13, 2015, Cisco moved to stay trial in this case because the Federal Circuit and the Patent Trial and Appeal Board together have recently found five of the seventeen claims asserted against Cisco invalid, and if the reexaminations that remain pending are successful, the issues for trial would be substantially simplified.  *See* Dkt. 265 ("Motion") at 1-2.  For example, successful reexaminations would eliminate nearly every asserted claim, remove the issue of infringement from the case entirely, resolve all issues regarding certain categories of accused products, and narrowly focus whatever invalidity and damages issues remain.  *Id*. at 7-11.

SynQor opposed Cisco's Motion on July 30, 2015, arguing in part that "[a]s to the patents undergoing reexamination, those reexaminations were not filed by Cisco and thus Cisco will not be bound by their results. As a consequence, the same issues currently being contested in the reexaminations likely will have to be re-litigated in this case." Dkt. 270 at 1.  Cisco filed its reply on August 10, 2015, in which it stated "in order to remove any concern, Cisco agrees that if this case is stayed then for any asserted claim that survives a pending reexamination, Cisco will not assert any invalidity theory addressed in that proceeding." Dkt. 275 ("Reply") at 1.  The Magistrate Judge denied Cisco's Motion later that day.  Dkt. 276 ("Order").

II.  ARGUMENT

Under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72(b), the District Court may set aside any portion of the Magistrate's Order that is "clearly erroneous or contrary to law."  The Court should do so here for at least two reasons.

*First*, the Order states that "Cisco is not a party to the Vicor reexaminations and will not be bound by their results." Order at 3.  Accordingly, the Order concludes that "a stay would [not] enhance efficiency where only certain claims are in review proceedings."  *Id*.  However, in Cisco's Reply it removed that concern by agreeing not to assert any invalidity theory addressed to a surviving

1

claim if the stay was granted. Reply at 1. Because the Order appears to rely on SynQor's assertion that Cisco would not be bound, Cisco respectfully objects given that the Order conflicts with Cisco's agreement to bound. As stated in the Reply, this agreement ensures that whatever the reexaminations' outcome, the issues to be resolved at trial will be significantly narrowed.

*Second*, the Order "finds that SynQor will be prejudiced by a stay of an indefinite duration at the last stage of the litigation. This case is basically ready for trial in November." Order at 2. In its Reply, Cisco cited recent guidance from the Federal Circuit which held that it was an abuse of discretion not to stay litigation "[d]espite the substantial time and effort already spent" because trial—"the most burdensome task"—was yet to come, and significant simplification of the issues could still be achieved. Reply at 5 (citing *Smartflash LLC v. Apple Inc.*, 2015 WL 4603820, at *9-10 (Fed. Cir. July 30, 2015)). Here, as in *Smartflash*, much time and effort has indeed been spent getting the case ready for trial, however the most burdensome task (trial) remains. Cisco respectfully objects to the Order to the extent its reasoning is based on prejudice to the parties due to past efforts expended rather than future efforts that may be spared.

For the reasons stated above, and in Cisco's Motion and Reply, Cisco respectfully objects to the Order and requests that the Court grant its Motion to Stay Trial.

| Dated: August 21, 2015 | By: /s/ Louis W. Tompros, with permission by Michael E. Jones |
|---|---|
| Douglas M. Kubehl<br>  douglas.kubehl@bakerbotts.com<br>Kurt M. Pankratz<br>  kurt.pankratz@bakerbotts.com<br>Christa Brown-Sanford<br>  christa.brown-sanford@bakerbotts.com<br>Roshan S. Mansinghani<br>  roshan.mansinghani@bakerbotts.com<br>R. Scott McClelland<br>  scott.mcclelland@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 600<br>Dallas, Texas 75201-2980<br>Telephone: (214) 953-6584<br>Facsimile: (214) 953-4584<br><br>Michael E. Jones (SBN: 10929400)<br>  mikejones@potterminton.com<br>Allen Franklin Gardner (SBN: 24043679)<br>  allengardner@potterminton.com<br>**POTTER MINTON**<br>A Professional Corporation<br>110 N. College, Suite 500<br>Tyler, Texas 75702<br>Telephone: (903) 597-8311<br>Facsimile: (903) 593-0846<br><br>Andrea Pacelli (admitted *pro hac vice*)<br>  andrea.pacelli@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br><br><br>**ATTORNEYS FOR**<br>**DEFENDANT CISCO SYSTEMS, INC.** | William F. Lee (admitted *pro hac vice*)<br>  william.lee@wilmerhale.com<br>Louis W. Tompros (admitted *pro hac vice*)<br>  louis.tompros@wilmerhale.com<br>Richard A. Goldenberg (admitted *pro hac vice*)<br>  richard.goldenberg@wilmerhale.com<br>Andrew J. Danford (admitted *pro hac vice*)<br>  andrew.danford@wilmerhale.com<br>Kelli J. Powell (admitted *pro hac vice*)<br>  kelli.powell@wilmerhale.com<br>Dana O. Burwell (admitted *pro hac vice*)<br>  dana.burwell@wilmerhale.com<br>Allison Trzop (*admitted pro hac vice*)<br>  allison.trzop@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>Rachel Weiner Cohen (admitted *pro hac vice*)<br>  rachel.cohen@wilmerhale.com<br>**WILMER CUTLER PICKERING**<br>  **HALE AND DORR LLP**<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363 |

## **CERTIFICATE OF SERVICE**

       I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 21, 2015.

                                         */s/Michael E. Jones*
                                         Michael E. Jones