**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SYNQOR, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　Defendant. | Civ. No. 2:14-cv-286-RWS-CMC<br><br>**JURY TRIAL** |

**CISCO SYSTEMS, INC.'S OPPOSITION TO SYNQOR'S MOTION TO RECONSIDER
ORDER ON MOTIONS *IN LIMINE* (DKT. 344)**

Cisco opposes SynQor's motion for reconsideration (Dkt. 344) with respect to certain motions *in limine* ("MILs") and, for the reasons set forth below, respectfully requests that the Court deny SynQor's motion as to all MILs listed therein.

## I. SynQor's MILs 1, 2, 4, 5, 6, 7, 8, 9, And 10 And Cisco's MIL 1

SynQor's motion begins with a blanket request to reconsider the Magistrate Judge's ruling on ten different MILs, but fails to explain the clear error in the Magistrate Judge's Order (Dkt. 324). *See* Dkt. 344 at 1-2 (stating only that "SynQor formally objects and moves to reconsider . . . for all the reasons stated in SynQor's prior briefing"). SynQor's vague, non-specific request for reconsideration should be denied as procedurally improper. L.R. CV 72(b) ("An objection to a magistrate judge's order made on a non-dispositive matter shall be specific."). And even if the Court were to entertain SynQor's request for reconsideration of unspecified errors, SynQor's motion should be denied for the reasons set forth in Cisco's prior briefing. *See* Dkts. 303, 314, 342.

## II. SynQor's MIL 3 – The Court Should Permit Cisco To Present Evidence Of The '021 Reexamination To Rebut SynQor's Willfulness Allegations

The Magistrate Judge properly denied SynQor's MIL 4, which sought to preclude Cisco from introducing evidence regarding reexaminations of the patents-in-suit, holding that evidence of the reexaminations is relevant to willfulness. Dkt. 324 at 2. After the ruling on that motion, SynQor abandoned its claims for infringement of the '021 patent and then argued that evidence of the '021 reexamination (in which the asserted claims were rejected) should be excluded because it relates to the validity of now-"unasserted" claims.[1] The Magistrate Judge considered that argument at the November 5 pretrial conference and rejected it. Powell Decl., Ex. 1 (Nov. 5, 2015 Pretrial Hr'g Tr.) at 95:3-101:7, 116:19-119:4, 145:11-14. The ruling was correct because

---

[1] Though SynQor has offered Cisco a (as yet unexecuted) covenant-not-to-sue with respect to the '021 patent, such a covenant would not moot the relevance of this reexamination, as explained in this Opposition.

- 1 -

the '021 reexamination remains highly relevant to the objective reasonableness of Cisco's defenses on the issue of willfulness.

*First*, the fact that SynQor dropped its claim of infringement for the '021 patent only *after* the Patent Office invalidated the asserted claims is highly probative of the objective reasonableness of Cisco's defenses to all of SynQor's infringement allegations, including for the other asserted patents (all of which are in the same patent family).  Indeed, Cisco has defenses so strong that SynQor chose to abandon its claim of infringement rather than to face them at trial. Although the '021 patent itself is no longer at issue, SynQor has never distinguished among any of the asserted patents for purposes of assessing willfulness.  As a result, the fact that SynQor chose not to pursue its claim as to one previously asserted patent is evidence that Cisco has objectively reasonable defenses as to the remainder.  The '021 reexamination would not impugn the validity of claims of entirely unrelated patents or claims.  On the contrary, the '021 patent was asserted against the same product for the same reasons as the remaining asserted patents.  If anything, the fact that SynQor was forced to drop the '021 patent increases its relevance to willfulness, since Cisco has now prevailed in the face of SynQor's claim of infringement.

*Second*, even without the '021 patent in the case, the Patent Office's analysis is directly relevant to the objective reasonableness of the remaining asserted patents because the same evidence and arguments concerning secondary considerations apply to all of SynQor's patents, as SynQor itself has argued.  *See, e.g.*, Dkt. 303, Ex. 35 (DTX2231 at 16) ("***The extensive evidence of secondary considerations applies to all five of SynQor's patents on appeal … At no point*** in the district court, CAFC or in any related concurrent inter partes reexamination proceeding, ***has*** any entity or ***Respondent attempted to parse the secondary consideration evidence between or among the five related patents***." (emphases added)); Dkt. 303, Ex. 33

(DTX2222 at 10) ("*Because the architecture claimed in the '290 patent is substantially identical to that claimed in the [']190, [']702 and [']021 patents, the secondary considerations evidence applies equally here*." (emphasis added)); *see also* Dkt. 303 at 25-26. While it is certainly true that the validity of each claim must be determined independently, the PTAB's findings regarding secondary considerations and its determination that claims of the '021 patent are invalid in light of Steigerwald despite Synqor's arguments regarding those considerations, are highly probative of the veracity of those exact same secondary consideration arguments as to the other asserted claims. Powell Decl., Ex. 1 at 98:23-99:20, 118:10-12.

*Third*, the '021 patent was one of the patents found infringed in the '497 case against Cisco's suppliers. SynQor intends to rely upon the outcome of the '497 case to support its willfulness arguments. Dkt. 344 at 4-5 (SynQor intends "to discuss Cisco's knowledge of the prior case findings for the purposes of proving willfulness"). But to the extent that SynQor relies on the '497 case to show willfulness, the jury should also know that the same claims of the '021 patent that were found infringed in the '497 case were subsequently invalidated by the Patent Office in the '021 reexamination. SynQor cannot have it both ways by relying on the '497 case while keeping the jury from learning of subsequent developments that undermine their argument.

### III. SynQor's MIL 9 – Cisco Should Be Permitted To Explain The Relevant Litigation History Supporting Its Willfulness Defense

The Magistrate Judge denied, in whole, SynQor's request to preclude Cisco from introducing "evidence, argument, or testimony regarding the Court's summary judgment orders and claims that summary judgment was granted on." Dkt. 324 at 3. Now, purportedly seeking "clarification," SynQor effectively asks the Court to grant the request the Magistrate Judge already considered and rejected. *See* Dkt. 344 at 3 (paraphrasing the original request that Cisco "may not tell the jury about or introduce the Court's summary judgment . . . orders in this case"

and "Cisco should not be allowed to tell the jury that certain of SynQor's arguments have been rejected on summary judgment").  Furthermore, SynQor's request to exclude *Daubert* rulings is a new request (not previously made in any party's motion *in limine* and therefore not the proper subject of reconsideration), presumably in response to the Magistrate Judge's ruling that Mr. Reed can be cross-examined on his excluded reasonably royalty opinions.  Dkt. 340 at 3 n.2.  But as Cisco previously explained (Dkt. 352 at 1-3), the reasonable royalty opinion that Mr. Reed was permitted to offer is *identical* to his excluded opinions—making the order excluding those opinions as unreliable highly relevant.

Given SynQor's assertion of willfulness, the jury should be permitted to learn that Cisco has already prevailed on several claims that SynQor brought in this case, such as SynQor's claim of infringement by "pass-through" units and the New CPNs.  The fact that several of the claims brought by SynQor have already proven unfounded certainly calls into question the quality of the remainder.  SynQor's suggestion that "[t]he jury can, if needed, be told that 'pass though' units and the non-Vicor New CPNs do not infringe, or even have been determined not to infringe," (Dkt. 344 at 3) does not go far enough.  *See* Dkt. 305 at 26-27; Dkt. 314 at 29-31.  The litigation history that those claims were previously asserted by SynQor and rejected by the Court is what is relevant to willfulness and is not captured in SynQor's proposed stipulated facts.

SynQor incorrectly suggests that allowing evidence of the summary judgment rulings that the Court granted should open the door to the summary judgment rulings that the Court denied—for example, on willfulness.  Dkt. 344 at 3-4.  There is a difference, however, between claims that have been *decided* (for example, by granting summary judgment) and claims that were *left for the jury*.  The fact that summary judgment was denied on any issue is irrelevant, since it merely confirms the existence of disputed factual issues for the jury.

### IV. Cisco's MIL 1 – SynQor May Not Offer Evidence Or Argument Regarding Underlying Findings Or Conclusions From The Prior Litigations

The Magistrate Judge properly limited the evidence that SynQor may offer from the prior case against Cisco's suppliers to prevent the risk that the jury in this case would accept the prior jury's verdict as conclusive of the issues it must decide in this case. *See* Dkt. 324 at 3-4. The specific exhibits for which SynQor seeks "clarification" were expressly addressed during the November 5 pretrial conference, and the Magistrate Judge sustained Cisco's objections because of the particular risk of unfair prejudice to Cisco arising from these documents concerning the prior litigation to which Cisco was not even party. *See* Powell Decl., Ex. 1 at 147:3-149:10 (sustaining Cisco's objections to PTX67-90, -188-90, and -2274 because SynQor's intended use attempted, "in effect, to make an in-run around [the] motion in limine" limiting evidence of the prior litigation); *id.* at 179:8-181:16, 204:16-19, 206:7-9 (sustaining Cisco's objections to PTX978-79, -988, -989-94, and -1288-89 because of the "prejudicial impact" of materials relating to the injunction entered in the '497 case).

SynQor's motion rehashes the same arguments that the Magistrate Judge considered and rejected, and fails to address the Magistrate Judge's determination of unfair prejudice, let alone demonstrate any clear error. SynQor suggests that excluding these exhibits is inconsistent with allowing deposition testimony from Cisco discussing the prior case against Cisco's suppliers. Dkt. 344 at 5. But the excluded exhibits go well beyond the few allowed deposition questions on the prior verdict and include the actual underlying documents from the prior litigation (*e.g.*, the verdict form, post-trial orders, appellate briefing, etc.). The risk that the jury would rely on these materials—like the prior jury's completed verdict from—to find certain facts conclusively established by the outcome of the prior case is high, and the Magistrate Judge correctly determined the risk of unfair prejudice substantially outweighs their minimal probative value.

Dated: November 18, 2015

Douglas M. Kubehl
  douglas.kubehl@bakerbotts.com
Kurt M. Pankratz
  kurt.pankratz l@bakerbotts.com
Christa Brown-Sanford
  christa.brown-sanford@bakerbotts.com
Roshan S. Mansinghani
  roshan.mansinghani@bakerbotts.com
R. Scott McClelland
  scott.mcclelland@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas 75201-2980
Telephone: (214) 953-6584
Facsimile: (214) 953-4584

Michael E. Jones (SBN: 10929400)
  mikejones@potterminton.com
Allen Franklin Gardner (SBN: 24043679)
  allengardner@potterminton.com
**POTTER MINTON**
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Andrea Pacelli (admitted *pro hac vice*)
  andrea.pacelli@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

**ATTORNEYS FOR
DEFENDANT CISCO SYSTEMS, INC.**

Respectfully submitted,

*/s/ Louis W. Tompros, with permission by Michael E. Jones*

William F. Lee (admitted *pro hac vice*)
  william.lee@wilmerhale.com
Louis W. Tompros (admitted *pro hac vice*)
  louis.tompros@wilmerhale.com
Richard A. Goldenberg (admitted *pro hac vice*)
  richard.goldenberg@wilmerhale.com
Andrew J. Danford (admitted *pro hac vice*)
  andrew.danford@wilmerhale.com
Kelli J. Powell (admitted *pro hac vice*)
  kelli.powell@wilmerhale.com
Dana O. Burwell (admitted *pro hac vice*)
  dana.burwell@wilmerhale.com
Allison Trzop (admitted *pro hac vice*)
  allison.trzop@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Rachel Weiner Cohen (admitted *pro hac vice*)
  rachel.cohen@wilmerhale.com
**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on counsel of record via the Court's CM/ECF system on November 18, 2015.

                                                          */s/ Michael E. Jones*